IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GREAT LAKES INSURANCE SE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-702-JD |
| | ) | |
| (2) FREDY VALLE d/b/a VALLE TRUCKING; | ) | |
| (3) SILVER STAR CONSTRUCTION COMPANY, INC.; | ) | |
| (4) TYLON MACKEY; | ) | |
| (5) ISRAEL JUAREZ; | ) | |
| (6) ORD TRUCKING, INC.; | ) | |
| (7) ZURICH AMERICAN INS. CO. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Great Lakes Insurance SE ("Great Lakes") files this Complaint for Declaratory Judgment. In support of its Complaint and claims for relief, Great Lakes states as follows:

**I. PARTIES**

1. Plaintiff, Great Lakes Insurance SE, is a German company headquartered in Munich. It is a Societas Europea incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230378, with a registered office at Königinstraße 107, 80802 Munich, Germany. It is a wholly owned subsidiary of Munich Reinsurance Company which is publicly traded on the DAX.

1

2. Defendant, Fredy Valle d/b/a Valle Trucking "Valle Trucking" is, upon information and belief, a sole proprietorship located in and is at home in Oklahoma. It is located at and may be served at 2449 SW 90th Street, Oklahoma City, OK 73159.

3. Defendant, ORD Trucking, Inc. is an Oklahoma corporation formed under the laws of Oklahoma and is at home in Oklahoma. It is located at and may be served through its registered agent, Jesus Ordonez Vasquez, at 2536 SW 56th Street, Oklahoma City, Oklahoma 73119.

4. Defendant Silver Star Construction Company, Inc. ("Silver Star") is an Oklahoma corporation formed under the laws of the state of Oklahoma and is at home in Oklahoma. It may be served through its registered agent, Sean Reiger at 136 Thompson Drive, Norman, Oklahoma 73069 and is located at 2401 South Broadway Avenue, Moore, OK 73160.

5. Defendant Tylon Mackey is an Oklahoma resident who is at home in Oklahoma and resides in LeFlore County, Oklahoma. He may be served at 22644 Aes Road, Spiro, Oklahoma 74959.

6. Defendant Israel Juarez is an Oklahoma resident who is at home in Oklahoma and resides in Oklahoma County, Oklahoma. He may be served at 433 South East 46th Street, Oklahoma City, Oklahoma 73129.

7. Defendant Zurich American Insurance Company is New York corporation with its home office at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

## II. JURISDICTION AND VENUE

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. 2201 and 28 U.S.C. 1332, as there is a diversity of citizenship among the parties. The case involves a declaration of rights under an insurance policy, where a tender for defense has been made arising out of a personal injury event. Defense has been requested by two defendants, Valle Trucking and Silver Star, named in the underlying Lawsuit (defined below). As such, the costs to defend such a suit, and any costs to indemnify are reasonably anticipated to exceed $75,000.00, exclusive of interest and costs, and where the limits of such insurance in excess of $75,000.00. Consequently, the amount in controversy requirements for federal jurisdiction have been met.

9. Venue is appropriate in the Western District of Oklahoma under 28 U.S.C. 1391(b) as venue would be proper in Payne County, Oklahoma. The personal injury event underlying the lawsuit for which defense is sought lies in Payne County. The lawsuit for which defense is sought, Cause No. CJ-2020-2033, *Tylon Mackey v. Israel Juarez, et al.*, In the District Court of Payne County, (the "Lawsuit") is being litigated in Payne County.[1]

## III. FACTS

10. In the Lawsuit, Tylon Mackey ("Mackey"), claims Israel Juarez ("Juarez"), while employed by ORD Trucking, Inc. ("ORD") Fredy Valle ("Valle"), d/b/a Valle Trucking ("Valle Trucking"), and Silver Star Construction, Inc. ("Silver Star") was operating a vehicle owned by ORD Trucking, was traveling northbound and failed to yield

---

[1] A copy of the Lawsuit is attached hereto as Exhibit "1".

the right of way at a stop sign located at the intersection of State Highway 51 and Murphy Street near Stillwater, Oklahoma collided with Mackey causing severe injury. Mackey asserts claims against all defendants but Zurich under theories of negligence, negligence per se, and negligent hiring and negligent supervision.

11. Zurich issued a policy to Silver Star and has tendered defense to Great Lakes on behalf of Silver Star and therefore may claim some interest in the outcome of this lawsuit.

*The Insurance Policy*

12. Great Lakes issued a Commercial General Insurance Policy ("CGL") No. GLG022472 (the "Policy") on February 20, 2019, to the named insured, Valle Trucking, covering a Policy period from February 11, 2019, to February 11, 2020, to Valle Trucking. An endorsement in the Policy also names Silver Star as an additional insured.

13. The Policy provides the following language:

**SECTION I.—COVERAGES**

## SECTION I - COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement.**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
      
      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
      (2) The "bodily injury" or "property damage" occurs during the policy period.

