## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GREAT LAKES INSURANCE SE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-702-JD |
| | ) | |
| (2) FREDY VALLE d/b/a VALLE TRUCKING; | ) | |
| (3) SILVER STAR CONSTRUCTION | ) | |
| COMPANY, INC.; | ) | |
| (4) TYLON MACKEY; | ) | |
| (5) ISRAEL JUAREZ; | ) | |
| (6) ORD TRUCKING, INC.; | ) | |
| (7) ZURICH AMERICAN INS. CO. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SILVER STAR CONSTRUCTION COMPANY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Defendant Silver Star Construction Company, Inc. (hereinafter "Silver Star Construction"), hereby amends its Answer to Plaintiff's Complaint for Declaratory Judgment. Defendant Silver Star Construction hereby denies each and every allegation contained with Plaintiff's Complaint unless specifically admitted herein and, for further response, states as follows:

### I.      PARTIES

1.      Paragraph 1 of Plaintiff's Complaint for Declaratory Judgment does not contain any allegation regarding Defendant Silver Star Construction and, therefore, no response is required of this Defendant. To the extent a response is required, Defendant Silver Star Construction states that it is without sufficient knowledge or information to

1

either admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

2.     Paragraph 2 of Plaintiff's Complaint for Declaratory Judgment does not contain any allegation regarding Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent a response is required, Defendant Silver Star Construction admits based upon information and belief that Defendant Fredy Valle d/b/a Valle Trucking ("Valle Trucking") is a company located in Oklahoma City, Oklahoma.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

3.     Paragraph 3 of Plaintiff's Complaint for Declaratory Judgment does not contain any allegation regarding Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent a response is required, Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

4.     Defendant Silver Star Construction admits the allegations contained within Paragraph 4 of Plaintiff's Complaint for Declaratory Judgment.

5.     Paragraph 5 of Plaintiff's Complaint for Declaratory Judgment does not contain any allegation regarding Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent a response is required, Defendant

Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

6.      Paragraph 6 of Plaintiff's Complaint for Declaratory Judgment does not contain any allegation regarding Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent a response is required, Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

7.      Paragraph 7 of Plaintiff's Complaint for Declaratory Judgment does not contain any allegation regarding Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent a response is required, Defendant Silver Star Construction states that based upon information and belief Defendant Zurich American Insurance Company does have a business address located in Schaumburg, Illinois.  However, Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 7 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

## II.      JURISDICTION AND VENUE

8.      With regard to the allegations contained within Paragraph 8 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that it has demanded Plaintiff Great Lakes Insurance SE ("Great Lakes") and Defendant Valle

Trucking defend and indemnify Defendant Silver Star Construction for the claims brought by Tylon Mackey in a lawsuit, *Tylon Mackey v. Israel Juarez, et al*., In the District Court of Payne County, State of Oklahoma, Case No. CJ-2020-233, on a primary, non-contributory basis.  Defendant Silver Star Construction further states that it has brought a crossclaim against Defendant Valle Trucking in the underlying lawsuit, *Tylon Mackey v. Israel Juarez, et al*., in the District Court of Payne County, State of Oklahoma, Case No. CJ-2020-233, for contractual indemnity, common law indemnity, and breach of contract based, in part, upon a Hauling Service Agreement dated February 7, 2019.  Defendant Silver Star Construction further admits that the damages alleged in the Tylon Mackey lawsuit, *Tylon Mackey v. Israel Juarez, et al*., In the District Court of Payne County, State of Oklahoma, Case No. CJ-2020-233, exceed $75,000.00.  However, Defendant Silver Star Construction denies that it is liable for any of the damages alleged by Mackey in the *Mackey* lawsuit.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 8 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

9.      With regard to the allegations contained within Paragraph 9 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that the underlying lawsuit for which defense is sought, *Tylon Mackey v. Israel Juarez, et al*., in the District Court of Payne County, State of Oklahoma, Case No. CJ-2020-233, is currently pending in Payne County, State of Oklahoma.  However, Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the

remaining allegations contained within Paragraph 9 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

## III.   FACTS

10.     With regard to the allegations contained within Paragraph 10 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction states that allegation of the underlying lawsuit, *Tylon Mackey v. Israel Juarez, et al*., in the District Court of Payne County, State of Oklahoma, Case No. CJ-2020-233, speaks for itself. However, Defendant Silver Star Construction expressly denies that Defendant Israel Juarez was an employee of Defendant Silver Star Construction at the time of the subject motor vehicle accident involving Mr. Mackey and further denies that it is in any way responsible or liable for the injuries and/or damages alleged by or on behalf of Mr. Mackey.  Defendant Silver Star Construction further states that Defendant Juarez was the employee of Defendant Valle Trucking and/or Defendant ORD Trucking at the time of the subject accident.  Defendant Silver Star Construction further states that Defendant Valle Trucking was providing services as an independent contractor at the time of the subject accident involving Mr. Mackey.  Defendant Silver Star further states that on the date of the subject accident Defendant Juarez and Defendant ORD Trucking were providing hauling services for Defendant Silver Star Construction on behalf of Defendant Valle Trucking.  Defendant Silver Star Construction further states that it is without sufficient knowledge or information to either admit or deny any further allegations set forth and/or implied within Paragraph 10 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

