**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. GREAT LAKES INSURANCE SE, <br><br> Plaintiff, <br><br> vs. <br><br> 2. FREDY VALLE d/b/a VALLE TRUCKING, <br> 3. SILVER STAR CONSTRUCTION COMPANY, INC., <br> 4. TYLON MACKEY, <br> 5. ISRAEL JUAREZ, <br> 6. ORD TRUCKING, INC., and <br> 7. ZURICH AMERICAN INS. CO., <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 5:22-CV-00702-JD <br> ) Judge Jodi W. Dishman <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF GREAT LAKES INSURANCE SE'S COMPLAINT FOR DECLARATORY RELIEF**

Defendant Zurich American Insurance Company ("**ZAIC**"), by and through Wilburn, Masterson & Hampton, respectfully submits its Answer to Plaintiff Great Lakes Insurance SE's ("**Great Lakes**") Complaint for Declaratory Relief (Doc. No. 1).

**I. PARTIES**

1. Upon information and belief, ZAIC admits the allegations in paragraph 1 of Great Lakes' Complaint for Declaratory Relief ("**Complaint**").

2. Upon information and belief, ZAIC admits the allegations in paragraph 2 of the Complaint.

3. Upon information and belief, ZAIC admits the allegations in paragraph 3 of the Complaint.

4. Upon information and belief, ZAIC admits the allegations in paragraph 4 of the Complaint.

5. Upon information and belief, ZAIC admits the allegations in paragraph 5 of the Complaint.

6. Upon information and belief, ZAIC admits the allegations in paragraph 6 of the Complaint.

7. ZAIC admits the allegations in paragraph 7 of the Complaint.

## II.   JURISDICTION AND VENUE

8. Regarding the allegations in paragraph 8 of the Complaint, ZAIC admits this Court has diversity jurisdiction pursuant to 28 U.S.C. 2201 and 28 U.S.C. 1332, as there is a diversity of citizenship among the parties. ZAIC also admits that the amount in controversy exceeds $75,000.00, and that this case involves a declarations of rights under multiple insurance policies. ZAIC is without sufficient information to either admit or deny the remaining allegations of paragraph 8 of the Complaint, and therefore denies same.

9. ZAIC admits the allegations in paragraph 9 of the Complaint.

## III.   FACTS

10. Regarding the allegations of paragraph 10 of the Complaint, ZAIC admits that the underlying lawsuit filed in Payne County, Oklahoma District Court and styled as *Tylon Mackey v. Israel Juarez, et al.,* Payne County District Court Case No. CJ-2020-

2033 ("**Lawsuit**") includes the allegations set forth in paragraph 10 of the Complaint, but ZAIC denies such allegations.

11. ZAIC admits the allegations in paragraph 11 of the Complaint.

*The Insurance Policy*

12. Upon information and belief, ZAIC admits the allegations in paragraph 12 of the Complaint.

13. Regarding the allegations of paragraph 13 of the Complaint, ZAIC is without sufficient information to admit or deny the accuracy of the alleged quoted portions of the Great Lakes Policy, as it does not possess a certified, unredacted copy of said policy, and therefore denies same.

14. ZAIC is denies the allegations in paragraph 14 of the Complaint.

*Valle Trucking Tenders the Lawsuit to Great Lakes, and Great Lakes Agrees to Defend Under a Reservation of Rights*

15. ZAIC is without sufficient information to admit or deny the allegations in paragraph 15 of the Complaint as to whether or when Valle Trucking may have tendered the Lawsuit to Great Lakes, and therefore denies same. Upon information and belief, ZAIC admits that Great Lakes appears to have agreed to defend Valle Tucking subject to a reservation of rights.

*Silver Star Tenders the Lawsuit to Great Lakes, and Great Lakes Agrees to Defend Under a Reservation of Rights*

16. ZAIC admits the allegations in paragraph 16 of the Complaint.

### IV.   CAUSE OF ACTION

17. Regarding the allegations of paragraph 17 of the Complaint, ZAIC admits that Great Lakes seeks a declaration that it has no obligation to defend either Valle Trucking or Silver Star in connection with the Lawsuit, and that it also seeks a declaration that it has no obligation to indemnify Valle Trucking or Silver Star in the event that Mackey succeeds in obtaining a judgment against them.  ZAIC admits that Great Lakes further seeks a declaration that it will never have an obligation to pay any monies to Mackey, assuming he obtains a judgment against Valle Trucking or Silver Star. ZAIC denies that Great Lakes is entitled to any of the declarations it seeks in paragraph 17 of the Complaint.

