## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GREAT LAKES INSURANCE SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 5:22-CV-00702-JD |
| vs. | ) Judge Jodi W. Dishman |
| | ) |
| 2. FREDY VALLE d/b/a VALLE | ) |
| TRUCKING, | ) |
| 3. SILVER STAR CONSTRUCTION | ) |
| COMPANY, INC., | ) |
| 4. TYLON MACKEY, | ) |
| 5. ISRAEL JUAREZ, | ) |
| 6. ORD TRUCKING, INC., | ) |
| 7. ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Defendants. | ) |

## <u>ZURICH AMERICAN INSURANCE COMPANY'S COUNTERCLAIM AGAINST GREAT LAKES INSURANCE SE FOR DECLARATORY JUDGMENT</u>

For its Counterclaim against Plaintiff Great Lakes Insurance SE ("**Great Lakes**"),

Defendant Zurich American Insurance Company ("**ZAIC**") alleges and states:

### I.      PARTIES

1.      Defendant/Counterclaimant, ZAIC, is a New York corporation with a

statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York,

NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg,

Illinois 60196.

2.      ZAIC conducts business in Oklahoma and may be served with process via

the Oklahoma Insurance Department.

3.     Upon information and belief, Plaintiff/Counterclaim Defendant Great Lakes is a German company headquartered in Munich.  It is a Societas Europea incorporated in Germany and registered with the commercial register of the local court of Munich under HRB 230378, with a registered office at Königinstraße 107, 80802 Munich, Germany.  It is a wholly owned subsidiary of Munich Reinsurance Company which is publicly traded on the DAX.

4.     Great Lakes conducts business in Oklahoma and may be served with process via the Oklahoma Insurance Department.

## II.     JURISDICTION AND VENUE

5.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure that seeks a declaration of the parties' rights and obligations and seeks to prevent an insurer from avoiding its obligations under a commercial general liability policy.

6.     An action has been filed in the District Court of Payne County, Oklahoma, styled as *Tylon Mackey v. Israel Juarez, ORD Trucking, Inc., Fredy N. Valle Sr. d/b/a Valle Trucking and Silver Star Construction Company, Inc.*, Payne County, Oklahoma District Court Case No. CJ-20-233 ("**Underlying Lawsuit**").

7.     The Underlying Lawsuit arises out of an automobile accident which occurred in Payne County, Oklahoma on September 4, 2019, which involved Israel Juarez and Tylon Mackey.

8.     At all times pertinent to the Underlying Lawsuit, ZAIC had in force and effect its Commercial Insurance Business Automobile Policy, Policy No. BAP 9809603-

04 (the "**ZAIC Policy**"), in which Silver Star Construction Company, Inc. ("**Silver Star**") was its insured.

9.     At all times pertinent to the Underlying Lawsuit, Great Lakes had in force and effect its Certificate of Liability Insurance issued on February 12, 2019 ("**Feb. 12, 2019 Great Lakes Certificate**") under Great Lakes Commercial General Liability Policy No. GLG022472 ("**Great Lakes Policy**"). The Feb. 12, 2019 Great Lakes Certificate has effective dates of February 11, 2019 through February 11, 2020, and lists Silver Star and its subsidiaries as the certificate holder.  The Feb. 12, 2019 Great Lakes Certificate provides limits of $1,000,000.00 in liability coverage under the Great Lakes Policy for each occurrence.

10.     At all times pertinent to the Underlying Lawsuit, Great Lakes had in force and effect its Certificate of Liability Insurance issued on February 20, 2019 ("**Feb. 20, 2019 Great Lakes Certificate**") under Great Lakes Commercial General Liability Policy No. GLG022472 ("**Great Lakes Policy**"). The Feb. 20, 2019 Great Lakes Certificate has effective dates of February 11, 2019 through February 11, 2020, and lists Silver Star and its subsidiaries as the certificate holder.  The Feb. 20, 2019 Great Lakes Certificate provides limits of $1,000,000.00 in liability coverage under the Great Lakes Policy for each occurrence.

