# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GREAT LAKES INSURANCE SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 5:22-CV-00702-JD |
| vs. | ) Judge Jodi W. Dishman |
| | ) |
| 2. FREDY VALLE d/b/a VALLE TRUCKING, | ) |
| 3. SILVER STAR CONSTRUCTION COMPANY, INC., | ) |
| 4. TYLON MACKEY, | ) |
| 5. ISRAEL JUAREZ, | ) |
| 6. ORD TRUCKING, INC., and | ) |
| 7. ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Defendants. | ) |
| ---------------------------------------------------- | ) |
| 8. ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 9. BERKSHIRE HATHAWAY HOMESTATE INS. CO., and | ) |
| 10. PROGRESSIVE NORTHERN INS. CO., | ) |
| | ) |
| Third-Party Defendants. | ) |

**ZURICH AMERICAN INSURANCE COMPANY'S THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT AGAINST BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY AND PROGRESSIVE NORTHERN INSURANCE COMPANY**

For its Third-Party Complaint for Declaratory Judgment against Berkshire Hathaway Homestate Insurance Company ("**Berkshire**") and Progressive Northern Insurance Company ("**Progressive**"), Defendant/Third-Party Plaintiff Zurich American Insurance Company ("**ZAIC**") alleges and states:

### I.   PARTIES

1. Defendant/Third-Party Plaintiff, ZAIC, is a New York corporation with its home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

2. ZAIC conducts business in Oklahoma and may be served with process via the Oklahoma Insurance Department.

3. Berkshire is a foreign insurance company domiciled in Nebraska.

4. Berkshire conducts business in Oklahoma and may be served with process via the Oklahoma Insurance Department.

5. Progressive is a foreign insurance company domiciled in Wisconsin.

6. Progressive conducts business in Oklahoma and may be served with process via the Oklahoma Insurance Department.

### II.   JURISDICTION AND VENUE

7. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure that seeks a declaration of the parties' rights and obligations and seeks to prevent an insurer from avoiding its obligations under a commercial general liability policy.

8. An action has been filed in the District Court of Payne County, Oklahoma, styled as *Tylon Mackey v. Israel Juarez, ORD Trucking, Inc., Fredy N. Valle Sr. d/b/a Valle Trucking and Silver Star Construction Company, Inc.*, Payne County, Oklahoma District Court Case No. CJ-20-233 ("**Underlying Lawsuit**").

9. The Underlying Lawsuit arises out of an automobile accident which occurred in Payne County, Oklahoma on September 4, 2019, which involved Israel Juarez and Tylon Mackey.

10. At all times pertinent to the Underlying Lawsuit, ZAIC had in force and effect its Commercial Insurance Business Automobile Policy, Policy No. BAP 9809603-04 (the "**ZAIC Policy**"), in which Silver Star Construction Company, Inc. ("**Silver Star**") was its insured.

11. At all times pertinent to the Underlying Lawsuit, on February 8, 2019 Berkshire issued to Silver Star its Certificate of Liability Insurance ("**Berkshire Certificate**") Certificate number 226020 stating that the Automobile Liability, Motor Truck Cargo, and Physical Damage Policy, Policy No. 02TRM 033027-01 (the "**Berkshire Policy**") effective dates are February 8, 2019 through February 8, 2020, and lists Fredy N. Valle Sr. dba Valle Trucking as the insured, and Silver Star and its subsidiaries as the certificate holder and "ADDITIONAL INSURED." The Berkshire Certificate provides limits of $1,000,000.00 in liability coverage for each accident and the Certificate specifically listed, as the Vehicle insured the 1999 Mack CH613 dump truck, last 4 of VIN number 0371, which was the vehicle involved in the accident. *See* Berkshire Certificate, attached as **Exhibit 1**.

