IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GREAT LAKES INSURANCE SE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-702-JD |
| | ) | |
| (2) FREDY VALLE d/b/a VALLE TRUCKING; | ) | |
| (3) SILVER STAR CONSTRUCTION COMPANY, INC.; | ) | |
| (4) TYLON MACKEY; | ) | |
| (5) ISRAEL JUAREZ; | ) | |
| (6) ORD TRUCKING, INC.; | ) | |
| (7) ZURICH AMERICAN INS. CO. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| (8) ZURICH AMERICAN INS. CO., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| (9) BERKSHIRE HATHAWAY HOMESTATE INS. CO., and | ) | |
| (10) PROGRESSIVE NORTHERN INS. CO., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**PLAINTIFF'S ANSWER TO ZURICH AMERICAN INSURANCE COMPANY'S COUNTERCLAIM**

Plaintiff, Great Lakes Insurance SE ("Great Lakes" or "Plaintiff") submits its answer to Zurich American Insurance Company ("Zurich") Counterclaim, as follows:

1

Each material allegation in Zurich's Counterclaim applicable to Plaintiff is expressly denied, except those allegations specifically admitted herein and only to the extent specifically admitted.

## I. PARTIES

1. Plaintiff has insufficient knowledge to admit or deny the allegations contained in paragraph 1 and 2.

2. Plaintiff admits the allegations contained in paragraph 3 and 4.

## II. JURISDICTION AND VENUE

3. Paragraph 5 contains legal citations and conclusions which are improper for a Complaint, and to which no response is required. To the extent that a response is required, Zurich's Counterclaim speaks for itself on the subject of Paragraph 5, otherwise, the allegations in Paragraph 5 are denied.

4. Plaintiff admits the allegations in paragraphs 6 and 7.

5. Plaintiff has insufficient information to either admit or deny the allegations contained in paragraph 8.

6. For response to paragraphs 9, 10, and 11 Plaintiff admits that Great Lakes issued a Commercial General Insurance Policy No. GLG022472 (the "Policy") on February 20, 2019, to Valle Trucking, covering a Policy period from February 11, 2019, to February 11, 2020. An endorsement in the Policy also names Silver Star as an additional insured. The remaining allegations are denied.

7. For response to the allegations contained in paragraphs 12 and 13 Plaintiff admits that Zurich invokes this court's diversity jurisdiction and the underlying lawsuit occurred in Payne County, Oklahoma. The remaining allegations are denied.

### III.   STATEMENT OF FACTS

8. For response to paragraphs 14 and 15 Plaintiff admits that Great Lakes issued the Policy, the terms of which speak for themselves. The remaining allegations are denied.

9. Plaintiff admits the facts contained in paragraph nos. 16 and 17.

10. Plaintiff admits the facts contained in paragraph 18.

11. Plaintiff admits the facts contained in paragraph 19.

12. Plaintiff admits the facts contained in paragraph 20.

13. Plaintiff admits the facts contained in paragraph 21.

14. Plaintiff admits the facts contained in paragraph 22.

15. Plaintiff admits the facts contained in paragraph 23.

16. For response to paragraph 24, Plaintiff admits that Great Lakes issued the Policy, the terms of which speak for themselves. The remaining allegations are denied.

17. For response to paragraph 25, Plaintiff admits that the provisions cited by Zurich are contained within the Policy, the terms of which speak for themselves. The remaining allegations are denied.

18. For response to paragraph 26, Plaintiff admits that the provisions cited by Zurich are contained within the Policy, the terms of which speak for themselves. The remaining allegations are denied.

19. For response to paragraph 27, Plaintiff admits that the provisions cited by Zurich are contained within the Policy, the terms of which speak for themselves. The remaining allegations are denied.

20. For response to paragraph 28, Plaintiff admits that there are pending allegations in the underlying lawsuit that at the time of the accident Israel Juarez was an employee of Valle Trucking and Silver Star. The remaining allegations are denied.

21. For response to paragraph 29, Plaintiff admits that Zurich demanded it indemnify Silver Star for the underlying lawsuit. The remaining allegations are denied.

22. Plaintiff admits the allegations in paragraph 30.

23. Plaintiff has insufficient information to either admit or deny the allegations contained in paragraph nos. 31, 32, 33 and 34.

24. Paragraph 35 do not state any claims or allegations against Plaintiff and therefore no answer is required. To the extent any answer is required, Plaintiff denies any allegations contained in paragraph 35.

**IV.   CAUSE OF ACTION**

25. Paragraph 36 do not state any claims or allegations against Plaintiff and therefore no answer is required. To the extent any answer is required, Plaintiff denies any allegations contained in paragraph 36.

26. Paragraph 37 do not state any claims or allegations against Plaintiff and therefore no answer is required. To the extent any answer is required, Plaintiff denies any allegations contained in paragraph 37.

27. For response to paragraph 38, Plaintiff admits that there exists a justiciable controversy between the parties. The remaining allegations are denied.

28. Plaintiff denies the allegations contained in paragraph 39, the paragraph beginning with "WHEREFORE" and Zurich's prayer for relief.

## AFFIRMATIVE DEFENSES

By asserting the following defenses Plaintiff does not concede that it has the burden of proof or persuasion of any of these issues, such determination to be made by applicable law. As discovery has not yet begun, Plaintiff reserves the right to amend, supplement or withdraw its affirmative defenses as additional facts concerning its defenses become known. As separate and distinct affirmative defenses, Plaintiff asserts the following:

1. Zurich has failed to state a claim upon which relief may be granted.

2. Zurich did not have a reasonable expectation of coverage.

3. Plaintiff is entitled to the declaratory relief requested in its Complaint, so where the relief requested by Zurich is inconsistent with the relief requested by Plaintiff, Zurich in not entitled to the relief it seeks in this Counterclaim.

4. Plaintiff does not have a contractual duty to provide Silver Star with a defense or indemnity in the underlaying lawsuit.

5. Zurich is barred by waiver and estoppel.

6. Plaintiff does not have a duty under the Hauling Agreement to provide coverage.

7. Plaintiff's denial of coverage is not against public policy.

8. Zurich's claims are premature and/or lacks ripeness.

9. Plaintiff reserves the right to amend its answer to assert additional defenses.

> DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.
>
> By: *s/Emily Allan*
> Michael Linscott, OBA No. 17266
> Brian M. Keester, OBA No. 33208
> Two West Second Street, Suite 700
> Tulsa, OK  74103-3117
> Telephone 918.591.5288
> Facsimile 918.925.5288
> Email:  mlinscott@dsda.com
>             bkeester@dsda.com
>
> -and-
>
> Emily E. Allan, OBA No. 33456
> 210 Park Avenue, Suite 1200
> Oklahoma City, OK 73102
> Telephone: 405-898-8653
> Fax: 405-898-8683
> Email: eallan@dsda.com
>
> ***Attorneys for Plaintiff Great Lakes Insurance SE***

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that, on February 17, 2023, I electronically transmitted the above document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System, including all counsel of record.

*s/Emily Allan*

6414123.1