IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

GREAT LAKES INSURANCE SE,           )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )        Case No. CIV-22-702-JD
FREDY VALLE d/b/a VALLE             )
TRUCKING;                           )
SILVER STAR CONSTRUCTION            )
COMPANY, INC.;                      )
TYLON MACKEY;                       )
ISRAEL JUAREZ;                      )
ORD TRUCKING, INC.;                 )
ZURICH AMERICAN INS. CO.,           )
                                    )
        Defendants.                 )
_____)
ZURICH AMERICAN INS. CO.            )
                                    )
        Third-Party Plaintiff,      )
                                    )
BERKSHIRE HATHAWAY                  )
HOMESTATE INS. CO., and             )
PROGRESSIVE NORTHERN                )
INS. CO.                            )
                                    )
        Third-Party Defendants.     )

**DEFENDANT ISRAEL JUAREZ'S ANSWER
TO COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW the Defendant, Israel Juarez and for his Answer to the Complaint for

Declaratory Judgment would allege and state as follows:

1.      This Defendant is without sufficient information to either admit or deny the

allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2.      This Defendant is without sufficient information to either admit or deny the

allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

4.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5.      This Defendant admits that Defendant Mackey is an Oklahoma resident but is without sufficient information to admit or deny the specific allegations in Paragraph 5 of the Complaint and therefore denies the same.

6.      This Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8.      This Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.      This Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     This Defendant admits that the underlined lawsuit filed in the District Court of Payne County does make the allegations contained in Paragraph 10 of the Complaint but denies the accuracy of those allegations. To the extent applicable herein this Defendant denies the allegations contained in Paragraph.

11.     This Defendant is without sufficient information to either admit or deny that allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

12.     This Defendant is without sufficient information to either admit or deny that allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13.     This Defendant admits that the policy referred to contains the language contained in Paragraph 13 of the Complaint but would further clarify that it does not contain the entire coverage section.

14.     This Defendant admits that the policy at issue contains endorsements and exclusions but is without sufficient information to either admit or deny the endorsements and exclusions in Paragraph 14 of the Complaint and therefore denies the applicability of the same.

15.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17.     This Defendant admits that Great Lakes seeks the Declaration as alleged in Paragraph 17 of the Complaint but disclaims and stands mute on the coverage issues alleged in said Paragraph.

18.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19.     This Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.     This Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     This Defendant admits that the underlined lawsuit makes various allegations as contained in Paragraph 21 of the Complaint but denies the accuracy of those allegations. Furthermore, this Defendant disclaims any interest regarding the coverage obligations contained in those allegations in Paragraph 21 of the Complaint.

22.     This Defendant admits the allegations contained in Paragraph 22 of the Complaint to the extent it references the "police report" but disclaims any interest in regard to the coverage allegations contained therein.

23.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25.     This Defendant admits the allegations contained in Paragraph 25 of the Complaint to the extent that there is a "hauling agreement". This Defendant is without any information regarding said hauling agreement.

26.     This Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27.     This Defendant disclaims any interest in the allegations contained in Paragraph 27 of the Complaint. To the extent said Paragraph applies to this Defendant it is denied.

28.     This Defendant denies the allegations contained in Paragraph 28 and demands strict proof thereof.

29.     This Defendant admits that the underlying lawsuit makes the allegations

stated in Paragraph 29 of the Complaint but denies the accuracy of those allegations.

30.     This Defendant disclaims any interest in the allegations contained in Paragraph 30 of the Complaint. To the extent those allegations apply to this Defendant, they are specifically denied.

31.     This Defendant denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33.     This Defendant admits that Great Lakes seeks a judicial declaration regarding the coverage issues but disclaims any interest regarding the same. To that extent said Paragraph 33 of the Complaint applies to this Defendant, it is denied.

## **AFFIRMATIVE DEFENSES**

1.     This Defendant is not a proper party to this lawsuit and should be dismissed herein.

2.     Plaintiff's Complaint state fails to state a cause of action against this Defendant for which relief may be granted.

WHEREFORE, premises considered this Defendant, respectfully prays that the Plaintiff takes nothing against him by way of their Complaint and that he be granted judgment and/or a dismissal of all claims against him together with interest, costs and attorney fees as allowed by law.

Respectfully submitted,

LEVINSON, SMITH & HUFFMAN, P.C.


s/ *Mark A. Warman*
Mark A. Warman
1743 East 71st Street
Tulsa, OK 74119
(918) 492-4433
(918) 492-6224- fax
m.warman@lsh-law-firm.com

*Attorney for Def. Israel Juarez*




## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, I electronically transmitted the attached document to the Clerk of Court using Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.


*s/ Mark A. Warman*
Mark A. Warman