IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GREAT LAKES INSURANCE SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-702-JD |
| | ) |
| (2) FREDY VALLE d/b/a VALLE TRUCKING; | ) |
| (3) SILVER STAR CONSTRUCTION COMPANY, INC.; | ) |
| (4) TYLON MACKEY; | ) |
| (5) ISRAEL JUAREZ; | ) |
| (6) ORD TRUCKING, INC.; | ) |
| (7) ZURICH AMERICAN INS. CO. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| (8) ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| | ) |
| (9) BERKSHIRE HATHAWAY HOMESTATE INS. CO., and | ) |
| (10) PROGRESSIVE NORTHERN INS. CO., | ) |
| | ) |
| Third-Party Defendants. | ) |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:     April 26, 2023

Appearing for Plaintiff:   Michael Linscott, OBA #17266
　　　　　　　　　　　　　Emily Allan, OBA #33456
　　　　　　　　　　　　　Doerner Saunders Daniel & Anderson
　　　　　　　　　　　　　210 Park Avenue, Suite 1200
　　　　　　　　　　　　　Oklahoma City, OK  73102
　　　　　　　　　　　　　(405) 319-3500 Telephone

                (405) 319-3509 Facsimile
                mlinscott@dsda.com
                eallan@dsda.com

Appearing for Defendant/
Third-Party Plaintiff Zurich
American Insurance Company:  Michael J. Masterson, OBA #5769
                Amy E. Hampton, OBA # 20235
                Wilburn, Masterson & Hampton
                2421 E. Skelly Dr.
                Tulsa, OK 74105
                Tel. (918) 494-0414
                Fax (918) 493-3455
                mike.masterson@wilburnmasterson.com
                amy.hampton@wilburnmasterson.com

Appearing for Defendant
Tylon Mackey:

                James A. Scimeca, OBA #10950
                Burch, George, Germany
                204 N. Robinson Avenue, Suite 1500
                Oklahoma City, Oklahoma 73102
                Office: (405) 239-7711
                Direct: (405) 367-1318
                email:   jscimeca@burch-george.com

                and

                Ryan Polchinski
                Andrew Polchinski
                Dan Davis Law
                300 N. Walnut Ave.
                Oklahoma City, Oklahoma 73104
                AndrewP@dandavislaw.com
                RyanP@dandavislaw.com


Appearing for Defendant
Israel Juarez:              Mark Warman
                Levinson, Smith & Huffman
                1743 E. 71st
                Tulsa, Oklahoma 74136

|   |   |
|---|---|
| Appearing for Defendant Silver Star Construction Company, Inc.: | m.warman@lsh-law-firm.com |
|  | J. Chris Horton, OBA#19334<br>J. CHRIS HORTON, PC<br>P.O. Box 576<br>El Reno, OK 73036<br>Telephone: 405-317-4423<br>jchrishorton@live.com |
| Appearing for Third-Party Defendant Progressive Northern Insurance Co. | Christopher C. King / Bradley E. Bowlby<br>Starr, Begin & King, PLLC<br>1800 S. Baltimore Ave., Ste 550<br>Tulsa, Oklahoma 74119<br>Office: (918) 872-0373/4<br>Fax: (918) 872-0381<br>kris.king@tulsalawyer.org<br>brad.bowlby@tulsalawyer.org |

**Jury Trial Demanded-  Non-Jury Trial** ☑

1. **BRIEF PRELIMINARY STATEMENT**.

   a. <u>Plaintiff</u>:  Plaintiff, Great Lakes filed this declaratory action to determine its obligation under a policy for insurance issued to Valley Trucking, covering a Policy period from February 11, 2019, to February 11, 2020. An endorsement in the Policy names Silver Star as an additional insured. The Policy contains several endorsement/exclusions that Great Lakes contends limits or excludes Great Lakes' obligation to defend/respond on behalf of Valle Trucking and Silver Star in the underlying lawsuit which defense is sought, *Tylon Mackey v. Israel Juarez, et al.,* CJ-2020-2033, pending in Payne County. Both Valle Trucking and Silver Star have tendered defense to Great Lakes.

   b. <u>Defendant/Third-Party Plaintiff Zurich American Insurance Company</u>: Zurich American Insurance Company ("**ZAIC**") filed its Counterclaim in this action against Plaintiff Great Lakes Insurance SE ("**Great Lakes**"), seeking a declaration of the parties' rights and obligations and seeking to prevent Great Lakes from avoiding its obligations under: (i) Great Lakes' Commercial General Liability Policy No. GLG022472 ("**Great**

**Lakes Policy**"), as well as (ii) a Certificate of Insurance issued on February 12, 2019 under the Great Lakes Policy, listing Valle Trucking, LLC as the insured and Silver Star and its subsidiaries as the certificate holder and/or a Certificate of Insurance issued on February 20, 2019 under the Great Lakes Policy, listing Valle Trucking, LLC as the insured and Silver Star and its subsidiaries as the certificate holder.

