# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GREAT LAKES INSURANCE SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-22-00702-JD |
| vs. | ) Judge Jodi W. Dishman |
| | ) |
| 2. FREDY VALLE d/b/a VALLE TRUCKING; | ) |
| 3. SILVER STAR CONSTRUCTION COMPANY, INC.; | ) |
| 4. TYLON MACKEY; | ) |
| 5. ISRAEL JUAREZ; | ) |
| 6. ORD TRUCKING, INC. | ) |
| 7. ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| 8. ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Defendant/Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 9. PROGRESSIVE NORTHERN INS. CO., | ) |
| | ) |
| Third-Party Defendant. | ) |

## **AGREED PROTECTIVE ORDER**

Pursuant to Third-Party Plaintiff Zurich American Insurance Company's Unopposed Motion for Entry of Agreed Protective Order [Dkt. No. 79], the Court finds the parties have agreed to the entry of an Agreed Protective Order. The Protective Order states as follows:

Exhibit 1

1

IT IS HEREBY STIPULATED AND AGREED, by and among, Plaintiff, Great Lakes Insurance, SE; Defendants Silver Star Construction Company, Inc. and Tylon Mackey; Defendant/Third-Party Plaintiff, Zurich American Insurance Company; and Third-Party Defendant Progressive Northern Insurance Company (collectively, the "Parties"), through their respective undersigned counsel, that the following terms and conditions of this Agreed Protective Order (the "Order") shall govern the handling of documents, things, depositions and deposition exhibits, written discovery responses, testimony, portion(s) of any of these things, and any other information produced, given, or exchanged between any party to this case and any other party or nonparties in the above-referenced action (collectively, the "Material"). The Parties agree to avoid waiver of privilege or work product protections through the maximum protections afforded by Federal Rule of Evidence 502(d).

**Confidential Material**

1. Any party required to produce documents or information, or to provide testimony pursuant to a subpoena or Court Order, may designate as "Confidential" and subject to this Order any Material: (a) containing or reflecting trade secrets or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data; (b) containing personal/private information; (c) containing information received in confidence; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, the "Confidential Material").

2. Any Party or other person or entity giving deposition testimony or counsel for a Party in this action may designate such testimony or any portion thereof, or deposition exhibits or any portion thereof (to the extent not already designated as confidential or protected), as Confidential Material by advising the reporter and all Parties of such designation during the deposition or by letter to the reporter and all Parties within 15 calendar days of receipt of the final transcript of the deposition testimony, except in the event that a hearing on related issues is scheduled to occur before the 15-day period is complete, in which case the 15-day period will be reduced to 3 business days after any Party provides notice that such designation is necessary in light of the upcoming hearing. Deposition testimony and deposition exhibits shall be treated as Confidential Material, as designated, at least until that 15-day period has expired. Transcripts of deposition testimony designated as Confidential Material shall be marked "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER" on each page.

3. Confidential Material may be used only for purposes of this litigation and shall not be used for any other purpose. Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 4 of this Order, unless the receiving party obtains prior written agreement from the producing party or this Court orders otherwise.

4. Confidential Material may only be disclosed to the following individuals under the following conditions:

a. The Parties to this litigation and their counsel of record, Outside Counsel, and In-House counsel;

b. The parents, affiliates, officers, directors, employees, or agents of the Parties who have a need to know or see the Confidential Material for purposes of this action;

c. The third-party administrators, including program administrators, claim administrators, or underwriting administrators, engaged by the Parties who have a need to know or see the Confidential Material for purposes of this action;

d. The retained experts or consultants of the Parties to this litigation, provided that prior to disclosure, the expert or consultant must execute the attached "Agreement to be Bound by Stipulated Confidentiality and Protective Order";

e. This Court and this Court's personnel;

f. Any mediator or arbitrator engaged by the Parties to this litigation;

g. During their depositions, or in preparation for their depositions, any deponent or witness in this litigation to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the court;

h. The vendors retained by the Parties to this litigation, to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, data retrieval and storage vendors, demonstrative and audiovisual aid companies, and stenographers;

i. The secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

j. The author or recipient of a document containing the Confidential Material or a custodian or other person who otherwise possessed or knew the information;

k. To the extent contractually obligated, any insurer or reinsurer, and the parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter;

l. Regulatory authorities if required by such regulatory body; and Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Parties.

