

## IN THE DISTRICT COURT OF PAYNE COUNTY
## STATE OF OKLAHOMA

Tylon Mackey,                             )
                                     )
            Plaintiff,                     )
                                       )
v.                                        )   Case No. CJ-2020-233
                                       )   Honorable Phillip C. Corley
Israel Juarez, individually, ORD Trucking, Inc.,   )
Fredy N Valle Sr. d/b/a Valle Trucking, and   )
Silver Star Construction Company, Inc.,   )
                                       )
           Defendants.                    )

IN THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA
FILED

JUL 15 2022

MICHELE ELDER, COURT CLERK
BY_____ DEPUTY

## DEFENDANT SILVER STAR CONSTRUCTION COMPANY, INC.'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION AND CROSS-CLAIMS AGAINST DEFENDANT FREDY N. VALLE, SR., DBA VALLE TRUCKING

Defendant Silver Star Construction Company, Inc. ("Silver Star Construction"), by counsel, pursuant to 12 O.S. § 2015(A) and with written consent and without objection, hereby amends its Answer to Plaintiff's Second Amended Petition for the purpose of asserting Cross-Claims against Defendant Fredy N. Valle, Sr., d/b/a Valle Trucking ("Valle Trucking"). Defendant Silver Star Construction alleges and states as follows:

### ANSWER

1.       Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 1 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

2.       Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 2 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

1

EXHIBIT 8

recognized by law. Defendant Silver Star Construction further denies the allegations contained within Paragraph 8 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

9. Paragraph 9 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant. To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 9 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law. Defendant Silver Star Construction further denies the allegations contained within Paragraph 9 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

10. Paragraph 10 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant. To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 10 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law. Defendant Silver Star Construction further denies the allegations contained within Paragraph 10 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

11. Paragraph 11 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant. To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 11 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law. Defendant Silver Star Construction further denies the allegations contained

within Paragraph 11 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

12.     Paragraph 12 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant. To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 12 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law. Defendant Silver Star Construction further denies the allegations contained within Paragraph 12 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

13.     Paragraph 13 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant. To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 13 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law. Defendant Silver Star Construction further denies the allegations contained within Paragraph 13 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

14.     Paragraph 14 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant. To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 14 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law. Defendant Silver Star Construction further denies the allegations contained within Paragraph 14 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

15.     Paragraph 15 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 15 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law.  Defendant Silver Star Construction further denies the allegations contained within Paragraph 15 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

16.     Paragraph 16 of Plaintiff's Second Amended Petition does not contain an allegation against Defendant Silver Star Construction and, therefore, no response is required of this Defendant.  To the extent any response is required, Defendant Silver Star Construction denies that Paragraph 16 of Plaintiff's Second Amended Petition does not fully and accurately state a duty recognized by law.  Defendant Silver Star Construction further denies the allegations contained within Paragraph 16 of Plaintiff's Second Amended Petition to the extent it implies that Defendant Silver Star Construction failed to comply with any rule.

## **FACTUAL BACKGROUND**

17.     Defendant Silver Star Construction hereby incorporates by reference its responses contained within Paragraphs 1-16, above.

18.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 18 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

19.     With regard to the allegations contained within Paragraph 19 of Plaintiff's Second Amended Petition, Defendant Silver Star Construction denies that Defendant Juarez was employed by Defendant Silver Star Construction.  Defendant Silver Star Construction is without sufficient

knowledge or information to either admit or deny the remaining allegations contained within Paragraph 19 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

20.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 20 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

21.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 21 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

22.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 22 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

23.     Defendant Silver Star Construction denies the allegations contained within Paragraph 23 of Plaintiff's Second Amended Petition to the extent said allegations pertain to Defendant Silver Star Construction.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 23 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

24.     Defendant Silver Star Construction denies the allegations contained within Paragraph 24 of Plaintiff's Second Amended Petition to the extent said allegations pertain to Defendant Silver Star Construction.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the remaining allegations contained within

Paragraph 24 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

25.    Defendant Silver Star Construction denies the allegations contained within Paragraph 25 of Plaintiff's Second Amended Petition.

## FIRST CAUSE OF ACTION: NEGLIGENCE/NEGLIGENCE PER SE

26.    Defendant Silver Star Construction hereby incorporates by reference its responses contained within Paragraphs 1-25, above.

27.    Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 27 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

28.    Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 28 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

29.    Defendant Silver Star Construction denies the allegations contained within Paragraph 29 of Plaintiff's Second Amended Petition.

## SECOND CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT

30.    Defendant Silver Star Construction hereby incorporates by reference its responses contained within Paragraphs 1-29, above.

31.    Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 31 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

32.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 32 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

33.     Defendant Silver Star Construction denies the allegations contained within Paragraph 33 of Plaintiff's Second Amended Petition to the extent said allegations pertain to Defendant Silver Star Construction.  Defendant Silver Star Construction denies that it employed Defendant Juarez and further denies that he was within the course and scope of any employment with Defendant Silver Star Construction at the time of the subject accident.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 33 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

34.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 34 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

35.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 35 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

36.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 36 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

37.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 37 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

38.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 38 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

39.     Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 39 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

## THIRD CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, SCREENING & SUPERVISION

40.     Defendant Silver Star Construction hereby incorporates by reference its responses contained within Paragraphs 1-39, above.