14. The Policy contain several endorsements/exclusions pertinent to the claims asserted by Mackey, and which will limit or exclude Great Lakes' obligations to respond on behalf of Valle Trucking and Silver Star. Each exclusion will be discussed *infra*.

5

*Valle Trucking Tenders the Lawsuit to Great Lakes, and Great Lakes*
*Agrees to Defend Under a Reservation of Rights*

15. Valle Trucking tendered the Lawsuit to Great Lakes. Great Lakes agreed to defend Valle Trucking, subject to a reservation of rights.[2] As part of that reservation, Great Lakes reserved all of its rights at law.

*Silver Star Tenders the Lawsuit to Great Lakes, and Great Lakes*
*Agrees to Defend Under a Reservation of Rights*

16. Silver Star also tendered the Lawsuit to Great Lakes. Great Lakes agreed to defend Silver Star, subject to a reservation of rights.[3] As part of that reservation, Great Lake reserved all of its rights at law.

### IV. CAUSE OF ACTION

17. Great Lakes seeks a declaration pursuant to the Federal Declaratory Judgment Act that it has no obligation to defend either Valle Trucking or Silver Star in connection with the Lawsuit, and that it has no obligation to indemnify Valle Trucking or Silver Star, in the event that Mackey succeeds in obtaining a judgment against them. Further, Great Lakes will never have an obligation to pay any monies to Mackey, assuming he obtains a judgment against Valle Trucking or Silver Star.

*First Declaration—No Coverage Due to Valle Trucking*

---

[2] A copy of Great Lakes' Reservation of Rights to Valle Trucking is attached hereto as Exhibit "2".
[3] A copy of Great Lakes' Reservation of Rights to Silver Star is attached hereto as Exhibit "3".

18.     The Commercial Insurance Application submitted to Great Lakes by Valle Trucking specifies that the Policy is to only provide coverage for one truck, a 1999 Mack truck with the last four vin numbers 0371.



19.     The Policy defines "auto" as a "land motor vehicle, trailer or semitrailer designed for travel on public road, including any attached machinery or equipment."

20.     The Policy provides for an "Aircraft, Auto or Watercraft" exclusion. Said exclusion states:

**Aircraft, Auto Or Watercraft (GL235-GL)**

g. **Aircraft, Auto or Watercraft**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
This exclusion does not apply to:
(1) A watercraft while ashore on premises you own or rent;
(2) A watercraft you do not own that is:
   (a) Less than 26 feet long; and
   (b) Not being used to carry persons or property for a charge;
(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;
(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or
(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment."

21. The Lawsuit alleges that Juarez was driving a vehicle owned by ORD, while in the course and scope of his employment with Valle Trucking, ORD Trucking, and Silver Star. The Policy excludes "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto or watercraft owned or operated by or rented or loaned to any insured." As such, the language of the Policy negates any coverage obligation on behalf of Great Lakes and Great Lakes is entitled to a declaration that no coverage exists which would obligate it to defend Valle Trucking in the Lawsuit or to indemnify Valle Trucking against any damages recovered by Mackey.

8

22.     Further, the police report[4] indicates that the vehicle driven in the accident was not the 1999 Mack truck insured under the Policy but instead was a Peterbilt truck, therefore coverage is further precluded under the Policy and Great Lakes is entitled to a declaration that no coverage exists which would obligate Great Lakes to defend Valle Trucking in the Lawsuit or to indemnify Valle Trucking against any damages recovered by Mackey.

*Second Declaration—Insured Contract Exclusion*

23.     Valle Trucking and Silver Star executed a Hauling Agreement where Valle Trucking agreed to make trucks and drivers available for certain Silver Star jobs.

24.     On the day of the subject accident, Silver Star requested Valle Trucking have five (5) trucks available. Valle Trucking used one of his own trucks and arranged for four other trucks from four other companies to be there. Silver Star directed the five trucks on where to go and what to pick up. Valle Trucking did not control or direct the trucks and all the work was performed at the request and direction of Silver Star and ORD Trucking.

25.     The Hauling Agreement contains an indemnity and hold harmless clause. The clause provides in pertinent part:

---

[4] A copy of the police report is attached hereto as Exhibit "4".

> 2.  INDEMNITY: To the fullest extent permitted by law, HAULER agrees to hold harmless and unconditionally indemnity SILVER STAR against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which SILVER STAR may at any time suffer or incur, or become liable for, by reason of any accidents, damages or injuries sustained either to persons or property, including but not limited to employees or agents of Silver Star and/or Hauler, and/or any third parties, arising out of the services performed by HAULER pursuant to this Agreement, regardless of whether such injury or damage was caused in whole or in part, to any degree, by HAULER. It is the express intent of the parties to this Agreement that the indemnity obligations described herein are for the benefit of SILVER STAR unless the injury or damage sustained arose directly from SILVER STAR's negligence. It is also the express intent of the parties to this Agreement that the indemnity obligations hereunder apply to injury and/or damages sustained to any person or property, and that no remedy provided to the HAULER'S employees under any applicable workers' compensation act shall operate to circumvent the obligations as referenced in this Agreement.