11.     Paragraph 11 of Plaintiff's Complaint for Declaratory Judgment does not contain any allegation regarding Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent a response is required, Defendant Silver Star Construction admits that Defendant Zurich issued insurance policies to it and that Defendant Zurich demanded that Plaintiff Great Lakes Insurance SE defend and indemnity Defendant Silver Star Construction in the underlying lawsuit, *Tylon Mackey v. Israel Juarez, et al*., in the District Court of Payne County, State of Oklahoma, Case No. CJ-2020-233.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 11 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

*The Insurance Policy*

12.     With regard to the allegations contained within Paragraph 12 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that Defendant Valle Trucking provide it with a Certificate of Insurance providing that Plaintiff Great Lakes had issued a Commercial General Insurance Policy No. GLG022472 to Defendant Valle Trucking covering policy period from February 11, 2019, to February 11, 2020.  *See Exhibit 1, Certificate of Insurance*.  The Certificate of Insurance identifies Defendant Silver Star Construction as an additional insured.  *Id*.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 12 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

13.     Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

14.     Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

*Valle Trucking Tenders the Lawsuit to Great Lakes, and Great Lakes*
*Agrees to Defend Under a Reservation of Rights*

15.     Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

*Silver Star Tenders the Lawsuit to Great Lakes, and Great Lakes*
*Agrees to Defend Under a Reservation of Rights*

16.     With regard to Paragraph 16 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that Plaintiff Great Lakes provided it with a Reservation of Rights letter dated August 8, 2022, agreeing to provide a defense with a full reservation of rights as to coverage and indemnity.   Although the Reservation of Rights letter provided the name and address of a law firm, it did not provide an attorney's name or contact number.   Sending a Reservation of Rights letter providing a law firms name is not the same as actually providing or paying for the defense of Defendant Silver

Star Construction.  Shortly after sending the Reservation of Rights letter to Defendant Silver Star Construction, Plaintiff Great Lakes filed this dec action.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 16 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

## IV.    CAUSE OF ACTION

17.    With regard to the allegations contained within Paragraph 17 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction denies that Plaintiff Great Lakes is entitled to a declaratory judgment in its favor on the relief requested.  Defendant Silver Star further states that Defendant Valle Trucking entered into a Hauling Service Agreement with Defendant Silver Star Construction to provide material hauling, delivery, and/or transportation services as an independent contractor.  *See Exhibit 2, Hauling Service Agreement*.  In the Hauling Service Agreement, Defendant Valle Trucking agreed to hold harmless and unconditionally indemnify Defendant Silver Star Construction against any claims, actions, liability, or suits filed against Defendant Silver Star Construction arising from Defendant Valle Trucking's operations. *See Exhibit 2, Hauling Agreement, Section 2 and Section 6*.  Defendant Valle Trucking further agreed to purchase and maintain a commercial general liability insurance policy and a commercial motor vehicle insurance policy expressly insuring Defendant Valle Trucking's indemnity obligations owed to Defendant Silver Star Construction in an amount not less than One Million Dollars ($1,000,000.00).  *See Exhibit 2, Hauling Agreement, Section 3(A-B)*. Defendant Valle Trucking further agreed to name Defendant Silver Star Construction as

an additional insured under its commercial general liability insurance policy and commercial motor vehicle insurance policies, on a primary and non-contributory basis, without restriction as to fault or liability, and to furnish Defendant Silver Star Construction with Certificates of Insurance identifying each carrier and policy as evidence of Defendant Valle Trucking's compliance with said obligations as set forth in the subject Hauling Service Agreement.  *See Exhibit 2, Hauling Agreement, Section 3(C)*.  Defendant Silver Star Construction further admits that Defendant Valle Trucking provide it with a Certificate of Insurance providing that Plaintiff Great Lakes had issued a Commercial General Insurance Policy No. GLG022472 to Defendant Valle Trucking covering policy period from February 11, 2019, to February 11, 2020.  *See Exhibit 1, Certificate of Insurance*. The Certificate of Insurance identifies Defendant Silver Star Construction as an additional insured.  *Id*.  Defendant Silver Star Construction is an additional named insured under the subject insurance policy issued by Plaintiff Great Lakes and as such is entitled to declaratory judgment in its favor finding that it is entitled to a defense and indemnity under the subject insurance policy as a matter of law, including but not limited to the payment of money damages to Mackey (if any are awarded by the court or jury in the underlying lawsuit) and the reimbursement of any attorney's fees and costs incurred by Defendant Silver Star Construction in the underlying lawsuit and in this action.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 17 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