*First Declaration—No Coverage Due to Valle Trucking*

18. ZAIC is without sufficient information to answer or deny the allegations in paragraph 18 of the Complaint, and therefore denies same.

19. Regarding the allegations of paragraph 19 of the Complaint, ZAIC is without sufficient information to admit or deny the accuracy of the alleged quoted portions of the Great Lakes Policy, as it does not possess a certified, unredacted copy of said policy, and therefore denies same.

20. Regarding the allegations of paragraph 20 of the Complaint, ZAIC is without sufficient information to admit or deny the accuracy of the alleged quoted portion of the Great Lakes Policy, as it does not possess a certified, unredacted copy of said policy, and therefore denies same.

21. ZAIC denies the allegations in paragraph 21 of the Complaint.

22. Regarding the allegations of paragraph 22, ZAIC is without sufficient information to admit or deny the accuracy of the information contained in the referenced police report, and therefore denies same. ZAIC denies the remaining allegations in paragraph 22 of the Complaint.

*Second Declaration—Insured Contract Exclusion*

23. Regarding the allegations of paragraph 23 of the Complaint, upon information and belief, ZAIC admits that on February 7, 2019, Valle Trucking and Silver Star executed a Hauling Service Agreement. ZAIC denies that paragraph 23 of the Complaint accurately sets forth the terms or scope of the Hauling Services Agreement.

24. ZAIC is without sufficient information to admit or deny the allegations of paragraph 24 of the Complaint, and therefore denies same.

25. Regarding the allegations of paragraph 25 of the Complaint, upon information and belief, ZAIC admits that the Hauling Service Agreement contains the referenced Indemnity clause, but denies that said clause, on its own, is determinative of the priority of coverage issues presented in this action amongst the multiple insurers named herein via ZAIC's Counterclaim and Third-Party Complaint, which are filed contemporaneously herewith.

26. Regarding the allegations of paragraph 26 of the Complaint, ZAIC is without sufficient information to admit or deny the accuracy of the quoted portions of the Great Lakes Policy as it does not possess a certified, unredacted copy of said policy, and therefore denies same.

27. Regarding the allegations of paragraph 27 of the Complaint, ZAIC is without sufficient information to admit or deny the accuracy of the quoted portions of the Great Lakes Policy as it does not possess a certified, unredacted copy of said policy, and therefore denies same.

28. Regarding the allegations of paragraph 28 of the Complaint, ZAIC is without sufficient information to admit or deny whether Juarez was driving for Valle Trucking at the time of the subject accident, and therefore denies same. ZAIC denies the remaining allegations of paragraph 28 of the Complaint.

*Third Declaration—Subcontractors/Independent Contractors Exclusion*

29. Regarding the allegations of paragraph 29 of the Complaint, ZAIC admits that the underlying Lawsuit alleges Juarez was employed by Valle Trucking and Silver Star at the time the subject accident occurred, but ZAIC denies this allegation. As ZAIC does not have sufficient information to admit or deny the allegation relating to Juarez's employment status with Valle Trucking, ZAIC denies same. ZAIC admits that Juarez was not an employee of Silver Star.

30. Regarding the allegations of paragraph 30 of the Complaint, ZAIC is without sufficient information to admit or deny the accuracy of the quoted portions of the Great Lakes Policy as it does not possess a certified, unredacted copy of said policy, and therefore denies same. ZAIC denies the remainder of the allegations in paragraph 30 of the Complaint.

31. Regarding paragraph 31 of the Complaint, ZAIC is without sufficient information to admit or deny the allegations relating to Juarez's employment status with

ORD Trucking and Valle Trucking, and therefore denies same.  ZAIC admits that Juarez was not an employee of Silver Star.  ZAIC denies the remaining allegations in paragraph 31 of the Complaint.

32. ZAIC denies the allegations in paragraph 32 of the Complaint.

## V. PRAYER FOR RELIEF

33. ZAIC denies that Great Lakes is entitled to the relief requested in paragraph 33 of the Complaint and its subsections, and further denies that Great Lakes is entitled to the relief requested in its unnumbered paragraph prayer for relief.

## ZAIC'S AFFIRMATIVE DEFENSES

1. Great Lakes is bound by the terms of coverage of the Great Lakes Policy.

2. The Great Lakes Policy should operate to defend Silver Star in the Lawsuit styled as *Tylon Mackey v. Israel Juarez, et al.,* Payne County, Oklahoma District Court Case No. CJ-2020-2033.