11.     At all times pertinent to the Underlying Lawsuit, Great Lakes had in force and effect its Commercial General Liability Policy No. GLG022472 ("**Great Lakes Policy**"), issued to Valle Trucking, LLC, with effective dates from February 11, 2019 to February 11, 2020.

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332.   There is complete diversity of citizenship between Great Lakes and ZAIC, and ZAIC is seeking damages in excess of $75,000, exclusive of interests and costs.   Thus, all jurisdictional requirements set forth in 28 U.S.C. § 1332 are met.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.   This judicial district is where the Underlying Lawsuit arose and where the automobile accident which is the subject of the Underlying Lawsuit occurred.

### III. STATEMENT OF FACTS

14.     On February 12, 2019, Great Lakes issued to Valle Trucking, LLC the February 12, 2019 Great Lakes Certificate under the Great Lakes Policy. The Feb. 12, 2019 Great Lakes Certificate has effective dates of February 11, 2019 through February 11, 2020, and lists Silver Star and its subsidiaries as the certificate holder.  The Feb. 12, 2019 Great Lakes Certificate provides limits of $1,000,000.00 in liability coverage under the Great Lakes Policy for each occurrence.  *See* Feb. 12, 2019 Great Lakes Certificate, attached as **Exhibit 1**.

15.     On February 20, 2019, Great Lakes issued to Valle Trucking, LLC the Feb. 20, 2019 Great Lakes Certificate under the Great Lakes Policy.  The Feb. 20, 2019 Great Lakes Certificate has effective dates of February 11, 2019 through February 11, 2020, and lists Silver Star and its subsidiaries listed as the certificate holder. The Feb. 20, 2019 Great Lakes Certificate provides limits of $1,000,000.00 in liability coverage under the Great Lakes Policy for each occurrence, and states "THIS CERTIFICATE

SUPERCEDES ALL PREVIOUSLY ISSUED CERTIFICATES." *See* Feb. 20, 2019

Great Lakes Certificate, attached as **Exhibit 2**.

16.     On September 4, 2019, Tylon Mackey and Israel Juarez were involved in

an automobile accident in Payne County, Oklahoma.

17.     Tylon Mackey filed the Underlying Lawsuit in the District Court of Payne

County, Oklahoma on July 8, 2020.

18.     The Second Amended Petition in the Underlying Lawsuit includes, *inter*

*alia*, the following allegations:

> 7.     This is an action by Plaintiff to recover actual and punitive damages for the negligence, gross negligence and reckless disregard for safety of others, including Plaintiff, by all Defendants. Such conduct resulted in Defendants' vehicle striking the Plaintiff That impact caused severe injuries to Plaintiff at or near the intersection of State Highway 51 and Murphy Street near the City of Stillwater, Payne County, Oklahoma. This violent collision occurred on or about the 4th day of September 2019.
> . . .
> 18.     On or about September 4, 2019, Plaintiff was driving his vehicle eastbound on State Highway 51 near the city of Stillwater.
> 19.     At the same time, Defendant Juarez, who was employed by ORD Trucking, Valle Trucking and Silver Star, was operating a vehicle owned by ORD Trucking, traveling northbound on Murphy Street near the city of Stillwater.
> 20.     Defendant Juarez failed to yield the right of way from a stop sign at the intersection of State Highway 51 and Murphy St. and violently collided with the vehicle of Plaintiff.
> 21.     Defendant Juarez was driving recklessly and carelessly when he caused this violent collision and severely injured Plaintiff
> 22.     Defendant Juarez was operating a motor vehicle that was unsafe and improperly inspected, repaired and maintained when he caused this violent collision and severely injured Plaintiff.
> 23.     ORD Trucking, Valle Trucking, and Silver Star knew or should have known the motor vehicle operated by Defendant Juarez was unsafe and improperly inspected, repaired and maintained.

24.     ORD Trucking, Valle Trucking, and Silver Star knew or should have known of Defendant Juarez's history of reckless, careless, and intoxicated driving.