12. At all times pertinent to the Underlying Lawsuit, Progressive Northern Insurance Company had in force and effect its Automobile Liability Policy, Policy No. 0040190612 (the "Progressive Policy"). Progressive's Certificate of Liability Insurance was issued on September 5, 2019 ("**Progressive Certificate**") the day immediately following the September 4, 2019 accident. The Progressive Certificate effective dates are July 12, 2019 through July 12, 2020, lists Fredy Valle and Valle Trucking as the insured, and Silver Star and its subsidiaries as the certificate holder. The Progressive Certificate provides limits of $1,000,000.00 in liability coverage for each accident. *See* Progressive Certificate, attached as **Exhibit 2**. In addition, pursuant to 49 U.S.C., § 302(b)(2), Progressive filed FORM E UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE with the Oklahoma Corporation Commission Transportation Division on December 5, 2019, (which was subsequent to the September 4, 2019 accident) certifying Progressive Northern Insurance Company provided Fredy N. Valle Senior, Valle Trucking, a policy of insurance effective from July 12, 2019 12:01 AM standard time. The Form E states as follows:

> This is to certify, that he United Financial Casualty Company (hereinafter called Company) of PO BOX 94739, CLEVELAND, OH 44101 has issued to FREDY N VALLE SR of 813 NW 139TH, OKLAHOMA CITY, OK 73013 a policy or policies of insurance effective from 07/19/2007 12:01 A.M., standard time at the address of the insured stated in said policy or policies and continuing until canceled, which, by attachment of the Uniform Motor Carrier bodily injury and property damage liability insurance covering the obligations imposed upon such motor carrier by the provisions of the motor carrier law of the State in which the Commission has jurisdiction or regulations promulgated in accordance therewith.
> . . .
> This certificate and the endorsement described herein may not be canceled without cancellation of the policy to which it is attached. Such cancellation

may be effected by the company or the insured giving thirty (30) days notice in writing to the State Commission, such thirty (30) days notice to commence to run from the date notice is actually received in the office of the Commission.

*See* Oklahoma Corporation Commission Documents, attached hereto as **Exhibit 3**.

13. Notice of cancellation to the State can be accomplished by filing a "Form K UNIFORM NOTICE OF CANCELLATION OF MOTOR CARRIER INSURANCE POLICIES".

14. Progressive was aware of this cancellation requirement as they had filed a "Form K" on December 7, 2018 canceling a previous policy, issued to insured Valle Trucking, effective January 11, 2019. *See* Exhibit 3, at p. 31.

15. As the Underlying Lawsuit arises out of an automobile accident which occurred in Payne County, Oklahoma on September 4, 2019, both of Progressive's Certificate of Liability Insurance and FORM E UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE establish that they provided insurance to Fredy Valle and Valle Trucking on both the day of the accident and the truck involved in the accident.

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Berkshire, Progressive and ZAIC, and ZAIC is seeking damages in excess of $75,000, exclusive of interests and costs. Thus, all jurisdictional requirements set forth in 28 U.S.C. § 1332 are met.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This judicial district is where the Underlying Lawsuit arose and where the automobile accident which is the subject of the Underlying Lawsuit occurred.

### III. STATEMENT OF FACTS

18. The Berkshire Certificate issued on February 8, 2019 has effective dates of February 8, 2019 through February 8, 2020, and lists Fredy N. Valle Sr. dba Valle Trucking as the insured, and Silver Star and its subsidiaries as the certificate holder and "ADDITIONAL INSURED." The Berkshire Certificate reflects limits of $1,000,000.00 in liability coverage for each accident under the Berkshire Policy. *See* Exhibit 1.

19. The Progressive Certificate issued on September 5, 2019 has effective dates of July 12, 2019 through July 12, 2020, and lists Fredy Valle and Valle Trucking as the insured, and Silver Star and its subsidiaries as the certificate holder. The Progressive Certificate reflects limits of $1,000,000.00 in liability coverage for each accident under the Progressive Policy. *See* Exhibit 2.

20. On September 4, 2019, Tylon Mackey and Israel Juarez were involved in an automobile accident in Payne County, Oklahoma.