ZAIC also filed a Third-Party Complaint for Declaratory Judgment against Berkshire Hathaway Homestate Insurance Company ("**Berkshire**") and Progressive Northern Insurance Company ("**Progressive**"). On March 10, 2023, ZAIC dismissed its third-party claims against Berkshire only. The Third-Party Petition seeks a declaration of the parties' rights and obligations and seeks to prevent Progressive from avoiding its obligations under its Automobile Liability Policy, Policy No. 0040190312 ("**Progressive Policy**") and a Certificate of Liability Insurance issued on September 5, 2019 with effective dates of July 12, 2019 through July 12, 2020, listing Fredy Valle and Valle Trucking as the insured, and Silver Star and its subsidiaries as the certificate holder.

c. <u>Defendant Progressive Northern Ins. Co.:</u>  Progressive's Policy contains several endorsement/exclusions that Progressive contends limits or excludes Progressive's obligation to defend/respond on behalf of Valle Trucking and Silver Star in the underlying lawsuit which defense is sought, *Tylon Mackey v. Israel Juarez, et al.,* CJ-2020-2033, pending in Payne County. Silver Star has tendered its defense to Progressive.

d. <u>Defendant Silver Star Construction Company, Inc.:</u>  Silver Star Construction Company, Inc. ("**Silver Star**") seeks to prevent Great Lakes Insurance SE ("**Great Lakes**") from avoiding obligations owed to Silver Star. Great Lakes owes certain obligations to Silver Star under: (i) Great Lakes' Commercial General Liability Policy No. GLG022472 (the "**Great Lakes Policy**"); (ii) a Certificate of Insurance issued on February 12, 2019, under the Great Lakes Policy, listing Valle Trucking, LLC, as the insured and Silver Star and its subsidiaries as the certificate holder; and/or (iii) a Certificate of Insurance issued on February 20, 2019, under the Great Lakes Policy, listing Valle Trucking, LLC as the insured and Silver Star and its subsidiaries as the certificate holder. Pursuant to the foregoing, Great Lakes is obligated to defend and indemnify Silver Star under the Great Lakes Policy in the *Tylon Mackey v. Israel Juarez, et al.,* District Court of Payne County, Oklahoma, Cause No. CJ-2020-2033 (the "**Lawsuit**").

      Progressive Northern Insurance Company ("**Progressive**") may also owe certain obligations to Silver Star under its Automobile Liability Policy, Policy No. 0040190312 ("**Progressive Policy**"), and a Certificate of Liability Insurance issued on September 5, 2019, with effective dates of July 12, 2019, through July 12, 2020, listing Fredy Valle and Valle Trucking as the insured, and Silver Star and its subsidiaries as the certificate holder.

2. **JURISDICTION**.  The action is based on diversity jurisdiction.

3. **STIPULATED FACTS**.

   a. Plaintiff is a foreign insurance company with corporate headquarters and principal place of business in Munich, Germany;
   b. Defendant Fredy Valle d/b/a Valle trucking is a sole proprietorship located in and is at home in Oklahoma;
   c. Defendant, ORD Trucking, Inc. is an Oklahoma corporation;
   d. Defendant Silver Star Construction Company, Inc. is an Oklahoma corporation;
   e. Defendant Tylon Mackey is an Oklahoma resident;
   f. Defendant Israel Juarez is an Oklahoma resident;
   g. Defendant Zurich American Insurance Company is New York corporation;
   h. The lawsuit for which defense is sought, Cause No. CJ-2020-2033, *Tylon Mackey v. Israel Juarez, et al.,* (the "Lawsuit") is being litigated in the District Court of Payne County, Oklahoma.
   i. Jurisdiction, if accepted in the Court's discretion, would be proper.
   j. Venue would be proper with this Court.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiff's Contentions and Claims:

   Plaintiff brought this action to determine the parties' rights and responsibilities related to the Lawsuit, and pursuant to an insurance policy. Plaintiff reserves the right to seek attorneys' fees and costs.

   b. Defendant/Third-Party Plaintiff ZAIC:

   ZAIC has asserted a Counterclaim against Great Lakes and a Third-Party Claim against Progressive regarding its rights in relation to a Commercial Insurance Business Automobile Policy it issued to Silver Star Construction Company, Inc. ("**Silver Star**"),

Policy No. BAP 9809603-04, with effective dates of April 1, 2019 to April 1, 2020 ("**ZAIC Policy**"), the Great Lakes Policy and Great Lakes Certificates of Insurance, and the Progressive Policy and Progressive Certificate of Insurance.