5. Designation of any document as "Confidential" must be made before a copy of the document is disclosed or produced. Each page of any document subject to this Order

shall be stamped or otherwise affixed with the legend "CONFIDENTIAL" in a manner that does not interfere with the legibility of the document to indicate that it is subject to this Order. Any confidential designation which is inadvertently omitted subsequent to the Court's Order may be corrected by written notification to opposing counsel.

6.      Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Material at trial, as exhibits during depositions, or in connection with motions filed with the Court. Further, nothing herein shall be construed to limit any party's ability to object to the admissibility of Confidential Material at trial. The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

7.      If either party seeks to file any of the Confidential Material with the Court, they shall seek to file such documents under seal pursuant to the Local Rules of this Court.

8.      If counsel for a party receiving Confidential Material objects to that designation in whole or in part, counsel shall serve on the designating party a written objection describing with particularity the grounds for objection within twenty-one (21) days. Counsel for the designating party shall respond to the objection in writing within twenty-one (21) days, and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand. If the designating party does not timely respond to the objection, the objection stands and the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith within ten (10) days by phone in an effort to resolve the dispute. If the dispute cannot be resolved, the proponent of the challenged designation shall present the dispute

to this Court. The parties may, by written agreement, enlarge the deadlines set forth in this paragraph.

9. To the extent consistent with applicable law, the inadvertent disclosure of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, as to the material disclosed. Inadvertent disclosures may be rectified by written notification given at any time after disclosure to all parties receiving it, and such notice shall constitute a designation of the material as Confidential Material under this Order.

10. At the request of a non-party subpoenaed by a Party in this action, this Protective Order shall apply to the documents, information, and testimony discovered from that non-party. Following any such request, the term "Party" as used in this Protective Order shall be interpreted to include such subpoenaed non-party so that the subpoenaed non-party receives the protections contemplated by this Protective Order with respect to Confidential Material produced by that non-party.

11. If any party or counsel learns, by inadvertence or otherwise, that Confidential Materials have been disclosed to anyone under any circumstance not authorized by this Order, that person must immediately: (1) notify the designating party by phone and email; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (3) inform the person to whom the unauthorized disclosures were made of all of the terms of this Order; and (4) request that such person abide by the conditions of this Order.

12. Inadvertent failure to designate information or material, including deposition transcripts, as "Confidential" shall not constitute a waiver of such claim and may be

corrected by prompt supplemental written notice designating such material as "Confidential," in which event the designating party shall, at its own expense, provide new copies of the newly designated materials to the receiving parties. The parties receiving such supplemental written notice shall thereafter treat the information and materials so designated as "Confidential," and such information or materials shall be fully subject to this Order as if they had been initially so designated. When information or material is subsequently designated as "Confidential" all receiving parties shall in good faith assist the producing party in retrieving such material from all persons to whom they provided such material before it was designated as "Confidential," but who as a result of that subsequent designation are not entitled to possess such material under the terms of this Order, and shall prevent further disclosures except as authorized under the terms of this Order.

13. The following information shall not be considered Confidential Material under this Order: (a) information in the public domain; (b) information that becomes part of the public domain after its disclosure to a party as a result of a publication not involving a violation of this Order; (c) information already known to a party through proper means prior to disclosure; and (d) information that is or becomes available to a party from a source other than the party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality.

## Non-Waiver Pursuant to Federal Rule of Evidence 502(d)

14. The production of documents, electronically stored information ("ESI") or other Material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity ("Privileged Information"), whether inadvertent or otherwise, does

not constitute a waiver of any applicable privilege or protection from discovery in this action or in any other federal or state proceeding.

    a. If a receiving party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the producing party, and identify the document in question, within ten (10) business days of such discovery.

    b. Upon discovery by a producing party (whether by notice from the receiving party, or otherwise) that it did or may have produced Privileged Information, the producing party shall, within ten (10) days of such discovery, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving party. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; (ii) identify the basis on which the privileged information should have been withheld from production; and (iii) provide a privilege log entry for each identified document or a cross reference to an existing privilege log entry for such documents. The requirements in this paragraph apply equally to instances in which a producing party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this protocol, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.