41.     Defendant Silver Star Construction denies the allegations contained within Paragraph 41 of Plaintiff's Second Amended Petition to the extent said allegations pertain to Defendant Silver Star Construction.  Defendant Silver Star Construction denies that it employed Defendant Juarez. Defendant Silver Star Construction further denies that it hired, trained, and/or supervised Defendant Juarez.  Defendant Silver Star Construction is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 41 of Plaintiff's Second Amended Petition and, therefore, denies the same and demands strict proof thereof.

42.     Defendant Silver Star Construction denies the allegations contained within Paragraph 42 of Plaintiff's Second Amended Petition.

43.     Defendant Silver Star Construction denies the allegations contained within Paragraph 43 of Plaintiff's Second Amended Petition.

## DAMAGES

44.     Defendant Silver Star Construction hereby incorporates by reference its responses contained within Paragraphs 1-43, above.

45.     Defendant Silver Star Construction denies the allegations contained within Paragraph 45 of Plaintiff's Second Amended Petition.

46.     Defendant Silver Star Construction denies the allegations contained within Paragraph 46 of Plaintiff's Second Amended Petition.

47.     Defendant Silver Star Construction denies the allegations contained within Paragraph 47 of Plaintiff's Second Amended Petition.

48.     Defendant Silver Star Construction denies the allegations contained within Paragraph 48 of Plaintiff's Second Amended Petition.

## AFFIRMATIVE DEFENSES

Defendant Silver Star Construction hereby incorporates by reference its responses contained within Paragraphs 1-48, above.

1.     Defendant Silver Star Construction denies each and every allegation or averment not specifically admitted above.

2.     Plaintiff's Second Amended Petition fails to state, in whole or in part, a claim upon which relief can be granted against Defendant Silver Star Construction.

3.     Defendant Silver Star Construction denies that it, or its agents, servants or employers were in any way negligent and/or negligent per se or that it, or its agents, servants or employers were in any way liable for damages and/or injuries alleged by Plaintiff.

4.     Defendant Silver Star Construction's and/or its employee's acts and/or omissions, if any, were not the proximate cause of the damages or injuries alleged by Plaintiff.

5.　　Defendant Silver Star Construction denies that it violated any governmental rule, regulation, statute or ordinance, or any other law of any kind.

6.　　Defendant Silver Star Construction denies that it employed Defendant Juarez and further denies the Defendant Juarez was within any course and/or scope of employment with Defendant Silver Star Construction at the time of the subject accident.

7.　　Defendant Silver Star Construction denies that it entrusted any vehicle to Defendant Juarez.

8.　　Defendant Juarez, Defendant ORD Trucking, Inc., and/or Defendant Fredy N Valle Sr. d/b/a Valle Trucking were independent contractors.

9.　　Defendant Silver Star Construction did not control or supervise the work of Defendant Juarez, Defendant ORD Trucking, Inc., and/or Defendant Fredy N Valle Sr. d/b/a Valle Trucking, including but not limited to their driving and/or operation of the dump truck allegedly involved in the subject accident.

10.　　Defendant Silver Star Construction did not contract with Defendant ORD Trucking, Inc., and/or Defendant Juarez hauling, truck driving, or any other service at the time of the subject accident.

11.　　Plaintiff's claims are barred in whole or in part by the legal doctrines of comparative fault and contributory negligence.

12.　　Should this Defendant be found guilty of negligence, which is not admitted but is expressly denied, this Defendant states that Plaintiff was likewise guilty of negligence and that the negligence of Plaintiff exceeded that of the Defendant, thereby precluding Plaintiff from recovering herein.

13.    The actions of third parties outside the control of Defendant Silver Star Construction were the proximate cause of the accident and, therefore, Defendant Silver Star Construction is not legally responsible for Plaintiff's alleged injuries and/or damages.

14.    Any damages and/or injuries alleged by Plaintiff was caused by an intervening/supervening cause(s) which were independent of any alleged act or omission of Defendant Silver Star Construction.

15.    Plaintiff's alleged claim for damages relating to medical expenses, if any, may be subject to the provisions and limitations set forth in 12 O.S. § 3009.1.

16.    Plaintiff's claim for exemplary damages is not supported by law or fact and violate the Constitutions of the United States of America and the State of Oklahoma.

17.    Defendant Silver Star Construction reserves the right to amend or modify this Answer and its affirmative defenses as other defenses are learned of through discovery.

**WHEREFORE**, having fully answered, Defendant Silver Star Construction Company, Inc., prays that Plaintiff takes nothing by reason of his Second Amended Petition filed herein and that Defendant Silver Star Construction Company, Inc., be dismissed from this action and awarded its costs, attorneys' fees and any additional relief the Court deems just and proper for the defense of this litigation.

## CROSS-CLAIMS AGAINST DEFENDANT FREDY N. VALLE, SR., D/B/A VALLE TRUCKING

### FACTUAL BACKGROUND

1.    Silver Star Construction is engaged in the paving, grading, excavation and heavy construction business.    Silver Star Construction's operations requires the need for the transportation of various materials and/or equipment.

12

2.      Valle Trucking is an independent contractor engaged in the business of delivering, transporting and/or hauling various types of freight and materials by motor vehicle on behalf of others, pursuant to agreements and/or contracts with various third parties.

3.      Valle Trucking voluntarily solicited from Silver Star Construction the opportunity to deliver, transport and/or haul materials for Silver Star Construction as an independent contractor.