26. The Policy covers certain insured contracts under certain conditions. The Policy defines an insured contract as:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph 9. of **Definitions** Section is replaced by the following:

9. "Insured contract" means:
   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
   b. A sidetrack agreement;
   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
   e. An elevator maintenance agreement;
   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   Paragraph f. does not include that part of any contract or agreement:
   (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;
   (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
       a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
       b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or
   (3) Under which the insured, if an architect, engineer or surveyor, assumes the liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

CG2426 (07/04)

---

27. Under subjection (f) of the Policy, Great Lakes provides coverage relating to insured contracts where the contract is "pertaining to [the insured's] business" provided

the "bodily injury' or 'property damage' is caused, in whole or in part, by [the insured] or by those acting on your behalf."

28. Juarez was not driving for Valle Trucking, nor was he acting on behalf of Valle Trucking at the time the accident occurred. Therefore, the alleged "bodily injury" was not caused by Valle Trucking or anyone acting on its behalf. Hence, the "insured contract" provision does not apply, and Great Lakes is entitled to a declaration that no coverage exists which would obligate Great Lakes to defend Silver Star, or Valle Trucking in the Lawsuit or to indemnify either against any damages recovered by Mackey from either of them.

*Third Declaration- Subcontractors/Independent Contractors Exclusion*

29. The Lawsuit alleges Juarez was employed by Valle Trucking and Silver Star at the time the accident occurred. However, Juarez was not an employee of Valle Trucking and Juarez was not an employee of Silver Star.

30. The Policy excludes liability for the acts and omissions of subcontractors and independent contractors of the insured. The exclusion for subcontractors and independent contractors provides in relevant part:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
> **EXCLUSION – INDEPENDENT CONTRACTORS**
>
> This endorsement modifies insurance under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or medical payments arising out of:
>
> a) the acts or omissions of independent contractors while working on behalf of any insured, or
>
> b) the negligent:
>
>   (i)   hiring or contracting;
>   (ii)  investigation;
>   (iii) supervision;
>   (iv)  training;
>   (v)   retention;
>
> of any independent contractor for whom any insured is or ever was legally responsible and whose acts or omissions would be excluded by (a) above.
>
> As used throughout this endorsement, the term "Independent Contractors" includes Subcontractors.
>
> ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.
>
> GL115-GL (04/13)

31.  As stated above, Juarez was an employee of ORD Trucking and was paid by ORD Trucking, not Valle Trucking or Silver Star. Juarez was not an independent contractor or a subcontractor of Valle Trucking or Silver Star. But, even if he was, the Policy does not provide coverage because Juarez was not an independent contractor, or subcontractor of Valle Trucking or Silver Star. And, alternatively, if he was a subcontractor of Valle Trucking or Silver Star, the Exclusion-Independent Contractors precludes coverage and

therefore, Great Lakes does not owe a defense or indemnity to Valle Trucking or Silver Star for damages adjudged against either of them.

32. Therefore, Great Lakes is entitled to a declaration that no coverage exists as to Valle Trucking or Silver Star because neither Juarez was not an employee of Valle Trucking or Silver Star.

## V. PRAYER FOR RELIEF

33. Based on the foregoing, Great Lakes seeks that the Court make the following declarations pursuant to 28 U.S.C. 2201:

   a. That Great Lakes does not owe Valle Trucking or Silver Star a defense or indemnity under the Policy for or arising from the claims asserted by Mackey against Valle Trucking or Silver Star as the "Aircraft, Auto Or Watercraft" exclusion negates any potential for coverage for the claims asserted in the Lawsuit;

   b. That Great Lakes does not owe Valle Trucking or Silver Star a defense or indemnity under the Policy for or arising from the claims asserted by Mackey against Valle Trucking or Silver Star as the "insured contract" exclusion negates any potential for coverage for the claims asserted in the Lawsuit;

   c. That Great Lakes does not owe Valle Trucking or Silver Star a defense or indemnity under the Policy for or arising from the claims asserted by Mackey against Valle Trucking or Silver Star as the "independent contractor exclusion" negates any potential for coverage for the claims asserted in the Lawsuit.

WHEREFORE, Plaintiff, Great Lakes Insurance, SE requests this Court GRANT the requested declaratory relief, recovery of its attorney fees and costs incurred as may be allowed by law, as well as such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: August 16, 2022.

                                                   DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: /s/ Michael Linscott
Michael Linscott, OBA No. 17266
Brian M. Keester, OBA No. 33208
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone 918.591.5288
Facsimile 918.925.5288
Email: mlinscott@dsda.com
        bkeester@dsda.com

-and-

Emily E. Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405-898-8653
Fax: 405-898-8683
Email: eallan@dsda.com

***Attorneys for Plaintiff Great Lakes Insurance SE***

6099429.1

15