*First Declaration – No Coverage Due to Valle Trucking*

18.    Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

19.    Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 19 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

20.    Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 20 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

21.    With regard to the allegations contained within Paragraph 21 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction states that allegation of the underlying lawsuit, *Tylon Mackey v. Israel Juarez, et al*., in the District Court of Payne County, State of Oklahoma, Case No. CJ-2020-233, speaks for itself. However, Defendant Silver Star Construction expressly denies that Defendant Israel Juarez was an employee of Defendant Silver Star Construction at the time of the subject motor vehicle accident involving Mr. Mackey and further denies that it is in any way responsible or liable for the injuries and/or damages alleged by or on behalf of Mr. Mackey.  Defendant Silver Star Construction further states that Defendant Juarez was the employee of

Defendant Valle Trucking and/or Defendant ORD Trucking at the time of the subject accident. Defendant Silver Star Construction further states that Defendant Valle Trucking, was providing hauling services as independent contractors at the time of the subject accident involving Mr. Mackey pursuant to and in accordance with the Hauling Services Agreement. *See Exhibit 2, Hauling Agreement*. On the date of the subject accident, Defendant Juarez and Defendant ORD Trucking were providing hauling services for Defendant Silver Star Construction on behalf of Defendant Valle Trucking pursuant to and in accordance with the Hauling Services Agreement. *See Exhibit 2, Hauling Agreement, Sections 1 and 2*.

Defendant Silver Star Construction further states that it is without sufficient knowledge or information to either admit or deny any allegations set forth and/or implied within Paragraph 21 of Plaintiff's Complaint for Declaratory Judgment concerning the language of the subject insurance policy and, therefore, this Defendant denies any allegations concerning the language of the subject insurance policy and demands strict proof thereof.

Furthermore, Defendant Silver Star Construction denies the allegations contained in Paragraph 21 of Plaintiff's Complaint for Declaratory Judgment that Plaintiff Great Lakes is entitled to a declaratory judgment in its favor on the relief requested. Defendant Silver Star states that it is an additional named insured under the subject insurance policy issued by Plaintiff Great Lakes and as such is entitled to a declaratory judgment in its favor finding that it is entitled to a defense and indemnity under the subject insurance policy as a matter of law, including but not limited to the payment of money damages to Mackey (if

any are awarded by the court or jury in the underlying lawsuit) and the reimbursement of any attorney's fees and costs incurred by Defendant Silver Star Construction in the underlying lawsuit and in this action.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 21 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

22.     With regard to the allegations contained within Paragraph 22 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that Official Oklahoma Traffic Collision Report for the motor vehicle accident that is the subject of the underlying lawsuit identifies the involved truck as a 2001 Peterbilt.  However, Defendant Silver Star Construction it is without sufficient knowledge or information to either admit or deny any allegations set forth and/or implied within Paragraph 22 of Plaintiff's Complaint for Declaratory Judgment concerning the language of the subject insurance policy and, therefore, this Defendant denies any allegations concerning the language of the subject insurance policy and demands strict proof thereof.  Furthermore, Defendant Silver Star Construction denies the allegations contained in Paragraph 22 of Plaintiff's Complaint for Declaratory Judgment that Plaintiff Great Lakes is entitled to a declaratory judgment in its favor on the relief requested.  Defendant Silver Star states that it is an additional named insured under the subject insurance policy issued by Plaintiff Great Lakes and as such is to a declaratory judgment in its favor finding that it is entitled to a defense and indemnity under the subject insurance policy as a matter of law, including but not limited to the payment of money damages to Mackey (if any are awarded

by the court or jury in the underlying lawsuit) and the reimbursement of any attorney's fees and costs incurred by Defendant Silver Star Construction in the underlying lawsuit and in this action. Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 22 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