3. There are no exclusions listed in the Great Lakes Policy which operate to deny coverage and a defense to Silver Star for the Lawsuit.

4. Exclusions must be clearly listed in the Great Lakes Policy with clarity or such exclusions should be void.

5. The Great Lakes Policy is ambiguous and any ambiguity found should be construed against Great Lakes and in favor of providing coverage and defense to Silver Star.

6. Great Lakes issued a Certificate of Liability Insurance issued February 12, 2019 by Great Lakes to Valle Trucking, LLC under Great Lakes Commercial General

Liability Policy No. GLG022472, with effective dates of February 11, 2019 through February 11, 2020, and with Silver Star and its subsidiaries listed as the certificate holder. The Feb. 12, 2019 Great Lakes Certificate evidences, pursuant to the terms of the Hauling Service Agreement, that Silver Star is an additional insured under the Great Lakes Policy.

7. Great Lakes issued a Certificate of Liability Insurance issued February 20, 2019 by Great Lakes to Valle Trucking, LLC under Great Lakes Commercial General Liability Policy No. GLG022472, with effective dates of February 11, 2019 through February 11, 2020, and with Silver Star and its subsidiaries listed as the certificate holder. The Certificate of Liability Insurance states: "this certificate supersedes all previously issued certificates." The Feb. 20, 2019 Great Lakes Certificate evidences, pursuant to the terms of the Hauling Service Agreement, that Silver Star is an additional insured under the Great Lakes Policy.

8. Pursuant to the terms of the Hauling Service Agreement, the Great Lakes Policy, and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121, Great Lakes owes a duty to defend Silver Star in the Lawsuit styled as *Tylon Mackey v. Israel Juarez, et al.,* Payne County, Oklahoma District Court Case No. CJ-2020-2033.

9. Pursuant to the terms of the Hauling Service Agreement, the Great Lakes Policy, and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121, Great Lakes owes a duty to indemnify Silver Star in the

Lawsuit styled as *Tylon Mackey v. Israel Juarez, et al.,* Payne County, Oklahoma District Court Case No. CJ-2020-2033, should the Plaintiff therein prevail against Silver Star.

10. Great Lakes' claims are barred by the doctrine of laches.

11. The Great Lakes Policy is against public policy and should be construed against Great Lakes and in favor of providing indemnity and a defense to Silver Star.

12. Great Lakes is barred by waiver and estoppel from asserting denial of defense and/or indemnity.

13. Great Lakes denial of defense and indemnity to Silver Star is in violation of the doctrine of reasonable expectations.

14. Great Lakes has a contractual duty pursuant to the Great Lakes Policy to provide Silver Star with a defense of the Lawsuit.

15. Great Lakes has a contractual duty pursuant to the Great Lakes Policy to indemnify Silver Star regarding the Lawsuit.

16. ZAIC reserves the right to amend its Affirmative Defenses as discovery progresses in this matter.

        Respectfully Submitted,

        **WILBURN, MASTERSON & HAMPTON**

        By *s/Amy E. Hampton*
          **MICHAEL J. MASTERSON, OBA# 5769**
          **AMY E. HAMPTON, OBA # 20235**
          2421 E. Skelly Dr.
          Tulsa, OK  74105-6006
          (918) 494-0414
          FAX: (918) 493-3455
          E-Mail:
          mike.masterson@wilburnmasterson.com
          amy.hampton@wilburnmasterson.com
          Attorney for Defendant Zurich American Insurance Company

## CERTIFICATE OF SERVICE

I, Amy E. Hampton, hereby certify that on this 27th day of January, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system:

Michael S. Linscott
Doerner, Saunders, Daniel & Anderson, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Brian M. Keester
Doerner, Saunders, Daniel & Anderson, L.L.P.
2 West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Emily E. Allan
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
*Attorney for Great Lakes Insurance SE*

Mark A. Warman
Levinson, Smith & Huffman, P.C.
1743 South 71st Street
Tulsa, OK 74136-5108
*Attorney for Israel Juarez*

J. Chris Horton
J. Chris Horton, PC
PO Box 576
El Reno, OK 73036
*Attorney for Silver Star Construction Company, Inc.*

James A. Scimeca
Burch, George & Germany
1500 City Place Bldg.
204 N. Robinson, Ste 1500
Oklahoma City, OK  73102
*Attorney for Tylon Mackey*

Ryan Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

Andrew Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

                                              *s/Amy E. Hampton*
                                              **AMY E. HAMPTON**

AEH/aeh