25.     As a direct result or Defendants' unlawful and malicious conduct, Plaintiff sustained serious and painful injuries. He also incurred significant medical expenses and lost wages.

. . .

31.     At the time of the collision, the company vehicle being driven by Defendant Juarez was owned by Defendant ORD Trucking.

. . .

33.     At the time of the collision, Defendant Juarez was driving the company vehicle while in the course and scope of his employment with ORD Trucking, Valle Trucking, and Silver Star.

*See* Second Amended Petition in Underlying Lawsuit, attached as **Exhibit 3**.

19.     The Underlying Lawsuit asserts claims against the defendants therein, including Silver Star, for the following: negligence/negligence per se and negligent hiring, training, screening and supervision (respondeat superior).   *See* Exhibit 3.

20.     The Underlying Lawsuit seeks actual and punitive damages against Silver Star in excess of $1,000,000.00, plus costs, attorney fees, and interest. *See* Exhibit 3.

21.     On February 7, 2019, Silver Star and Valle Trucking entered into a Hauling Services Agreement, whereby Valle Trucking agreed to deliver, transport, and/or haul materials for Silver Star.  *See* Hauling Services Agreement, attached as **Exhibit 4**.

22.     The Hauling Service Agreement includes, *inter alia*, the following provisions:

Furthermore, HAULER SHALL:
A.     Maintain the exclusive possession, control and use of all of the equipment that may be required to fulfill the requirements of this Agreement.
[ ].     Do all other things necessary, and in good faith, to provide the services provided for in this Agreement, in accordance with all

applicable laws, regulations, published tariffs, bills of lading, and any other valid authorities.

B.    Fully maintain HAULER'S equipment at HAULER'S own expense, providing all necessary equipment to safely haul SILVER STAR materials such as tarps, aprons, tail gate seals, etc. HAULER shall also provide at his expense repairs, fuel, oil, tires, road use taxes, tolls, fines, moving and weight violations, plates, trip permits and any other levies, expenses or assessments arising from HAULER's operation of equipment;

C.    To the fullest extent allowable by law, hold SILVER STAR harmless as to any and all Federal, State and local governmental agencies on account of withholding, employment taxes or any other actions arising from HAULER'S operations;

D.    Maintain a policy or policies of insurance coverage, as set forth more particularly herein, which provide contractual liability coverage and which shall also name SILVER STAR as an additional insured on the policy or policies.

2.    <u>INDEMNITY:</u>   To the fullest extent permitted by law, HAULER agrees to hold harmless and unconditionally indemnity SILVER STAR against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which SILVER STAR may at any time suffer or incur, or become liable for, by reason of any accidents, damages or injuries sustained either to persons or property, including but not limited to employees or agents of Silver Star and/or Hauler, and/or any third parties, arising out of the services performed by HAULER pursuant to this Agreement, regardless of whether such injury or damage was caused in whole or in part, to any degree, by HAULER. It is the express intent of the parties to this Agreement that the indemnity obligations described herein are for the benefit o f SILVER STAR unless the injury or damage sustained arose directly from SILVER STAR's negligence. It is also the express intent of the parties to this Agreement that the indemnity obligations hereunder apply to injury and/or damages sustained to any person or property, and that no remedy provided to the HAULER'S employees under any applicable workers' compensation act shall operate to circumvent the obligations as referenced in this Agreement.

3. INSURANCE:

A.    HAULER agrees to purchase and maintain a commercial general liability insurance policy or policies, providing coverage for damage to both property and injury to persons, expressly insuring HAULER'S indemnity obligations above, in an amount not less than One Million Dollars ($1,000,000.00) for each occurrence, and Two

Million Dollars ($2,000,000) in the aggregate, and including coverage for losses failing within the "products-completed operations hazard".

B.      HAULER further agrees to purchase an applicable commercial motor vehicle insurance policy, providing coverage for both damage to property and injury to persons, expressly insuring HAULER'S indemnity obligations referenced above, in an amount not less than One Million Dollars ($1,000,000.00) combined single limit.