21. Tylon Mackey filed the Underlying Lawsuit in the District Court of Payne County, Oklahoma on July 8, 2020.

22. The Second Amended Petition in the Underlying Lawsuit includes, *inter alia*, the following allegations:

> 7. This is an action by Plaintiff to recover actual and punitive damages for the negligence, gross negligence and reckless disregard for safety of others, including Plaintiff, by all Defendants. Such conduct resulted in

> Defendants' vehicle striking the Plaintiff That impact caused severe injuries to Plaintiff at or near the intersection of State Highway 51 and Murphy Street near the City of Stillwater, Payne County, Oklahoma. This violent collision occurred on or about the 4th day of September 2019.
> . . .
> 18.   On or about September 4, 2019, Plaintiff was driving his vehicle eastbound on State Highway 51 near the city of Stillwater.
> 19.   At the same time, Defendant Juarez, who was employed by ORD Trucking, Valle Trucking and Silver Star, was operating a vehicle owned by ORD Trucking, traveling northbound on Murphy Street near the city of Stillwater.
> 20.   Defendant Juarez failed to yield the right of way from a stop sign at the intersection of State Highway 51 and Murphy St. and violently collided with the vehicle of Plaintiff.
> 21.   Defendant Juarez was driving recklessly and carelessly when he caused this violent collision and severely injured Plaintiff
> 22.   Defendant Juarez was operating a motor vehicle that was unsafe and improperly inspected, repaired and maintained when he caused this violent collision and severely injured Plaintiff.
> 23.   ORD Trucking, Valle Trucking, and Silver Star knew or should have known the motor vehicle operated by Defendant Juarez was unsafe and improperly inspected, repaired and maintained.
> 24.   ORD Trucking, Valle Trucking, and Silver Star knew or should have known of Defendant Juarez's history of reckless, careless, and intoxicated driving.
> 25.   As a direct result or Defendants' unlawful and malicious conduct, Plaintiff sustained serious and painful injuries. He also incurred significant medical expenses and lost wages.
> . . .
> 31.   At the time of the collision, the company vehicle being driven by Defendant Juarez was owned by Defendant ORD Trucking.
> . . .
> 33.   At the time of the collision, Defendant Juarez was driving the company vehicle while in the course and scope of his employment with ORD Trucking, Valle Trucking, and Silver Star.

*See* Second Amended Petition in Underlying Lawsuit, attached as **Exhibit 4**.

23.   The Underlying Lawsuit asserts claims against the defendants therein, including Silver Star, for the following: negligence/negligence per se and negligent hiring, training, screening and supervision (respondeat superior).   *See* Exhibit 4.

24. The Underlying Lawsuit seeks actual and punitive damages against Silver Star in excess of $1,000,000.00, plus costs, attorney fees, and interest. *See* Exhibit 4.

25. On February 7, 2019, Silver Star and Valle Trucking entered into a Hauling Services Agreement, whereby Valle Trucking "Hauler" agreed to deliver, transport, and/or haul materials for Silver Star. *See* Hauling Services Agreement, attached as **Exhibit 5**.

26. The Hauling Services Agreement includes, *inter alia*, the following provisions:

RECITALS

WHEREAS, SILVER STAR is engaged in the paving, grading, excavation and heavy construction business, and various operations thereto. Silver Star's operations requires the need for the transportation of various materials or equipment (hereinafter referred to as "materials");

WHEREAS HAULER is an independent contractor engaged in the business of delivering, transporting, and/or hauling various types of freight and materials by motor vehicle, on behalf of others;

…

Furthermore, HAULER SHALL:
A. Maintain the exclusive possession, control and use of all of the equipment that may be required to fulfill the requirements of this Agreement.
[ ]. Do all other things necessary, and in good faith, to provide the services provided for in this Agreement, in accordance with all applicable laws, regulations, published tariffs, bills of lading, and any other valid authorities.
B. Fully maintain HAULER'S equipment at HAULER'S own expense, providing all necessary equipment to safely haul SILVER STAR materials such as tarps, aprons, tail gate seals, etc. HAULER shall also provide at his expense repairs, fuel, oil, tires, road use taxes, tolls, fines, moving and weight violations, plates, trip permits and any other levies, expenses or assessments arising from HAULER's operation of equipment;

  C. To the fullest extent allowable by law, hold SILVER STAR harmless as to any and all Federal, State and local governmental agencies on account of withholding, employment taxes or any other actions arising from HAULER'S operations;

  D. Maintain a policy or policies of insurance coverage, as set forth more particularly herein, which provide contractual liability coverage and which shall also name SILVER STAR as an additional insured on the policy or policies.