Currently pending in the District Court of Payne County, Oklahoma is a lawsuit styled as *Tylon Mackey v. Israel Juarez, ORD Trucking, Inc., Fredy N. Valle Sr. d/b/a Valle Trucking and Silver Star Construction Company, Inc.*, Payne County District Court Case No. CJ-20-233 ("**Underlying Lawsuit**"). The Underlying Lawsuit arises out of an automobile accident which occurred in Payne County, Oklahoma, on September 4, 2019, and involved Israel Juarez and Tylon Mackey. The Underlying Lawsuit alleges at the time of the accident Israel Juarez was an employee of ORD Trucking, Valle Trucking, and Silver Star, and was operating a truck owned by ORD Trucking. Upon information and belief, ZAIC states Juarez was not an employee of Silver Star at the time of the subject accident. The Underlying Lawsuit asserts claims against the defendants therein, including Silver Star, for: negligence/negligence per se, and negligent hiring, training, screening and supervision (respondeat superior). The Underlying Lawsuit seeks damages against Silver Star in excess of $1,000,000.00, plus costs, attorney fees, and interest.

On February 7, 2019, Silver Star and Valle Trucking entered into a Hauling Services Agreement ("**HSA**"), which requires Valle Trucking (Great Lakes' insured) to, *inter alia*, indemnify Silver Star against any all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which Silver Star may suffer, incur, or become liable for, by reason of any accidents, damages or injuries sustained either to persons or property. The HSA also includes provisions requesting Valle Trucking to obtain commercial general liability and commercial motor vehicle insurance policies, and to name Silver Star as an additional insured under such policies on a primary and non-contributory basis, without restriction as to fault or liability, providing certificates of insurance identifying each carrier and policy and evidencing Valle Trucking's compliance with the insurance requirements of the HSA.

Great Lakes admits in its Answer to the Counterclaim that on February 7, 2019, Silver Star and Valle Trucking entered into the HSA, whereby Valle Trucking agreed to deliver, transport, and/or haul materials for Silver Star, and that the HSA includes the provisions set forth in ZAIC's Counterclaim. Great Lakes' Certificates of Insurance dated February 12, 2019 and February 20, 2019 both have effective dates of February 11, 2019 through February 11, 2020, and list Silver Star and its subsidiaries as the certificate holder (the February 20, 2019 Certificate states that it supersedes all previously issued certificates).

Progressive's Certificate of Insurance shows that Progressive's Policy was effective July 12, 2019 through July 12, 2020.  Progressive admits in its Answer to the Third-Party Complaint that its certificate of liability insurance was issued on September 5, 2019; that the effective dates on the certificate are July 12, 2019-July 12, 2020; that the certificate lists Fredy Valle and Valle Trucking as the insured and Silver Star Construction and its subsidiaries as the certificate holder; that the certificate provides that the combined single limit for liability coverage for each accident is $1,000,000.00; and that Progressive filed a Form E with the Oklahoma Corporation Commission on December 5, 2019 (certifying Progressive provided Fredy N. Valle Senior, Valle Trucking, a policy of insurance effective from July 12, 2019 12:01 AM).

The subject accident occurred within the policy periods for both the Progressive and Great Lakes Policies and Certificates of Insurance. As Progressive's Certificate of Insurance shows a policy effective date prior to the accident, Progressive's Policy provides automobile liability coverage on the day of the accident and requires Progressive to defend and indemnify Silver Star for the September 4, 2019 accident.  Pursuant to the Progressive Certificate of Insurance and the Hauling Service Agreement, Silver Star had the expectation that Progressive insured Silver Star as an additional insured.

Great Lakes' Certificate of Insurance shows a policy effective date prior to the accident, Great Lakes' Policy provides automobile liability coverage on the day of the accident and requires Great Lakes' Policy to defend and indemnify Silver Star for the September 4, 2019 accident.  Pursuant to the Great Lakes Certificate of Insurance and the Hauling Service Agreement, Silver Star had the expectation that Great Lakes insured Silver Star as an additional insured.

The Oklahoma Court of Appeals has ruled that despite having an indirect contractual relationship with an additional insured, insurance companies are liable for coverage of the additional insured through contracts entered into by the insured's subcontractors. *JP Energy Marketing LLC v. Commerce and Industry Insurance Co. et al.*, 2018 OK CIV APP 14, 412 P.3d 121 (holding that insurers had a duty to indemnify and defend an additional insured where applicable subcontracts required the subcontractor to maintain certain insurance coverages naming the additional insured on their policies).