c. Upon receipt of a Clawback Letter, the receiving party shall promptly destroy or delete all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving party plans to challenge the claim of privilege. The receiving party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

d. If a receiving party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing party and provide the basis for disputing the privilege claim in writing. The producing party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the parties shall meet and confer in a good faith attempt to resolve the dispute.

e. In the event that the parties do not resolve their dispute, the receiving party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers. This in camera submission to the Court shall not constitute a waiver of any

privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than thirty (30) days after the parties meet and confer. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the parties. The obligations of the parties set forth in this section apply irrespective of the care taken by the producing party to prevent inadvertent disclosure.

f.  Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving party may challenge the assertion of any privilege or protection by the producing party.

g.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

h.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product privilege or other applicable privilege or immunity designation by submitting a written challenge to the Court, but such a challenge does not relieve a receiving party of its obligation to return or delete materials pursuant to sub-part (c) above, and the receiving party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials. If the receiving party submits such a challenge to the Court, the

producing party must promptly present the material to the Court under seal for a determination of the claim.

i. The receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court.

j. In addition to any other obligation to preserve documents, the producing party must preserve any documents recalled under this Paragraph for the duration of this litigation.

**Other Matters**:

15. This Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any party to move the court for modification of or relief from any of its terms.

16. Any person or party subject to this Order who in another proceeding becomes subject to a motion to disclose another party's information designated Confidential pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding. Such notice must be in writing and shall include a copy of the motion.

17. Upon final settlement or other conclusion of this litigation, including any appeal, every party subject to this Order must either return all original Confidential

Material to the originating source or maintain and keep all Confidential Material confidential in accordance with this Order.

18. The Parties agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Protective Order.

19. This Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the parties.

SO ORDERED this \_\_\_\_ day of _____ , 2023.

_____
HONORABLE JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

**AGREED AS TO FORM:**

*s/Amy E. Hampton*
Rachel C. Mathis, OBA #16360
Amy E. Hampton, OBA # 20235
2642 East 21st Street, Suite 250
Tulsa, OK 74114
(918) 949-9966
FAX: (918) 949-9968
E-Mail: rmathis@amlawok.com
ahampton@amlawok.com
*Attorney for Defendant/Third-Party Plaintiff Zurich American Insurance Company*

12

*s/Emily E. Williams*
Emily E. Williams, OBA No. 33456
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Tel. (405) 898-8653
ewilliams@dsda.com

*-and-*

Michael S. Linscott, OBA No. 17266
Brian M. Keester, OBA No. 33208
Doerner, Saunders, Daniel & Anderson, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
mlinscott@dsda.com
bkeester@dsda.com
*Attorney for Plaintiff Great Lakes Insurance SE*


*s/J. Chris Horton*
J. Chris Horton, OBA No. 19334
J. Chris Horton, PC
PO Box 576
El Reno, OK 73036
Tel. (405) 317-4423
jchrishorton@live.com
*Attorney for Defendant Silver Star Construction Company, Inc.*

*s/James A. Scimeca*
James A. Scimeca, OBA No. 10950
Burch, George & Germany
1500 City Place Bldg.
204 N. Robinson, Ste 1500
Oklahoma City, OK 73102
Tel. (405) 239-7711
jscimeca@burch-george.com
*Attorney for Defendant Tylon Mackey*


*s/Ryan Polchinski*
Ryan Polchinski, OBA No. 33765
Andrew Polchinski, OBA No. 31869
Law Offices of Daniel M. Davis 300
N. Walnut Ave.
Oklahoma City, OK 73104
Tel. (405) 235-4000
andrew@dandavislaw.com
ryanp@dandavislaw.com
*Attorney for Defendant Tylon Mackey*


*s/Bradley E. Bowlby*
Christopher C. King, OBA No.
Bradley E. Bowlby, OBA No. 22847
Starr, Begin & King, PLLC
1800 South Baltimore, Suite 550
Tulsa, OK 74119
Tel. (918) 872-0374
brad.bowlby@tulsalawyer.org
*Attorney for Third-Party*
*Defendant Progressive Northern*
*Insurance Company*