4.      On or about February 7, 2019, Silver Star Construction and Valle Trucking entered into a Hauling Agreement (the "Hauling Agreement" and or "subject Hauling Agreement") for the purpose of Valle Trucking providing material hauling, delivery, and/or transportation services as an independent contractor for Silver Star Construction. *See Exhibit A, Hauling Agreement.*

5.      Valle Trucking agreed that said Hauling Agreement was in full force at any time it was hauling for, or under the dispatch of Silver Star Construction. *See Exhibit A, Hauling Agreement, Section 2.*

6.      In said Hauling Agreement, Valle Trucking agreed that it would utilize its own equipment and/or vehicles, wholly owned and/or leased by Valle Trucking, as was necessary to transport, deliver, haul, load, and/or unload materials as requested by Silver Star Construction. *See Exhibit A, Hauling Agreement, Section 1.*

7.      In said Hauling Agreement, Valle Trucking further agreed that it would use equipment of the type commonly used within the industry for transporting, delivering, and hauling materials for Silver Star Construction. *See Exhibit A, Hauling Agreement, Section 1.*

8.      Valle Trucking also agreed to maintain the exclusive possession, control, and use of all of the equipment that it used to fulfill the requirements of the subject Hauling Agreement. *See Exhibit A, Hauling Agreement, Section 1*(A).

13

9.      Valle Trucking also agreed that it would at its own expense repair and maintain the equipment necessary to safely haul materials for Silver Star Construction. *See Exhibit A, Hauling Agreement, Section 1(A)&(C)*.

10.     In said Hauling Agreement, Valle Trucking further agreed that it would pick up materials from the locations designated by Silver Star Construction and deliver said materials to the destination designated by Silver Star Construction. *See Exhibit A, Hauling Agreement, Section 1*.

11.     Valle Trucking agreed that upon accepting dispatch from Silver Star Construction, it would promptly report to the designated point for loading of materials to be hauled. Thereafter, Valle Trucing agreed to be responsible for properly securing any and all materials pertaining to that dispatch, from the time of loading to the completion of unloading, delivery and the acceptance of the materials at the destination. *See Exhibit A, Hauling Agreement, Section 6*.

12.     Valle Trucking further agreed to make all decisions with regard to the method in which materials were transported by it and that Silver Star Construction has no control over the method of how Valle Trucking conducts its business. *See Exhibit A, Hauling Agreement, Section 1*.

13.     Valle Trucking agreed to bear the full responsibility of observing each and all legal and regulatory requirements in the performance of transporting, delivering, and hauling under the subject Hauling Agreement. *See Exhibit A, Hauling Agreement, Section 1*.

14.     Additionally, Valle Trucking agreed in the subject Hauling Agreement to hold harmless and unconditionally indemnify Silver Star Construction against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which Silver Star Construction may at any time suffer or incur, or become liable for, by reason of any

14

accidents, damages or injuries sustained either to persons or property, including but not limited to employees or agents of Silver Star Construction and/or Valle Trucking, and/or any third parties, arising out of the services performed by Valle Trucking pursuant to the subject Hauling Agreement, regardless of whether such injury or damage was caused in whole or in part, to any degree, by Valle Trucking. *See Exhibit A, Hauling Agreement, Section 2 and Section 6.*

15.    Furthermore, Valle Trucking agreed to purchase and maintain a commercial general liability insurance policy and a commercial motor vehicle insurance policy expressly insuring Valle Trucking's indemnity obligations owed to Silver Star Construction in an amount not less than One Million Dollars ($1,000,000.00) as set forth in the subject Hauling Agreement. *See Exhibit A, Hauling Agreement, Section 3(A-B).*

16.    Valle Trucking further agreed in the subject Hauling Agreement to indemnify and hold harmless Silver Star Construction and its successors and assigns, from any claims, actions, liability or suits filed against Silver Star Construction arising from Valle Trucking's operations. *See Exhibit A, Hauling Agreement, Section 6.* Valle Trucking agreed that such indemnification was not limited to the limits of any policy or policies of insurance providing insurance coverage required by the subject Hauling Agreement. *See Exhibit A, Hauling Agreement, Section 6.*

17.    Valle Trucking also agreed to name Silver Star Construction as an additional insured under its commercial general liability insurance policy and commercial motor vehicle insurance policies, on a primary and non-contributory basis, without restriction as to fault or liability, and to furnish Silver Star Construction with Certificates of Insurance identifying each carrier and policy as evidence of Valle Trucking's compliance with said obligations as set forth in the subject Hauling Agreement. *See Exhibit A, Hauling Agreement, Section 3(C).*

18.     On August 10, 2021, Plaintiff filed a Second Amended Petition seeking the recovery of damages for alleged severe injuries he sustained in a motor vehicle accident that occurred on September 4, 2019, at the intersection of State Highway 51 and Murphy Street, Stillwater, Payne County, Oklahoma, allegedly caused by the negligence of Israel Juarez, ORD Trucking, Inc., Valle Trucking and Silver Star Construction. *See Plaintiff's Second Amended Petition.*

19.     According to the allegations of the Second Amended Petition, Plaintiff was allegedly injured when Defendant Israel Juarez failed to yield the right of way from a stop sign at the intersection of State Highway 51 and Murphy Street and collied with Plaintiff's vehicle. *See Plaintiff's Second Amended Petition, ¶ 20.*

20.     At the time of accident described in Plaintiff's Second Amended Petition, Defendant Israel Juarez was employed by Valle Trucking and/or ORD Trucking, Inc.

21.     At the time of the accident described in Plaintiff's Second Amended Petition, the vehicle operated by Defendant Israel Juarez was owned by Valle Trucking and/or ORD Trucking, Inc.