*Second Declaration – Insured Contract Exclusion*

23.    With regard to the allegations contained within Paragraph 23 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that on or about February 7, 2019, it entered into a Hauling Service Agreement with Defendant Valle Trucking for the purpose of Defendant Valle Trucking providing material hauling, delivery, and/or transportation services as an independent contractor for Defendant Silver Star Construction. *See Exhibit 2, Hauling Agreement*. Defendant Silver Star Construction further states that the Hauling Service Agreement speaks for itself. However, for the sake of clarity concerning the agreements set forth in the Hauling Service Agreement, Defendant Silver Star Construction states that Defendant Valle Trucking agreed that said Hauling Service Agreement was in full force at any time it was hauling for, or under the dispatch of Defendant Silver Star Construction. *See Exhibit 2, Hauling Agreement*, *Section 2*. Furthermore, Defendant Valle Trucking agreed that it would utilize its own equipment and/or vehicles, wholly owned and/or leased by Defendant Valle Trucking, as was necessary to transport, deliver, haul, load, and/or unload materials as requested by Defendant Silver Star Construction. *See Exhibit 2, Hauling Agreement, Section 1*.

Defendant Valle Trucking also agreed to maintain the exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the Hauling Service Agreement.  *See Exhibit 2, Hauling Agreement, Section 1*(A).  Defendant Valle Trucking also agreed that it would at its own expense repair and maintain the equipment necessary to safely haul materials for Defendant Silver Star Construction.  *See Exhibit 2, Hauling Agreement, Section 1(A)&(C).*  Defendant Valle Trucking further agreed that it would pick up materials from the locations designated by Defendant Silver Star Construction and deliver said materials to the destination designated by Defendant Silver Star Construction. *See Exhibit 2, Hauling Agreement, Section 1.*  Defendant Valle Trucking further agreed that upon accepting dispatch from Defendant Silver Star Construction, it would promptly report to the designated point for loading of materials to be hauled.  Thereafter, Defendant Valle Trucking agreed to be responsible for properly securing any and all materials pertaining to that dispatch, from the time of loading to the completion of unloading, delivery and the acceptance of the materials at the destination.  *See Exhibit 2, Hauling Agreement, Section 6.*  Defendant Valle Trucking further agreed to make all decisions with regard to the method in which materials were transported by it and that Defendant Silver Star Construction has no control over the method of how Defendant Valle Trucking conducts its business. *See Exhibit 2, Hauling Agreement, Section 1.* Defendant Valle Trucking further agreed to bear the full responsibility of observing each and all legal and regulatory requirements in the performance of transporting, delivering, and hauling under the Hauling Service Agreement.  *Id.*  Additionally, Defendant Valle Trucking agreed in the Hauling Service Agreement to hold harmless and unconditionally indemnify Defendant

Silver Star Construction against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which Defendant Silver Star Construction may at any time suffer or incur, or become liable for, by reason of any accidents, damages or injuries sustained either to persons or property, including but not limited to employees or agents of Defendant Silver Star Construction and/or Defendant Valle Trucking, and/or any third parties, such as Defendant ORD Trucking and/or Defendant Juarez, arising out of the services performed by Defendant Valle Trucking pursuant to the Hauling Service Agreement, regardless of whether such injury or damage was caused in whole or in part, to any degree, by Defendant Valle Trucking. *See Exhibit 2, Hauling Agreement, Section 2 and Section 6.* Furthermore, Defendant Valle Trucking agreed to purchase and maintain a commercial general liability insurance policy and a commercial motor vehicle insurance policy expressly insuring Defendant Valle Trucking's indemnity obligations owed to Defendant Silver Star Construction in an amount not less than One Million Dollars ($1,000,000.00) as set forth in the Hauling Service Agreement. *See Exhibit 2, Hauling Agreement, Section 3(A-B).* Defendant Valle Trucking also agreed to name Defendant Silver Star Construction as an additional insured under its commercial general liability insurance policy and commercial motor vehicle insurance policies, on a primary and non-contributory basis, without restriction as to fault or liability, and to furnish Defendant Silver Star Construction with Certificates of Insurance identifying each carrier and policy as evidence of Defendant Valle Trucking's compliance with said obligations as set forth in the Hauling Service Agreement. *See Exhibit 2, Hauling Agreement, Section 3(C).* Defendant Silver Star Construction is without sufficient knowledge or information

to either admit or deny any further allegation set forth and/or implied within Paragraph 23 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

24.     With regard to the allegations contained within Paragraph 24 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction states that it does not recall requiring Defendant Valle Trucking provide a particular number of trucks on the date of the subject accident, September 4, 2019, and therefore denies that it requested Defendant Valle Trucking provide five trucks on said date and demands strict proof thereof.  However, Defendant Silver Star Construction will admit that Defendant Valle Trucking's invoice for services provided on the date of the subject accident, September 4, 2019, indicates that four trucks were used by Defendant Valle Trucking on said date.