C.      HAULER agrees to name SILVER STAR as an additional insured under its commercial general liability and automobile policies referenced herein, on a primary and non-contributory basis, without restriction as to fault or liability. HAULER agrees to furnish SILVER STAR with Certificates of Insurance identifying each carrier and policy, evidencing HAULER'S compliance with the obligations as set forth in this Agreement, and which state that the coverage afforded under the policy will not be canceled or terminated until at least thirty days written notice is given to SILVER STAR. HAULER further agrees that the insurance provided to SILVER STAR as set forth in the Agreement shall not operate to preclude, circumvent or nullify any obligation assumed by it in paragraph 2 above, to indemnify SILVER STAR for any loss or damage sustained to any person or property.

D.      HAULER waives all rights against SILVER STAR and its agents, officers, directors and employees for recovery of damages to the extent these damages are covered by commercial general liability, business auto liability or workers compensation insurance maintained by HAULER, as required herein.

*See* Exhibit 4.

23.      The Feb. 12, 2019 Great Lakes Certificate lists Valle Trucking, LLC as the insured, lists liability limits of $1,000,000.00 for each occurrence under the Great Lakes Policy, lists Silver Star and its subsidiaries as the certificate holder, and lists "Dump Truck – Rock & Dirt" under the "Description of Operations/Locations/Vehicles." *See*

Exhibit 1.  The Feb. 12, 2019 Great Lakes Certificate lists effective dates from February 11, 2019 to February 11, 2020. *See* Exhibit 1.

24.     The Feb. 20, 2019 Great Lakes Certificate lists Valle Trucking, LLC as the insured, lists liability limits of $1,000,000.00 for each occurrence under the Great Lakes Policy, lists Silver Star and its subsidiaries as the certificate holder, and states as follows under the "Description of Operations/Locations/Vehicles:"

> THIS CERTIFICATE SUPERCEDES ALL PREVIOUSLY ISSUED CERTIFICATES
>
> GENERAL LIABILITY:   Truckers, products-completed operations are subject to the General Aggregate Limit 99793.

*See* Exhibit 2.  The Feb. 20, 2019 Great Lakes Certificate lists effective dates from February 11, 2019 to February 11, 2020.  *See* Exhibit 2.

25.     The Great Lakes Policy states in part as follows:[1]

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  Insuring Agreement.

> a.  ***We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages***. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance

---

[1] ZAIC has in its possession only an uncertified, redacted copy of the Great Lakes Policy, which it is citing herein and attaching hereto.  ZAIC cannot verify whether the attached Policy contains the same language as the certified Great Lakes Policy, as it does not have a certified copy.

does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:
     (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
     (2) The "bodily injury" or "property damage" occurs during the policy period.

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
. . .
4.  Other Insurance
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**
This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

**b. Excess Insurance**
This insurance is excess over:
   **(1)** Any other insurance, whether primary, excess, contingent or on any other basis:
     i. That is Fire, Extended Coverage, Builder's Risk Installation Risk or similar coverage for "your work";
     ii. That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;
     iii. That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or
     iv. If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I -** Coverage A - Bodily Injury And Property Damage Liability.

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers. When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method of Sharing**
If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

*See* Great Lakes Policy, attached as **Exhibit 5**, at Section I (bold emphasis in original, bold/italic emphasis added).

26.     The Great Lakes Policy contains an Endorsement entitled, "Additional Insured—Owners, Lessees or Contractors—Scheduled Person or Organization" (hereafter, "**Additional Insured Endorsement**"), which states as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| *Silver Star Construction, Inc & it's Subsidiaries* <br> 2401 S Broadway <br> Moore, OK 73160 | Any and All Location(s) Of Covered Operations |

Fully Earned Premium for this Endorsement:     50.

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Section II - Who Is An Insured** *is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule*, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

      1.      Your acts or omissions; or

      *2.      The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above*.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

      1.      All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or

repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2.      That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

*See* Exhibit 5, at Additional Insured Endorsement (bold emphasis in original, bold/italic emphasis added).