2. <u>INDEMNITY:</u> To the fullest extent permitted by law, HAULER agrees to hold harmless and unconditionally indemnity SILVER STAR against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which SILVER STAR may at any time suffer or incur, or become liable for, by reason of any accidents, damages or injuries sustained either to persons or property, including but not limited to employees or agents of Silver Star and/or Hauler, and/or any third parties, arising out of the services performed by HAULER pursuant to this Agreement, regardless of whether such injury or damage was caused in whole or in part, to any degree, by HAULER. It is the express intent of the parties to this Agreement that the indemnity obligations described herein are for the benefit of SILVER STAR unless the injury or damage sustained arose directly from SILVER STAR's negligence. It is also the express intent of the parties to this Agreement that the indemnity obligations hereunder apply to injury and/or damages sustained to any person or property, and that no remedy provided to the HAULER'S employees under any applicable workers' compensation act shall operate to circumvent the obligations as referenced in this Agreement.

3. INSURANCE:

  A. HAULER agrees to purchase and maintain a commercial general liability insurance policy or policies, providing coverage for damage to both property and injury to persons, expressly insuring HAULER'S indemnity obligations above, in an amount not less than One Million Dollars ($1,000,000.00) for each occurrence, and Two Million Dollars ($2,000,000) in the aggregate, and including coverage for losses failing within the "products-completed operations hazard".

  B. HAULER further agrees to purchase an applicable commercial motor vehicle insurance policy, providing coverage for both damage to property and injury to persons, expressly insuring HAULER'S indemnity obligations referenced above, in an amount not less than One Million Dollars ($1,000,000.00) combined single limit.

    C. HAULER agrees to name SILVER STAR as an additional insured under its commercial general liability and automobile policies referenced herein, on a primary and non-contributory basis, without restriction as to fault or liability. HAULER agrees to furnish SILVER STAR with Certificates of Insurance identifying each carrier and policy, evidencing HAULER'S compliance with the obligations as set forth in this Agreement, and which state that the coverage afforded under the policy will not be canceled or terminated until at least thirty days written notice is given to SILVER STAR. HAULER further agrees that the insurance provided to SILVER STAR as set forth in the Agreement shall not operate to preclude, circumvent or nullify any obligation assumed by it in paragraph 2 above, to indemnify SILVER STAR for any loss or damage sustained to any person or property.

    D. HAULER waives all rights against SILVER STAR and its agents, officers, directors and employees for recovery of damages to the extent these damages are covered by commercial general liability, business auto liability or workers compensation insurance maintained by HAULER, as required herein.

*See* Exhibit 5.

  27. Contrary to the Hauling Services Agreement, the allegations of the Second Amended Petition in the Underlying Lawsuit allege that at the time of the subject automobile accident, Israel Juarez was an employee of Valle Trucking and Silver Star, and that Israel Juarez was acting within the course and scope of his employment with Valle Trucking and Silver Star. *See* Exhibit 4, at ¶¶ 19, 33.

  28. On May 17, 2022, Zurich sent a letter to Berkshire, demanding that Berkshire defend and indemnify Silver Star for the Underlying Lawsuit on a primary, non-contributory basis. *See* Berskshire Demand, attached as **Exhibit 6.**

  29. By letter dated June 20, 2022, Berkshire declined to accept the tender and disclaimed its duty to defend or indemnify "Ceres." It appears "Ceres" was inadvertently referenced instead of Silver Star. *See* Berkshire Denial, attached as **Exhibit 7**.

30. Although it denies defense and indemnity to Silver Star on grounds that the policy was allegedly cancelled effective July 12, 2019, Berkshire's letter of June 20, 2022 does not provide any information regarding when the cancellation was requested or provide any supporting documents or notice of cancellation to allow Silver Star to determine whether the cancellation was requested after the date of the subject accident.