For the sake of brevity, ZAIC will not herein reproduce all the relevant policy language of the subject policies and the HSA, ZAIC contends that Great Lakes and Progressive owe duties to defend and indemnify Silver Star with respect to the Underlying Lawsuit and the subject accident pursuant to the HSA, the Great Lakes Policy, its endorsements and Certificate of Insurance, and pursuant to the Progressive Policy, its endorsements and Certificate of Insurance, whereby Silver Star is an additional insured under the Great Lakes and Progressive Policies.

ZAIC further contends that Great Lakes and Progressive are bound by the terms of coverage of their respective policies; the Great Lakes and Progressive Policies should operate to defend Silver Star in the Underlying Lawsuit; there are no exclusions listed in the Great Lakes and Progressive Policies which operate to deny coverage and a defense to Silver Star for the Lawsuit; exclusions must be clearly listed in the Great Lakes and Progressive Policies with clarity or such exclusions should be void; Great Lakes' claims are barred by the doctrine of laches; the Great Lakes and Progressive Policies are against public policy and should be construed against Great Lakes and Progressive, and in favor of providing indemnity and a defense to Silver Star; Great Lakes and Progressive are barred by waiver and estoppel from asserting denial of defense and/or indemnity; Great Lakes' and Progressive's denial of defense and indemnity to Silver Star is in violation of the doctrine of reasonable expectations; Great Lakes and Progressive have a contractual duty pursuant to their respective policies to provide Silver Star with a defense of the Lawsuit; and Great Lakes and Progressive have a contractual duty pursuant to their respective policies to indemnify Silver Star regarding the Lawsuit. ZAIC seeks attorney fees, costs, and any other relief to which it may be entitled from Great Lakes and Progressive.

    c. <u>Defendant Silver Star Construction Company, Inc.</u>:

Defendant Silver Star Construction Company, Inc., hereby adopts and incorporates by reference the contentions set forth above by Defendant Zurich American Insurance Company.

    d. <u>Defendant Tylon Mackey</u>:
  a. This Court should decline to exercise jurisdiction of this action
  b. Plaintiff's insurance policy provides coverage to the defendants in Mackey's Payne County lawsuit.
  c. The exclusions in plaintiff's insurance policy do not apply to the defendants in Mackey's Payne County lawsuit.
  d. The Complaint may fail to state a claim upon which relief can be granted.
  e. The claims alleged in plaintiff's Complaint may be barred by laches, waiver, or estoppel.

    e. <u>Defendant Israel Juarez</u>:

Israel Juarez takes no position on the coverage issue and seeks to be dismissed from this action.

    f. <u>Defendant Progressive Northern Insurance Company</u>:

Progressive would state that its policy (Policy) contains several endorsement/exclusions that Progressive contends limits or excludes Progressive's

obligation to defend/respond on behalf of Valle Trucking and Silver Star in the underlying lawsuit which defense is sought, *Tylon Mackey v. Israel Juarez, et al.,* CJ-2020-2033, pending in Payne County. Zurich did not have a reasonable expectation of coverage under the Policy; Progressive does not have a contractual duty to provide Silver Star with a defense or indemnity in the underlaying lawsuit; Progressive does not have a duty under the Hauling Agreement to provide coverage; and that its denial of coverage is not against public policy.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

    Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐ Yes        ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED**:

    a. Plaintiff anticipates submitting a Motion for Summary Judgment and a protective order for the Court's consideration.
    b. Defendant Zurich also anticipates filing a Motion for Summary Judgment at the close of discovery.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?

    Plaintiff:      ☐ Yes   ☒ No
    Defendants:  ☐ Yes   ☒ No

    If "no," by what date will they be made? May 10, 2023

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on April 26, 2023.

    B. The parties anticipate that discovery should be completed within 6 months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 4 months.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☒ Yes ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☒ Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

_____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

<u>Parties have discussed discovery issues and Plaintiff's potential request for a protective order based on the potential request for production of information.</u>

9. **ESTIMATED TRIAL TIME**: <u>3-4 days</u>

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☒ Fair   ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion:   ☒ Yes   ☐ No

B. The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation exempt from LCvR 16.3

☒ Judicial Settlement Conference (the Parties request it be set after the close of discovery)

☐ Other

☐ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>?   ☐ Yes   ☒ No

14. <u>Type of Scheduling Order Requested</u>.   ☒ Standard  -  ☐ Specialized

Submitted on this <u>4th</u> day of May, 2023.

6503119.1