22.     At the time of the accident described in Plaintiff's Second Amended Petition, the vehicle operated by Defendant Israel Juarez was maintained by Valle Trucking and/or ORD Trucking, Inc.

23.     At the time of accident described in Plaintiff's Second Amended Petition, Defendant ORD Trucking, Inc., was acting as a subcontractor of Defendant Valle Trucking providing material delivery, transportation, and/or hauling services for Silver Star Construction.

24.     Defendant Israel Juarez and/or Defendant ORD Trucking, Inc., billed and/or invoiced Valle Trucking for the material delivery, transportation, and/or hauling services provided

to Silver Star Construction on the date of the accident and/or for the construction project being performed by Silver Star Construction on the date of the subject accident.

25.     Valle Trucking, not Defendant Israel Juarez and/or Defendant ORD Trucking, Inc., billed and/or invoiced Silver Star Construction for the material delivery, transportation, and/or hauling services provided by Defendant Israel Juarez and/or Defendant ORD Trucking, Inc., to Silver Star Construction on the date of the accident and/or for the construction project being performed by Silver Star Construction on the date of the subject accident.

26.     Silver Star Construction paid Valle Trucking directly for any material delivery, transportation, and/or hauling services provided by Defendant Israel Juarez and/or Defendant ORD Trucking, Inc., on the date of the accident and/or for the construction project being performed by Silver Star Construction on the date of the subject accident.

27.     At all time relevant to the allegations set forth in Plaintiff's Second Amended Petition, Valle Trucking was an independent contractor of Silver Star Construction.

28.     The allegations of Plaintiff's Second Amended Petition arise out of, result from, or are in connection to Defendant Valle Trucking's and/or its subcontractor, Defendant ORD Trucking, Inc.'s providing material hauling, delivery, and/or transportation services as an independent contractor for Silver Star Construction.

29.     As such, Valle Trucking is obligated to defend, indemnity and hold harmless Silver Star Construction against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, , which Silver Star Construction may suffer or incur, or become liable for, by reason of Plaintiff's Second Amended Petition and/or this lawsuit.

30.    Based on the foregoing, Silver Star Construction, by and through its counsel and its insurance carrier, sent letters to Valle Trucking demanding defense and indemnity for claims set forth in the above-captioned lawsuit.

31.    However, Valle Trucking and/or its insurance carriers have failed to accept Silver Star Construction's demand for defense and indemnity for claims set forth in the above-captioned lawsuit.

32.    As stated above, the subject Hauling Agreement required Valle Trucking to name Silver Star Construction as an additional insured under its commercial general liability and commercial motor vehicle insurance policies.  It is unknown at this time if Valle Trucking complied with this requirement.

## FIRST CAUSE OF ACTION: CONTRACTUAL INDEMNITY

33.    All prior allegations are incorporated as if fully set forth herein.

34.    Plaintiff's Second Amended Petition and the claims set forth therein fall within the scope of the contractual indemnity clause in the subject Hauling Agreement between Valle Trucking and Silver Star Construction.

35.    Valle Trucking is obligated to indemnity, defend and hold harmless Silver Star Construction from all losses and expenses in connection with the Plaintiff's Second Amended Petition.

36.    Without limitation, Valle Trucking is required to indemnify and hold harmless Silver Star Construction from all of its attorney's fees incurred in connection with this litigation.

37.    Without limitation, Valle Trucking is required to indemnify and hold harmless Silver Star Construction from any adverse judgment entered against Silver Star Construction in favor of Plaintiff Mackey in this litigation.

38.    To date, despite demand, Valle Trucking has refused to reimburse Silver Star Construction for any of its indemnified costs or to defend Silver Star Construction going forward in this litigation.

39.    Silver Star Construction has satisfied all conditions precedent to bringing this cause of action.

## SECOND CAUSE OF ACTION: COMMON LAW INDEMNITY

40.    All prior allegations are incorporated as if fully set forth herein.

41.    As a company responsible for performing material hauling, delivery, and/or transportation services as an independent contractor for Silver Star Construction, Valle Trucking had duty to perform such services in a reasonably prudent manner.

42.    While performing material hauling, delivery, and/or transportation services as an independent contractor for Silver Star Construction on the date of the subject accident, Valle Trucking breached this duty negligently failing to perform such services in a reasonably prudent manner.

43.    Though Plaintiff's alleged injuries and damages were directly and proximately caused, in whole or in party, by Valle Trucking's negligence, Plaintiff wrongfully seeks to hold Silver Star Construction, a party without fault, liable for such injuries and damages.

44.    Based upon the foregoing, Silver Star Construction is entitled to equitable indemnity from Valle Trucking.

## THIRD CAUSE OF ACTION: BREACH OF CONTRACT

45.    All prior allegations are incorporated as if fully set forth herein.

46.    As stated above, the Hauling Agreement between Valle Trucking and Silver Star Construction requires Valle Trucking to hold harmless and unconditionally indemnify Silver Star

Construction against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which Silver Star Construction may at any time suffer or incur, or become liable for, by reason of any accidents, damages or injuries sustained either to persons or property, including but not limited to any third party such as Plaintiff Mackey, arising out of the services performed by Valle Trucking and/or Valle Trucking's subcontractor, ORD Trucking, Inc., pursuant to the subject Hauling Agreement, regardless of whether such injury or damage was caused in whole or in part, to any degree, by Valle Trucking and/or Valle Trucking's subcontractor, ORD Trucking, Inc. *See Exhibit A, Hauling Agreement, Section 2 and Section 6.*

47.    The Hauling Agreement between Valle Trucking and Silver Star Construction also provides that Valle Trucking is required to indemnify and hold harmless Silver Star Construction and its successors and assigns, from any claims, actions, liability or suits filed against Silver Star Construction arising from Valle Trucking's operations. *See Exhibit A, Hauling Agreement, Section 6.*

48.    Accordingly, Valle Trucking is obligated to defend, indemnity and hold harmless Silver Star Construction against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, , which Silver Star Construction may suffer or incur, or become liable for, by reason of Plaintiff's Second Amended Petition and/or this lawsuit.