With regard to the allegation contained within Paragraph 24 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction is without sufficient knowledge or information to admit or deny the truth of the allegations concerning whether the trucks provided by Defendant Valle Trucking on the date of the subject accident, September 4, 2019, were owned by Defendant Valle Trucking or some other company and therefore, denies the same and demands strict proof thereof.  However, Defendant Silver Star Construction will state for the purpose of clarity that Defendant Valle Trucking agreed in the Hauling Service Agreement that it would utilize its own equipment and/or vehicles, wholly owned and/or leased by Defendant Valle Trucking, as was necessary to transport, deliver, haul, load, and/or unload materials as requested by Defendant Silver Star Construction.  *See Exhibit 2, Hauling Agreement, Section 1*.  Defendant Valle Trucking

also agreed to maintain the exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the Hauling Service Agreement.  *See Exhibit 2, Hauling Agreement, Section 1*(A).

With regard to the allegations contained with Paragraph 24 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that on the date of the subject accident, September 4, 2019, it told Defendant Valle Trucking the location to pick up materials and the destination where the materials were to be delivered.  However, Defendant Silver Star Construction states for the purpose of clarity that this is consistent with Defendant Valle Trucking agreements in the Hauling Service Agreement with Defendant Silver Star Construction.  In the Hauling Service Agreement, Defendant Valle Trucking agreed that it would pick up materials from the locations designated by Defendant Silver Star Construction and deliver said materials to the destination designated by Defendant Silver Star Construction.  Defendant Valle Trucking further agreed that upon accepting dispatch from Defendant Silver Star Construction, it would promptly report to the designated point for loading of materials to be hauled. *See Exhibit 2, Hauling Agreement, Section 6.*

With regard to the allegations contained with Paragraph 24 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction denies that "Valle Trucking did not control or direct the trucks and all the work was performed at the request and direction of Silver Star and ORD Trucking" and demands strict proof thereof.  For the purpose of clarity, Defendant Silver Star Construction states that on or about February 7, 2019, Defendant Silver Star Construction and Defendant Valle Trucking entered into a

Hauling Service Agreement for the purpose of Defendant Valle Trucking providing material hauling, delivery, and/or transportation services as an independent contractor for Defendant Silver Star Construction. *See Exhibit 2, Hauling Agreement.* In the Hauling Service Agreement, Defendant Valle Trucking agreed that it would utilize its own equipment and/or vehicles, wholly owned and/or leased by Defendant Valle Trucking, as was necessary to transport, deliver, haul, load, and/or unload materials as requested by Defendant Silver Star Construction. *See Exhibit 2, Hauling Agreement, Section 1.* Defendant Valle Trucking also agreed to maintain the exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the Hauling Service Agreement. *See Exhibit 2, Hauling Agreement, Section 1*(A). Defendant Valle Trucking further agreed in the Hauling Service Agreement to be responsible for properly securing any and all materials pertaining to that dispatch, from the time of loading to the completion of unloading, delivery and the acceptance of the materials at the destination. *See Exhibit 2, Hauling Agreement, Section 6.* Defendant Valle Trucking further agreed in the Hauling Service Agreement to make all decisions with regard to the method in which materials were transported by it and that Defendant Silver Star Construction had no control over the method of how Defendant Valle Trucking conducted its business. *See Exhibit 2, Hauling Agreement, Section 1.* Defendant Valle Trucking further agreed to bear the full responsibility of observing each and all legal and regulatory requirements in the performance of transporting, delivering, and hauling under the Hauling Service Agreement. *Id.* Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within

Paragraph 24 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

25.    Defendant Silver Star Construction admits the allegations contained within Paragraph 25 of Plaintiff's Complaint for Declaratory Judgment.

26.    With regard to the allegations contained within Paragraph 26 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction states that the subject insurance policy speaks for itself and therefore no response is required.  To the extent a response is required, Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

27.    With regard to the allegations contained within Paragraph 27 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction states that the subject insurance policy speaks for itself and therefore no response is required.

28.    With regard to the allegations contained within Paragraph 28 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction denies the allegation that "Juarez was not driving for Valle Trucking, nor was he acting on behalf of Valle Trucking at the time the accident occurred" and demands strict proof thereof.  For the purpose of clarity, Defendant Silver Star Construction states that on or about February 7, 2019, Defendant Silver Star Construction and Defendant Valle Trucking entered into a Hauling Service Agreement for the purpose of Defendant Valle Trucking providing material hauling, delivery, and/or transportation services as an independent contractor for