27.     The Great Lakes Policy contains the following relevant definitions:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
**4.** "Coverage territory" means:
    a. The United States of America (including its territories and possessions), Puerto Rico and Canada; . . .
. . .
**9.** "Insured contract" means:
. . .
    f.  **That** part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. . . .

. . .
**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . .
**17.** "Property damage" means:
    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

> **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
>
> **b.** Any other alternative dispute resolution proceeding in which 'such damages are claimed and to which the insured submits with our consent.

*See* Exhibit 5, at Section V Definitions (bold emphasis in original).

28.     Contrary to the Hauling Services Agreement, the allegations of the Second Amended Petition in the Underlying Lawsuit allege that at the time of the subject automobile accident, Israel Juarez was an employee of Valle Trucking and Silver Star, and that Israel Juarez was acting within the course and scope of his employment with Valle Trucking and Silver Star.  *See* Exhibit 3, at ¶¶ 19, 33.

29.     On May 17, 2022, ZAIC sent a letter to Great Lakes, demanding that Great Lakes defend and indemnify Silver Star for the Underlying Lawsuit on a primary, non-contributory basis.  *See* Great Lakes Demand, attached as **Exhibit 6**.

30.     Great Lakes agreed to defend Silver Star, subject to a reservation of rights. *See* Doc. No. 1-2, Reservation of Rights Letter to Silver Star and ZAIC.

31.     Defendant/counterclaimant, ZAIC, issued a Commercial Insurance Business Automobile Policy to Silver Star Policy No. BAP 9809603-04 with effective dates of April 1, 2019 to April 1, 2020.

32.     The ZAIC Policy states in relevant part under the Business Auto Coverage Form as follows:

SECTION II – COVERED AUTOS LIABILITY COVERAGE

A. Coverage
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
. . .
We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. . . .
. . .

SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:
. . .
5. Other Insurance
    a. For any covered "auto" you own, this Coverage Form provide primary insurance.  For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. . . .
    b. For Hired Auto Phyical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own.  However, any "auto" that is leased, hired, rented or borrowed with a  driver is not a covered "auto."
    c. Regardless of the provision of Paragraph a. above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract."
    d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share.  Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

*See* ZAIC Policy, attached as **Exhibit 7**, at Business Auto Coverage Form, Sections II and IV.

33.    The ZAIC Policy contains a Coverage Extension Endorsement, which states in part as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:
**Business Auto Coverage Form**
**Motor Carrier Coverage Form**
**A. Amended Who Is An Insured**
**1.** The following is added to the **Who Is An Insured** Provision in **Section II — Covered Autos Liability Coverage:** The following are also "insureds":
. . .
c.   Anyone else who furnishes an "auto" referenced in Paragraphs **A.1.a.** and **A.1.b.** in this endorsement.

d.   Where and to the extent permitted by law, any person(s) or organization(s) where required by written contract or written agreement with you executed prior to any "accident", including those person(s) or organization(s) directing your work pursuant to such written contract or written agreement with you, provided the "accident" arises out of operations governed by such contract or agreement and only up to the limits required in the written contract or written agreement, or the Limits of Insurance shown in the Declarations, whichever is less.

**2.** The following is added to the **Other Insurance** Condition in the Business Auto Coverage Form and the **Other Insurance — Primary and Excess Insurance Provisions Condition** in the Motor Carrier Coverage Form:

***Coverage for any person(s) or organization(s), where required by written contract or written agreement with you executed prior to any "accident", will apply on a primary and non-contributory basis and any insurance maintained by the additional "insured" will apply on an excess basis.*** However, in no event will this coverage extend beyond the terms and conditions of the Coverage Form. . . .

*See* Exhibit 7, at Coverage Extension Endorsement (bold emphasis in original, bold/italic emphasis added).

34.     The ZAIC Policy contains the following relevant definitions:

A.     "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".
. . .
C.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.
. . .
M.     "Property damage" means damage to or loss of use of tangible property.