31. On May 17, 2022, Zurich sent a letter to Progressive, demanding that Progressive defend and indemnify Silver Star for the Underlying Lawsuit on a primary, non-contributory basis. *See* Progressive Demand, attached as **Exhibit 8**. On September 19, 2022 Chris Horton, attorney for Silver Star in the underlying matter made demand upon Progressive for "Defense and Indemnity Pursuant to the Hauling Agreement" attached as **Exhibit 9**.

32. To date, neither ZAIC or Silver Star have received a written response from Progressive as to ZAIC's May 17, 2022 tender of defense of the Underlying Lawsuit or Silver Star's September 19, 2022 demand upon Progressive for "Defense and Indemnity Pursuant to the Hauling Agreement".

33. Defendant/Third-Party Plaintiff, ZAIC, issued a Commercial Insurance Business Automobile Policy to Silver Star, Policy No. BAP 9809603-04 ("**ZAIC Policy**") with effective dates of April 1, 2019 to April 1, 2020. *See* ZAIC Policy, attached as **Exhibit 10**.

34. The ZAIC Policy states in relevant part under the Business Auto Coverage Form as follows:

SECTION II – COVERED AUTOS LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

. . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. . . .

. . .

SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

. . .

5. Other Insurance

  a. For any covered "auto" you own, this Coverage Form provide primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. . . .
  b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto."
  c. Regardless of the provision of Paragraph a. above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract."
  d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

*See* Exhibit 10, Business Auto Coverage Form, at Sections II and IV.

35. The ZAIC Policy contains a Coverage Extension Endorsement, which states in part as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:
**Business Auto Coverage Form**
**Motor Carrier Coverage Form**
**A. Amended Who Is An Insured**
**1.** The following is added to the **Who Is An Insured** Provision in **Section II — Covered Autos Liability Coverage:** The following are also "insureds":
. . .
c.  Anyone else who furnishes an "auto" referenced in Paragraphs **A.1.a.** and **A.1.b.** in this endorsement.

d. Where and to the extent permitted by law, any person(s) or organization(s) where required by written contract or written agreement with you executed prior to any "accident", including those person(s) or organization(s) directing your work pursuant to such written contract or written agreement with you, provided the "accident" arises out of operations governed by such contract or agreement and only up to the limits required in the written contract or written agreement, or the Limits of Insurance shown in the Declarations, whichever is less.

**2.** The following is added to the **Other Insurance** Condition in the Business Auto Coverage Form and the **Other Insurance — Primary and Excess Insurance Provisions Condition** in the Motor Carrier Coverage Form:

***Coverage for any person(s) or organization(s), where required by written contract or written agreement with you executed prior to any "accident", will apply on a primary and non-contributory basis and any insurance maintained by the additional "insured" will apply on an excess basis***. However, in no event will this coverage extend beyond the terms and conditions of the Coverage Form. . . .

*See* Exhibit 10, at Coverage Extension Endorsement (bold emphasis in original, bold/italic

emphasis added).

      36.    The ZAIC Policy contains the following relevant definitions:

      A.    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

> . . .
> C.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.
> . . .
> M.    "Property damage" means damage to or loss of use of tangible property.

*See* Exhibit 10, at Section V, Definitions.

37. Although ZAIC does not possess a copy of the either the Berkshire or Progressive Policies, ZAIC anticipates the Berkshire and Progressive Policies both contain Business Auto Coverage Forms, as well as Motor Carrier Coverage Forms, and ZAIC also anticipates that the Policies will have provisions similar to the afore-referenced provisions in the ZAIC Policy.

## IV.    CAUSE OF ACTION

38. ZAIC incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. Defendant/Third-Party Plaintiff, ZAIC, asserts this Third-Party claim pursuant to 28 U.S.C §2201 et. seq. for the purpose of obtaining a Declaratory Judgment of its rights under the ZAIC Policy, Berkshire Policy, and the Progressive Policy.

40. A justiciable controversy exists between the parties as to whether ZAIC is obligated under the ZAIC Policy, Berkshire Policy, or the Progressive Policy to defend Silver Star in the underlying action in the District Court of Payne County or to indemnify Silver Star against any liability in that action.