49.    Despite Silver Star Construction's demands for defense and indemnity for the claims set forth in the above-captioned lawsuit pursuant to the Hauling Agreement, Valle Trucking has refused to reimburse Silver Star Construction for any of its indemnified costs or to defend Silver Star Construction going forward in this litigation.

50.     Valle Trucking's refusal to defend and indemnity Silver Star Construction in this lawsuit, pursuant to the terms of the subject Hauling Agreement, is a breach of contract for which Silver Star Construction is entitled to recover from Valle Trucking all of its indemnified costs, including any damages awarded in favor of Plaintiff against Silver Star Construction, and all attorney's fees and defense costs incurred as a result of this lawsuit.

51.     If Valle Trucking failed to name Silver Star Construction as an additional insured under its commercial general liability and/or commercial motor vehicle insurance policies, such failure is breach of the terms of the subject Hauling Agreement between Valle Trucking and Silver Star Construction.  This breach has damaged Silver Star Construction to the extent this coverage is not available to pay for a defense and/or pay any alleged damages awarded to Plaintiff against Silver Star Construction in this lawsuit.

52.     Additionally, Valle Trucking agreed in the Hauling Agreement to do all things necessary, and good faith, to provide services provided under said Agreement, in accordance with all applicable laws, regulations, and other valid authorities. *See Exhibit A, Hauling Agreement, Section 1(B)*.

53.     To the extent Plaintiff is successful in proving that the subject accident and Plaintiff's alleged injuries were the direct and proximate result of Valle Trucking's and/or Valle Trucking's subcontractor's violation of law, any such violation is a breach of terms of the Hauling Agreement with Silver Star Construction.

54.     Valle Trucking is liable to Silver Star Construction for any and all costs and damages caused by its breach of terms of the subject Hauling Agreement.

55.     Silver Star Construction has satisfied all conditions precedent to bringing this cause of action.

## DEMAND FOR RELIEF

56.     Silver Star Construction requests judgment for money damages against Valle Trucking in an amount equal to its fees, costs and expenses incurred in defending against Plaintiff's Second Amended Petition.

57.     Silver Star Construction requests judgment for money damages against Valle Trucking in amount equal to any judgment entered in favor of Plaintiff against Silver Star Construction.

58.     Silver Star Construction requests judgment for money damages against Valle Trucking in an amount equal to its fees, costs and expenses incurred in prosecuting its claims against Valle Trucking.

59.     Silver Star Construction requests all other relief as the Court may deem necessary and proper.

**WHEREFORE**, premises considered, Defendant Silver Star Construction Company, Inc., prays this Court enter judgement in its favor and order Defendant Fredy N. Valle, Sr., d/b/a Valle Trucking, to indemnify and hold harmless Defendant Silver Star Construction Company, Inc., and pay defense costs pursuant to the Hauling Agreement and for such other relief this Court deems just and appropriate under the circumstances.

Respectfully submitted,

J. Chris Horton, OBA#19334
J. CHRIS HORTON, PC
P.O. Box 576
El Reno, OK 73036
Telephone: 405-317-4423
jchrishorton@live.com
*ATTORNEY FOR DEFENDANT SILVER STAR
CONSTRUCTION COMPANY, INC.*

## CERTIFICATE OF MAILING

I hereby certify that on this 15th day of July, 2022, I caused a true and correct copy of the above and foregoing to be mailed, via first class mail, to:

| | |
|---|---|
| Ryan Polchinski, Esq.<br>LAW OFFICES OF DANIEL M. DAVIS<br>300 N. Walnut Avenue<br>Oklahoma City, Oklahoma 73104<br>ryanp@dandavislaw.com<br>*ATTORNEYS FOR PLAINTIFFS* | Rodney D. Stewart, Esq.<br>Brion Brandy Hitt, Esq.<br>STEWART LAW FIRM<br>801 NW 63rd Street, Suite 100<br>Oklahoma City, Oklahoma 73116<br>*ATTORNEYS FOR DEFENDANT ORD TRUCKING, INC.* |
| Mark Alan Warman, Esq.<br>FRANDEN, FARRIS, QUILLIN, GOODNIGHT & ROBERTS<br>Two West Second Street, Suite 900<br>Tulsa, Oklahoma 74103<br>*ATTORNEY FOR DEFENDANT ISRAEL JUAREZ* | Jeffrey A. Curran, Esq.<br>GABLE GOTWALS<br>499 W. Sheridan Avenue, Suite 2200<br>Oklahoma City, Oklahoma 73102<br>*ATTORNEY FOR DEFENDANT FREDY N. VALLE, D/B/A VALLE TRUCKING* |

J. Chris Horton

23

# Exhibit A

## Hauling Agreement

# SILVER STAR CONSTRUCTION COMPANY, INC.

## HAULING SERVICE AGREEMENT

THIS AGREEMENT made as of the _7_ day of _February_ 2019, by and between

(Hauler's name) _Valle Trucking_ at address: _2449 SW 90th St. OKC, OK 73159_

hereafter referred to as "HAULER", and SILVER STAR CONSTRUCTION COMPANY, INC., and all of Silver Star Construction Company's subsidiaries including but not limited to Paving Materials Incorporated, Paving Materials of Southern Oklahoma, R&H Bridge Co. and Accurate Points Surveying, hereinafter referred to as "SILVER STAR". Silver Star's address of record shall be 2401 S. Broadway, Moore, Oklahoma 73160.