Defendant Silver Star Construction. *See Exhibit 2, Hauling Agreement.*  In the Hauling Service Agreement, Defendant Valle Trucking agreed that it would utilize its own equipment and/or vehicles, wholly owned and/or leased by Defendant Valle Trucking, as was necessary to transport, deliver, haul, load, and/or unload materials as requested by Defendant Silver Star Construction.  *See Exhibit 2, Hauling Agreement, Section 1.* Defendant Valle Trucking also agreed to maintain the exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the Hauling Service Agreement.  *See Exhibit 2, Hauling Agreement, Section 1*(A).  Defendant Valle Trucking further agreed in the Hauling Service Agreement to be responsible for properly securing any and all materials pertaining to that dispatch, from the time of loading to the completion of unloading, delivery and the acceptance of the materials at the destination.  *See Exhibit 2, Hauling Agreement, Section 6.*  Defendant Valle Trucking further agreed in the Hauling Service Agreement to make all decisions with regard to the method in which materials were transported by it and that Defendant Silver Star Construction had no control over the method of how Defendant Valle Trucking conducted its business.  *See Exhibit 2, Hauling Agreement, Section 1.*  Defendant Valle Trucking further agreed to bear the full responsibility of observing each and all legal and regulatory requirements in the performance of transporting, delivering, and hauling under the Hauling Service Agreement.  *See Exhibit 2, Hauling Agreement, Section 1.*  On the date of the subject accident, Defendant Juarez and Defendant ORD Trucking were providing hauling services for Defendant Silver Star Construction on behalf of Defendant Valle Trucking. Accordingly, Defendant Silver Star Construction further denies the allegation contained

within Paragraph 28 of Plaintiff's Complaint for Declaratory Judgment that "the alleged 'bodily injury' was not caused by Valle Trucking or anyone acting on its behalf" and, therefore, demands strict proof thereof.  Defendant Silver Star Construction further denies the allegation contained within Paragraph 28 of Plaintiff's Complaint for Declaratory Judgment that "the 'insured contract' provision does not apply, and Great Lakes is entitled to a declaration that no coverage exists which would obligate Great Lakes to defend Silver Star, or Valle Trucking in the Lawsuit or to indemnify either against any damages recovered by Mackey from either of them" and, therefore, demands strict proof thereof. Defendant Silver Star Construction further denies said allegation because it is an additional named insured under the subject insurance policy issued by Plaintiff Great Lakes and as such is entitled to declaratory judgment in its favor finding that it is entitled to a defense and indemnity under the subject insurance policy as a matter of law, including but not limited to the payment of money damages to Mackey (if any are awarded by the court or jury in the underlying lawsuit) and the reimbursement of any attorney's fees and costs incurred by Defendant Silver Star Construction in the underlying lawsuit and in this action. Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 28 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

*Third Declaration – Subcontractors/Independent Contractors Exclusion*

29.    With regard to the allegations contained within Paragraph 29 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star states that the Second

Amended Petition in the underlying lawsuit speaks for itself.  Defendant Silver Star Construction admits that Defendant Juarez was not an employee of Defendant Silver Star Construction at the time of the subject accident on September 4, 2019, or any other time. However, Defendant Silver Star Construction denies the allegation that "Juarez was not an employee of Valle Trucking" and demands strict proof thereof.  Defendant Silver Star Construction denies the allegation based upon the agreements set forth in the Hauling Service Agreement entered into between Defendant Valle Trucking and Defendant Silver Star Construction.  In the Agreement, Defendant Valle Trucking agreed that it would utilize its own equipment and/or vehicles, wholly owned and/or leased by Defendant Valle Trucking, as was necessary to transport, deliver, haul, load, and/or unload materials as requested by Defendant Silver Star Construction.  *See Exhibit 2, Hauling Agreement, Section 1.*  Defendant Valle Trucking also agreed to maintain the exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the Hauling Service Agreement.  *See Exhibit 2, Hauling Agreement, Section 1*(A).  On the date of the subject accident, Defendant Juarez and Defendant ORD Trucking were providing hauling services for Defendant Silver Star Construction on behalf of Defendant Valle Trucking. Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 29 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

      30.    Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegations contained within

Paragraph 30 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

31.    With regard to the allegations contained in Paragraph 31 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that Defendant Juarez was not paid by Defendant Silver Star Construction as he was not an employee of Defendant Silver Star Construction.   On the date of the subject accident, Defendant Juarez and Defendant ORD Trucking were providing hauling services for Defendant Silver Star Construction on behalf of Defendant Valle Trucking in accordance with and pursuant to the Hauling Services Agreement.   Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 31 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