*See* Exhibit 7, at Section V, Definitions.

35.     Although ZAIC does not possess an unredacted certified copy of the Great Lakes Policy and does not possess a copy of the Business Auto Coverage Form or Motor Carrier Coverage Form for the Policy, ZAIC anticipates the Great Lakes Policy includes these coverage forms based upon the information set forth in the Great Lakes Certificates, which reference Valle Trucking as a trucking company, and also reference a "Dump Truck" under the "Description of Operations/Locations/Vehicles" in the Feb. 12, 2019 Great Lakes Certificate. ZAIC also anticipates that the Great Lakes Policy will have provisions similar to the afore-referenced provisions in the ZAIC Policy.

## IV.   CAUSE OF ACTION

36.     ZAIC incorporates by reference the allegations set forth in paragraphs 1 through 35 as is fully set forth herein.

37.     Defendant/counterclaimant, ZAIC, asserts this Counterclaim pursuant to 28 U.S.C §2201 et. seq. for the purpose of obtaining a Declaratory Judgment of its rights under the ZAIC Policy and the Great Lakes Policy.

38.     As shown by Great Lakes' Complaint and ZAIC's Answer to the Complaint, a justiciable controversy exists between the parties as to whether Great Lakes is obligated under the terms of the Hauling Service Agreement and the Great Lakes Policy to defend Silver Star in the underlying action in the District Court of Payne County and to indemnify Silver Star against any liability in that action.

39.     ZAIC asserts that pursuant to the terms of *JP Energy Marketing LLC v. Commerce and Industry Ins. Co., et al.,* 2018 OK CIV APP 14, 412 P.3d 121, the Hauling Service Agreement and the Great Lakes Policy, Great Lakes owes a duty to defend and indemnify Silver Star regarding the claims asserted against Silver Star in the Underlying Lawsuit.

WHEREFORE, premises considered, ZAIC prays that the Court enter judgment declaring that:

(i)     Pursuant to the Hauling Service Agreement, Great Lakes is obligated to defend Silver Star in the Underlying Lawsuit in the District Court of Payne County, Oklahoma and to indemnify Silver Star from any resulting loss in that action; and

(ii)    Determining the priority of coverage between Great Lakes, Berkshire, Progressive, and ZAIC.

ZAIC further requests an Order granting ZAIC all other relief to which it is entitled.

Respectfully Submitted,

**WILBURN, MASTERSON & HAMPTON**


By *s/Amy E. Hampton*

    **MICHAEL J. MASTERSON, OBA# 5769**
    **AMY E. HAMPTON, OBA # 20235**
    2421 E. Skelly Dr.
    Tulsa, OK  74105-6006
    (918) 494-0414
    FAX: (918) 493-3455
    E-Mail:
    mike.masterson@wilburnmasterson.com
    amy.hampton@wilburnmasterson.com
    Attorney for Defendant Zurich American Insurance Company

## CERTIFICATE OF SERVICE

I, Amy E. Hampton, hereby certify that on this 27th day of January, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system:

Michael S. Linscott
Doerner, Saunders, Daniel & Anderson, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Brian M. Keester
Doerner, Saunders, Daniel & Anderson, L.L.P.
2 West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Emily E. Allan
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
*Attorney for Great Lakes Insurance SE*

Mark A. Warman
Levinson, Smith & Huffman, P.C.
1743 South 71st Street
Tulsa, OK 74136-5108
*Attorney for Israel Juarez*

J. Chris Horton
J. Chris Horton, PC
PO Box 576
El Reno, OK 73036
*Attorney for Silver Star Construction Company, Inc.*

James A. Scimeca
Burch, George & Germany
1500 City Place Bldg.
204 N. Robinson, Ste 1500
Oklahoma City, OK 73102
*Attorney for Tylon Mackey*

Ryan Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

Andrew Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

*s/Amy E. Hampton*
**AMY E. HAMPTON**

AEH/aeh