41. The allegations of the Second Amended Petition against Silver Star in the Underlying Lawsuit, pursuant to the terms of the Hauling Service Agreement which makes

Silver Star an additional insured under the Berkshire Policy, trigger Berkshire's duty to defend Silver Star as an additional insured under the Berkshire Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121.

42. The allegations of the Second Amended Petition against Silver Star in the Underlying Lawsuit, pursuant to the terms of the Hauling Service Agreement which makes Silver Star an additional insured under the Progressive Policy, trigger Progressive's duty to defend Silver Star as an additional insured under the Progressive Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121.

43. The allegations of the Second Amended Petition against Silver Star in the Underlying Lawsuit, pursuant to the terms of the Hauling Service Agreement, trigger Berkshire's duty to indemnify Silver Star as an additional insured under the Berkshire Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121, should the Plaintiff in the Underlying Lawsuit be granted a judgment against Silver Star.

44. The allegations of the Second Amended Petition against Silver Star in the Underlying Lawsuit, pursuant to the terms of the Hauling Service Agreement which makes Silver Star an additional insured under the Progressive Policy, trigger Progressive's duty to indemnify Silver Star as an additional insured under the Progressive Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14,

412 P.3d 121, should the Plaintiff in the Underlying Lawsuit be granted a judgment against Silver Star.

45.     ZAIC asserts that pursuant to the terms of the Berkshire Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121, Berkshire owes a duty to Silver Star to defend and indemnify Silver Star regarding the claims asserted against Silver Star in the Underlying Lawsuit.

46.     ZAIC asserts that pursuant to the terms of the Progressive Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121, Progressive owes a duty to Silver Star to defend and indemnify Silver Star regarding the claims asserted against Silver Star in the Underlying Lawsuit.

WHEREFORE, premises considered, ZAIC prays that the Court enter judgment declaring that:

(i)     Pursuant to the terms of the Hauling Service Agreement, the Berkshire Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121, Berkshire is obligated to defend Silver Star in the Underlying Lawsuit in the District Court of Payne County, Oklahoma and to indemnify Silver Star from any resulting loss in that action; or in the alternative,

(ii)    Pursuant to the terms of the Hauling Service Agreement, the Progressive Policy and *JP Energy Marketing LLC v. Commerce and Industry Ins. Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121, Progressive is obligated to defend Silver Star in the Underlying Lawsuit in the District Court of Payne County,

Oklahoma and to indemnify Silver Star from any resulting loss in that action; and

(iii) Determining the priority of coverage between Great Lakes, Berkshire, Progressive and ZAIC.

ZAIC further requests an Order granting ZAIC all other relief to which it is entitled.

Respectfully Submitted,

**WILBURN, MASTERSON & HAMPTON**

By *s/Amy E. Hampton*
**MICHAEL J. MASTERSON, OBA# 5769**
**AMY E. HAMPTON, OBA # 20235**
2421 E. Skelly Dr.
Tulsa, OK  74105-6006
(918) 494-0414
FAX: (918) 493-3455
E-Mail:
mike.masterson@wilburnmasterson.com
amy.hampton@wilburnmasterson.com
Attorney for Defendant Zurich American Insurance Company

## **CERTIFICATE OF SERVICE**

I, Amy E. Hampton, hereby certify that on this 27th day of January, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system:

Michael S. Linscott
Doerner, Saunders, Daniel & Anderson, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Brian M. Keester
Doerner, Saunders, Daniel & Anderson, L.L.P.
2 West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Emily E. Allan
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
*Attorney for Great Lakes Insurance SE*

Mark A. Warman
Levinson, Smith & Huffman, P.C.
1743 South 71st Street
Tulsa, OK 74136-5108
*Attorney for Israel Juarez*

J. Chris Horton
J. Chris Horton, PC
PO Box 576
El Reno, OK 73036
*Attorney for Silver Star Construction Company, Inc.*

James A. Scimeca
Burch, George & Germany
1500 City Place Bldg.
204 N. Robinson, Ste 1500
Oklahoma City, OK  73102
*Attorney for Tylon Mackey*

Ryan Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

Andrew Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

*s/Amy E. Hampton*
**AMY E. HAMPTON**

AEH/aeh