WHEREAS, SILVER STAR is engaged in the paving, grading, excavation and heavy construction business, and various operations thereto. Silver Star's operations requires the need for the transportation of various materials or equipment (hereinafter referred to as "materials");

WHEREAS, HAULER is an independent contractor engaged in the business of delivering, transporting and/or hauling various types of freight and materials by motor vehicle on behalf of others, pursuant to agreements or contracts with various third parties;

WHEREAS, HAULER has voluntarily solicited from SILVER STAR the opportunity to deliver, transport and/or haul materials for SILVER STAR as an independent contractor and not as an employee of SILVER STAR.

NOW THEREFORE, in consideration of the mutual covenants contained herein, the parties mutually agree as follows:

I.    TERM OF AGREEMENT AND GENERAL TERMS: This Agreement shall be in full force at any time the HAULER is hauling for, or under the dispatch of SILVER STAR. During that time HAULER agrees to utilize its own equipment and/or vehicles, wholly owned and/or leased by HAULER, as may be necessary to transport, deliver, haul, load, and/or unload such materials as SILVER STAR shall request from time to time.

Due to the nature of the construction industry, SILVER STAR's projects and the nature of the materials to be transported, hauled, and/or delivered, HAULER acknowledges and agrees that TIME IS OF THE ESSENCE in hauling materials pursuant to this agreement, and that HAULER will use equipment of the type commonly used within the industry for transporting, delivering and hauling such materials. HAULER agrees to promptly pick up the materials from the location(s) designated by SILVER STAR and HAULER will choose the route to the destination designated by SILVER STAR. HAULER will make all decisions with regard to the method it transports the materials and SILVER STAR shall have no control over the method of how HAULER conducts its business. HAULER agrees to, and shall bear the full responsibility of

SSCC-000072

observing each and all legal and regulatory requirements in the performance of transporting, delivering and hauling under this Agreement.

Furthermore, HAULER SHALL:

A.    Maintain the exclusive possession, control and use of all of t h e equipment that may be required to fulfill the requirements of this Agreement.

B. Do all other things necessary, and in good faith, to provide the services provided for in this Agreement, in accordance with all applicable laws, regulations, published tariffs, bills of lading, and any other valid authorities.

C.    Fully maintain HAULER'S equipment at HAULER'S own expense, providing all necessary equipment to safely haul SILVER STAR materials such as tarps, aprons, tail gate seals, etc. HAULER shall also provide at his expense repairs, fuel, oil, tires, road use taxes, tolls, fines, moving and weight violations, plates, trip permits and any other levies, expenses or assessments arising from HAULER's operation of equipment;

D.    To the fullest extent allowable by law, hold **SILVER STAR harmless** as to any and all Federal, State and local governmental agencies on account of withholding, employment taxes or any other actions arising from HAULER'S operations;

E.    Maintain a policy or policies of insurance coverage, as set forth more particularly herein, which provide contractual liability coverage and which shall also name SILVER STAR as an additional insured on the policy or policies.

2.    <u>INDEMNITY:</u> To the fullest extent permitted by law, HAULER agrees to hold harmless and unconditionally indemnity SILVER STAR against any and all liability for costs, expenses, claims and damages, including attorney fees and all other costs of defense, which SILVER STAR may at any time suffer or incur, or become liable for, by reason of any accidents, damages or injuries sustained either to persons or property, including but not limited to employees or agents of Silver Star and/or Hauler, and/or any third parties, arising out of the services performed by HAULER pursuant to this Agreement, regardless of whether such injury or damage was caused in whole or in part, to any degree, by HAULER. It is the express intent of the parties to this Agreement that the indemnity obligations described herein are for the benefit o f SILVER STAR unless the injury or damage sustained arose directly from SILVER STAR's negligence. It is also the express intent of the parties to this Agreement that the indemnity obligations hereunder apply to injury and/or damages sustained to any person or property, and that no remedy provided to the HAULER'S employees under any applicable workers' compensation act shall operate to circumvent the obligations as referenced in this Agreement.

3. INSURANCE:

A.    HAULER agrees to purchase and maintain a commercial general

SSCC-000073

liability insurance policy or policies, providing coverage for damage to both property and injury to persons, expressly insuring HAULER'S indemnity obligations above, in an amount not less than One Million Dollars ($1,000,000.00) for each occurrence, and Two Million Dollars ($2,000,000) in the aggregate, and including coverage for losses failing within the "products-completed operations hazard".

B.     HAULER further agrees to purchase an applicable commercial motor vehicle insurance policy, providing coverage for both damage to property and injury to persons, expressly insuring HAULER'S indemnity obligations referenced above, in an amount not less than One Million Dollars ($1,000,000.00) combined single limit.