32.    With regard to the allegations contained in Paragraph 32 of Plaintiff's Complaint for Declaratory Judgment, Defendant Silver Star Construction admits that Defendant Juarez was not an employee of Defendant Silver Star Construction.  However, on the date of the subject accident, Defendant Juarez and Defendant ORD Trucking were providing hauling services for Defendant Silver Star Construction on behalf of Defendant Valle Trucking in accordance with and pursuant to the Hauling Services Agreement. Defendant Silver Star Construction states that it is without sufficient knowledge or information to either admit or deny the allegation that "Juarez was not an employee of Valle Trucking" and demands strict proof thereof.  Defendant Silver Star Construction further denies that "Great Lakes is entitled to a declaration that no coverage exists as to

Valle Trucking and Silver Star…" and demands strict proof thereof.  For the purpose of clarity, Defendant Silver Star Construction further states that it is an additional named insured under the subject insurance policy issued by Plaintiff Great Lakes and as such is entitled to a declaratory judgment in its favor finding that it is entitled to a defense and indemnity under the subject insurance policy as a matter of law, including but not limited to the payment of money damages to Mackey (if any are awarded by the court or jury in the underlying lawsuit) and the reimbursement of any attorney's fees and costs incurred by Defendant Silver Star Construction in the underlying lawsuit and in this action.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 32 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

## V.    PRAYER FOR RELIEF

33.    Defendant Silver Star Construction denies the allegations contained within Paragraph 33 of Plaintiff's Complaint for Declaratory Judgment and demands strict proof thereof.  Defendant Silver Star Construction denies that Plaintiff Great Lakes is entitled to the relief requested.  Defendant Silver Star Construction denies that "Great Lakes does not owe Valle Trucking or Silver Star a defense or indemnity under the policy…" and demands strict proof thereof.  Defendant Silver Star Construction further states that it is an additional named insured under the subject insurance policy issued by Plaintiff Great Lakes and as such is entitled to a declaratory judgment in its favor finding that it is entitled to a defense and indemnity under the subject insurance policy as a matter of law, including but not

limited to the payment of money damages to Mackey (if any are awarded by the court or jury in the underlying lawsuit) and the reimbursement of any attorney's fees and costs incurred by Defendant Silver Star Construction in the underlying lawsuit and in this action. Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny any further allegation set forth and/or implied within Paragraph 33 of Plaintiff's Complaint for Declaratory Judgment and, therefore, denies the same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendant Silver Star Construction hereby incorporates by reference its responses contained within Paragraphs 1-33, above.  At the time of answering, Defendant Silver Star Construction may not have sufficient knowledge, information or belief that would allow it to assert all of the applicable affirmative defenses to which it may be entitled.  The following affirmative defenses are asserted in an effort to preserve any and all affirmative defenses.  The affirmative defenses may be amended, deleted and/or supplemented after further discovery.

1.     Defendant Silver Star Construction denies each and every allegation or averment not specifically admitted above.

2.     Defendant Silver Star Construction is entitled to coverage under Plaintiff Great Lakes' insurance policy because Defendant Juarez was not employed by Defendant Silver Star Construction at the time of the subject motor vehicle accident involving Mr. Mackey.  Defendant Juarez was the employee of Defendant Valle Trucking and/or Defendant ORD Trucking at the time of the subject accident.

3.     Defendant Silver Star Construction is entitled to coverage under Plaintiff Great Lakes' insurance policy because Defendant Silver Star Construction is not in any way responsible or liable for the injuries and/or damages alleged by or on behalf of Mr. Mackey in the *Mackey* lawsuit.

4.     Defendant Silver Star Construction is entitled to coverage under Plaintiff Great Lakes' insurance policy because Defendant Juarez was the employee of Defendant Valle Trucking and/or Defendant ORD Trucking at the time of the subject accident.

5.     Defendant Silver Star Construction is entitled to coverage under Plaintiff Great Lakes' insurance policy because Defendant Valle Trucking was providing services as an independent contractor of Defendant Silver Star Construction at the time of the subject accident involving Mr. Mackey.

6.     Defendant Silver Star Construction is entitled to coverage under Plaintiff Great Lakes' insurance policy because on the date of the subject accident involving Mr. Mackey Defendant Juarez and Defendant ORD Trucking were providing hauling services for Defendant Silver Star Construction on behalf of Defendant Valle Trucking.