C.     HAULER agrees to name SILVER STAR as an additional insured under its commercial general liability and automobile policies referenced herein, on a primary and non-contributory basis, without restriction as to fault or liability. HAULER agrees to furnish SILVER STAR with Certificates of Insurance identifying each carrier and policy, evidencing HAULER'S compliance with the obligations as set forth in this Agreement, and which state that the coverage afforded under the policy will not be canceled or terminated until at least thirty days written notice is given to SILVER STAR. HAULER further agrees that the insurance provided to SILVER STAR as set forth in the Agreement shall not operate to preclude, circumvent or nullify any obligation assumed by it in paragraph 2 above, to indemnify SILVER STAR for any loss or damage sustained to any person or property.

D.     HAULER waives all rights against SILVER STAR and its agents, officers, directors and employees for recovery of damages to the extent these damages are covered by commercial general liability, business auto liability or workers compensation insurance maintained by HAULER, as required herein.

4.     <u>REVENUE:</u>   SILVER STAR agrees to pay HAULER an agreed amount per project, per haul. Nothing herein guarantees HAULER a fixed amount of compensation for each project, nor does this Agreement guarantee that HAULER shall continue to contract for its services with SILVER STAR.

5.     <u>WORKERS COMPENSATION:</u> HAULER shall hold SILVER STAR harmless from any liability for Workers Compensation arising from the services provided for herein. HAULER agrees that it and its agents, servants, employees, contractors and subcontractors are **independent contractors and not employees or agents of SILVER STAR.** As such, HAULER, its agents, servants, employees and contractors are not covered by any Workers Compensation insurance of SILVER STAR.

Furthermore, HAULER expressly acknowledges that SILVER STAR has no liability under Worker's Compensation laws to HAULER or to any agent servant, employee, contractor or subcontractor of HAULER. HAULER agrees to provide such Workers Compensation insurance as may be required of HAULER by law and to provide proof of such Workers Compensation Insurance coverage, or a valid Affidavit of Exempt Status under the Workers Compensation Act to

SSCC-000074

SILVER STAR. Should any of HAULER'S agents, servants, employees, contractors or subcontractors bring any claim, action, or suit against SJLVER STAR for injuries received on or in connection with the job set out in the first numbered paragraph of this Agreement, HAULER will defend, indemnity, and hold SILVER STAR harmless from any and all such claims, actions, or suits to the fullest extent allowable by law.

6. <u>OPERATING RESPONSIBILITY:</u> HAULER agrees that upon accepting dispatch from SILVER STAR, it shall promptly report to the designated point for loading of materials to be hauled. Thereafter, HAULER shall be responsible for properly securing any and all materials pertaining to that dispatch, from the time of loading to the completion of unloading, delivery and the acceptance of the materials at the destination. HAULERS agree not to use diesel fuel as a slip agent for transporting asphalt, and are responsible and liable for any shortages to and damage of the materials transported by HAULER. HAULER further agrees that SILVER STAR shall in no way be liable for any damages to the equipment belonging to HAULER unless such damage is caused directly by SILVERSTAR, and SILVER STAR was at fault for such damage.

HAULER further agrees to Indemnity and hold harmless SILVERSTAR and its successors and assigns, from any claims, actions, liability or suits filed against SILVER STAR arising from HAULER'S operations. Such indemnification shall not be limited to the limits of the policy or policies of insurance providing insurance coverage as set forth herein. In the event that my claim is asserted against SILVER STAR, SILVER STAR shall provide H A U L E R with written notice of same. Thereafter HAULER shall, at its own expense, defend, protect and hold harmless SILVER STAR against all such claims.

If HAULER shall fail to duly defend and/or indemnity and hold SILVER STAR harmless, SILVER STAR shall have the full right to defend, pay, or settle said claim(s) on its own behalf without further notice to HAULER. SILVER STAR shall then have full rights of recourse against HAULER for all fees, costs, expenses and payments made or agreed to be paid to discharge said claim(s). Notices to HAULER shall be sent to the address listed herein by HAULER, unless HAULER notifies SI LVERSTAR in writing of a different address for such purpose.

7. <u>EMPLOYMENT BENEFITS:</u> Because HAULER is engaged in HAULER'S own independently established business, HAULER is not eligible for, and shall not participate in, any employee pension, stock bonus, health, or any other fringe benefit plan or plans of SJLVER STAR.

8. <u>AGREEMENT T E R M I N A T I O N /CANCELLATION:</u>   In the event that either party commits a material breach of any term of this Agreement or any act exposing the other party to liability to third parties for personal injury or propeliy damage, the non-breaching party shall have the right to terminate this Agreement immediately and hold the party committing the breach liable for damages recoverable under law. In any event, this Agreement may be cancelled by either party upon written notice to the other party mailed or delivered at least fifteen (15) days prior to the date of cancellation. The parties shall deal with each other in good faith during said fifteen (15) day period, and shall not unduly interfere with the other parties' business.

9. <u>NON-WAIVER:</u> The failure of either party to exercise any of its rights under this

Agreement shall not be deemed a waiver of such rights or a waiver of any subsequent breach.

10. NO AUTHORITY TO BIND SILVER STAR: HAULER has no authority to enter into contracts or agreements on behalf of SILVER STAR. This Agreement does not create a partnership or joint venture between the parties. HAULER understands and agrees that it is not an agent or representative of SILVERSTAR for any purpose whatsoever.

11. DECLARATION BY INDEPENDENT CONTRACTOR: HAULER declares that it in full compliance with all federal, state and local laws and regulations regarding business permits, taxes, certificates, tags and licenses that may be required to carry out the work to be performed under this Agreement.