7.     Defendant Silver Star Construction is entitled to coverage under Plaintiff Great Lakes' insurance policy because of a Hauling Services Agreement that Defendant Valle Trucking entered into with Defendant Silver Star Construction.   The Hauling Services Agreement provides, in pertinent part, as follows:

> a.   Defendant Valle Trucking entered into a Hauling Service Agreement with Defendant Silver Star Construction to provide material hauling, delivery, and/or transportation services as an independent contractor.

b.  Defendant Valle Trucking agreed in the Hauling Service Agreement that it would utilize its own equipment and/or vehicles, wholly owned and/or leased by Defendant Valle Trucking, as was necessary to transport, deliver, haul, load, and/or unload materials as requested by Defendant Silver Star Construction.

c.  Defendant Valle Trucking agreed to maintain the exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the Hauling Service Agreement.

d.  Defendant Valle Trucking agreed in the Hauling Service Agreement to make all decisions with regard to the method in which materials were transported by it and that Defendant Silver Star Construction had no control over the method of how Defendant Valle Trucking conducted its business.

e.  Defendant Valle Trucking agreed to bear the full responsibility of observing each and all legal and regulatory requirements in the performance of transporting, delivering, and hauling under the Hauling Service Agreement.

f.  In the Hauling Service Agreement, Defendant Valle Trucking agreed to hold harmless and unconditionally indemnify Defendant Silver Star Construction against any claims, actions, liability, or suits filed against Defendant Silver Star Construction arising from Defendant Valle Trucking's operations.

g.  Defendant Valle Trucking agreed to purchase and maintain a commercial general liability insurance policy and a commercial motor vehicle insurance policy expressly insuring Defendant Valle Trucking's indemnity obligations owed to Defendant Silver Star Construction in an amount not less than One Million Dollars ($1,000,000.00).

h.  Defendant Valle Trucking agreed to name Defendant Silver Star Construction as an additional insured under its commercial general liability insurance policy and commercial motor vehicle insurance policies, on a primary and non-contributory basis, without restriction as to fault or liability, and to furnish Defendant Silver Star Construction with Certificates of Insurance identifying each carrier and policy as evidence of Defendant Valle Trucking's compliance with said obligations as set forth in the subject Hauling Service Agreement.

8.     Pursuant to the Hauling Service Agreement, Defendant Valle Trucking was in exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the Hauling Service Agreement, including the trucks operated by Defendant ORD Trucking and/or Defendant Juarez.

9.     Defendant Silver Star Construction did not control or direct the trucks operated by Defendant Valle Trucking, Defendant ORD Trucking, and/or Defendant Juarez other than providing a location to pick up materials and the destination where the materials were to be delivered. In the Hauling Service Agreement, Defendant Valle Trucking agreed that it would pick up materials from the locations designated by Defendant Silver Star Construction and deliver said materials to the destination designated by Defendant Silver Star Construction.

10.     Defendant Silver Star Construction is entitled to coverage under Plaintiff Great Lakes' insurance policy because of a Certificate of Insurance providing that Plaintiff Great Lakes issued a Commercial General Insurance Policy No. GLG022472 to Defendant Valle Trucking covering policy period from February 11, 2019, to February 11, 2020.  The Certificate of Insurance identifies Defendant Silver Star Construction as an additional insured under the policy.

11.     Because Defendant Silver Star Construction is an additional named insured under the subject insurance policy issued by Plaintiff Great Lakes, it is entitled to entitled to a defense and indemnity under the subject insurance policy as a matter of law, including but not limited to the payment of money damages to Mackey (if any are awarded by the court or jury in the underlying lawsuit) and the reimbursement of any attorney's fees and

costs incurred by Defendant Silver Star Construction in the underlying lawsuit and in this action.

12.   Plaintiff Great Lakes has not taken any action to provide a defense for Defendant Silver Star Construction in the underlying *Mackey* lawsuit.

13.   As stated above, Defendant Silver Star Construction reserves the right to amend or modify this Answer and its affirmative defenses as other defenses are learned of through discovery.

**WHEREFORE**, having fully answered, Defendant Silver Star Construction Company, Inc., prays that:

a.   The Court enter an order denying Plaintiff Great Lakes Insurance SE's request for a declaration that it does not owe Defendant Silver Star Construction Company, Inc., a defense or indemnity under the subject Insurance Policy;

b.   The Court enter an order determining and declaring that Plaintiff Great Lakes Insurance SE has an obligation to defend and indemnify Defendant Silver Star Construction Company, Inc., in the underlying *Mackey* lawsuit; and

c.   The Court awards Defendant Silver Star Construction Company, Inc., its costs, attorneys' fees and any additional relief the Court deems just and proper.

Respectfully submitted,


/s/ J. Chris Horton
J. Chris Horton, OBA#19334
J. CHRIS HORTON, PC
P.O. Box 576
El Reno, OK 73036
Telephone:  405-317-4423
jchrishorton@live.com
ATTORNEY FOR DEFENDANT SILVER STAR
CONSTRUCTION COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael Linscott, mlinscott@dsda.com
Brian M. Keester, bkeester@dsda.com
Emily E. Allan, eallan@dsda.com
ATTORNEYS FOR PLAINTIFF GREAT LAKES INSURANCE SE


/s/ J. Chris Horton
J. Chris Horton