12. HOW NOTICES SHALL BE GIVEN: Any notice given in connection with this Agreement shall be given in writing and shall be delivered either by hand or by certified mail, return receipt requested, to the party's address stated herein. Any party may change its address stated herein by giving notice of the change in accordance with this paragraph.

13. CHOICE OF LAW: Any dispute under this Agreement or related to this Agreement shall be decided in accordance with the Laws of the State of Oklahoma, in a court of competent jurisdiction.

14. SAFETY ISSUES: HAULER acknowledges that he or she has received a copy of Exhibit "A" to this Agreement, the "Silver Star Construction Company - Safety Issues and Concerns for Independent Hauling Contractors" and acknowledges that he/she has thoroughly read that document and agrees to abide by the issues and concerns set forth therein.

15. SEVERABILITY: If any part of this Agreement shall be held unenforceable, the rest of this Agreement will nevertheless remain in full force and effect.

16. ENTIRE AGREEMENT: This Agreement constitutes the entire Agreement and understanding between the parties and shall not be modified, altered, changed or amended in any respect unless in writing and signed by both parties.

17. OPPORTUNITY TO CONSULT LEGAL COUNSEL: Each party hereto agrees that it has had an opportunity to consult with legal counsel of its own selection prior to entering into this Agreement, and that it has entered into this Agreement as its own free act and deed.

18. ATTORNEY FEES AND COSTS: Each party agrees that if either party attempts the enforcement or interpretation of any provision or issue arising from this agreement, through litigation, mediation or arbitration, the prevailing party to such action is entitled to recover its attorneys fees and costs arising from such action, from the non-prevailing party.

IN WITNESS WHEREOF, both parties hereto intending to be legally bound, have executed this Agreement as of the day and year first above written above.

HAULER:

_Fredy Valle_
Signature

Fredy Valle
Print Name

Valle Trucking
Name of Business

2449 sw 90th st
Address

OKC, OK, 73159
City, State, Zip

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 / 33-1141093
SSN/EIN

405 - 46 - 4019
Cellular Phone 405- 46 -4019

valleang16@yahoo.com
Email address

Type of Business Entity:
☒ Sole Proprietorship  ☐ Partnership  ☐ Corporation

**SILVER STAR CONSTRUCTION COMPANY, INC.:**

*By:* _____
Signature

Print Name: _S. Stidham_____

Title: _(Pres.)_____

2401 South Broadway Street
Moore, Oklahoma 73160

Telephone: (405) 793-1725

SSCC-000077

## SILVER STAR CONSTRUCTION COMPANY, INC.

### SAFETY ISSUES AND CONCERNS FOR INDEPENDENT HAULING CONTRACTORS

*Exhibit "A" to Silver Stars' Independent Hauling Service Agreement*

Silver Star's independent hauling contractors must assist us in providing the safest possible roadway and construction environments possible!

1.      Silver Star will not tolerate speeding, especially in the construction work zones and plant sites. While on Silver Star projects or company property, hard hats must be worn at all times when you are outside your vehicle. While working on night projects, or projects that are constructed under traffic, we also require you to wear a safety vest as well if you leave your vehicle. We also require that drivers wear appropriate clothing for our industry. OSHA requires that workers must wear: long pants, no sleeveless shirts, and appropriate closed toe foot wear.

2.      The flag person, pilot car, and traveling public have the right-of-way when coming to or leaving work zones, plant sites, or our facilities.

3.      To reduce possible backing hazards, Silver Star requires that all motor vehicles that have an obstructed view to the rear be provided with a reverse signal alarm that is audible in the immediate area. Please check your equipment routinely to sure it is working properly.

4.      A Silver Star employee must assist you in backing your truck to delivery areas or to other equipment. If an employee is not available, do not back up to unload until a Silver Star employee advises you that it is safe to do so.

5.      Cell phones are a vital part of everyone's business. However, cell phones are a major source of distraction while driving. For that reason, it is a requirement that you do not attempt to operate a cell phone, including talking on your cell phone or texting, while you are backing, unloading and loading in construction work zones or at plant sites. We also expect and require that you exercise common sense and, as much as possible, refrain from talking on your phone while driving.

6.      At our asphalt plants, quarries, or construction sites, mine trucks, loaders or heavy equipment of any kind have the right-of-way at all times. You need to make contact with the operator so they can see you to prevent any accidents.

7.      Occasionally, but not frequently, a rim or tire can be damaged when the paving machine engages the attaching device on a hauler's truck. If this should happen to you, it is your responsibility to IMMEDIATELY contact the Silver Star Supervisor on the job so a report can be made and an investigation can occur.

If you see that the attaching device has not engaged properly, you should wait to raise your bed to unload, and make sure that the paver operator knows there is a problem

so he can make an adjustment. Silver Star will NOT pay for damage to your truck if it is not reported to the supervisor at the time the incident occurs, or if the damage is not directly caused by Silver Star equipment and/or employees.

Thank you for your cooperation regarding these very important matters and your continued support and assistance in maintaining a safe workplace. We must work together and stay alert at all times. Your safety, wellbeing and life, as well as the safety and lives of others, depend on it!

## CERTIFICATE OF RECEIPT:

I hereby acknowledge that I have received, and carefully read and understand the contents and provisions set forth above:

_____
Signature

Fredy Valle
_____
Print Name

2/7/19
_____
Date of Receipt

SSCC-000079