IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) GREAT LAKES INSURANCE SE,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **(2) FREDY VALLE d/b/a VALLE** ) <br> **TRUCKING;** ) <br> **(3) SILVER STAR CONSTRUCTION** ) <br> **COMPANY, INC.;** ) <br> **(4) TYLON MACKEY;** ) <br> **(5) ISRAEL JUAREZ;** ) <br> **(6) ORD TRUCKING, INC.;** ) <br> **(7) ZURICH AMERICAN INS. CO.** ) <br> ) <br> **Defendants.** ) | Case No. CIV-22-702-JD |

### DEFENDANT TYLON MACKEY'S RESPONSE TO THE SUMMARY JUDGMENT MOTIONS FILED BY THE INSURERS

In this action brought by plaintiff Great Lakes Insurance for a declaration of its obligations under an insurance policy issued to Valle Trucking, Great Lakes has requested that its claims be granted on summary judgment. [Doc. No. 93.] The summary judgment motion filed by Great Lakes should be denied because it has not submitted sufficient evidence to support its claims.

Defendant Zurich American Insurance Company, while acknowledging that it owes a duty to both defend and indemnify defendant Silver Star Construction under the insurance contract between those parties, also seeks summary judgment on its third-party claim against Silver Star's other insurer, Progressive Northern Insurance. [Doc. No. 92.] For its

part, third-party defendant Progressive seeks summary judgment [Doc. No. 94] on Zurich's claims, asserting that its policy does not provide any coverage for defendant Silver Star.

Because of the similarity of the issues raised by the various insurers, defendant Tylon Mackey responds to plaintiff's motion for summary judgment, and includes in this response certain objections to the facts and arguments made by the other insurers. To summarize defendant Mackey's position, to the extent Great Lakes and Progressive rely on ORD and Juarez's status as an independent contractor of Fredy Valle/Valle Trucking, their motions are deficient. Neither insurer presented any evidence on the various non-conclusive factors used to determine whether a relationship is one of an independent contractor or employee/servant. Even though contacts among Silver Star, Valle, and ORD may have referred to the respective relationships as involving that of an independent contractor, that fact is not conclusive and is just one of the many factors courts use to determine the nature of that relationship.

Numerous cases from Oklahoma hold that a significant factor in the determination of independent contractor status is the right to control the work. Both Great Lakes and Progressive have submitted as undisputed fact that ORD's driver, Israel Juarez, was subject to the control of not ORD or of Valle but of Silver Star. In their efforts to characterize ORD and Juarez as independent contractors of Valle, neither insurer attempts to explain how or why Silver Star had the right to control the conduct of ORD's driver when ORD had contracted only with Valle. Silver Star's undisputed right to control Juarez suggests that the three trucking companies were engaged in a joint venture or some other joint enterprise for this project and were not independent contractors as to each other. There is

no other explanation that would give Silver Star the right to control the actions of ORD's driver.  There are obviously  fact issues as to the relationship between and among Silver Star, Valle, and ORD.   These fact issues render summary judgment inappropriate.

**Response to Statement of Undisputed Facts**

For purposes of these motions for summary judgment only, defendant Tylon Mackey responds to the motion for summary judgment filed by plaintiff Great Lakes as follows:

A. Mackey does not dispute plaintiff's identification of the parties as alleged in Section A, paragraphs 1-7 of its motion.  However, none of these facts show that plaintiff is entitled to judgment in its favor.

B. While Mackey does not dispute plaintiff's recitation of the insurance policies involved in this action, as alleged in Section B of its motion, Mackey does object to any reference to only specific parts of a particular policy.  Each policy must be read as a whole, and the terms of each policy speak for themselves.  However, none of these facts show that plaintiff is entitled to judgment in its favor.

C. Mackey does not dispute plaintiff's characterization of the allegations in his state court lawsuit, as alleged in Section C, paragraphs 12-13 of its motion.   However, the terms of Mackey's Second Amended Petition speak for themselves.

Mackey does not dispute the characterizations of the deposition testimony of Israel Juarez, as stated in Section C, paragraphs 14-15 of plaintiff's motion.

Mackey specifically admits the statements Juarez made about him being subject to the control of defendant Silver Star, as alleged in paragraphs 16 and 18 of Section C of

plaintiff's motion. These facts establishing Silver Star's control over ORD/Juarez show that they are not independent contractors and preclude summary judgment in plaintiff's favor.

Mackey does not dispute the statement attributed to Jesus Ordones in Section C, paragraph 17 or the statement as to ownership of the truck involved in the subject accident in the police report, as alleged in paragraph 19 of plaintiff's motion.

Mackey does not dispute the fact that Silver Star has alleged that Juarez was a subcontractor of Valle, as stated in Section C, paragraph 20. However, this is a mere allegation, not evidence. In addition, the allegation is inconsistent with the undisputed fact that Silver Star did in fact exert control over ORD's driver, including on the date of the accident.

Mackey does not dispute the tenders of defense of his lawsuit to Great Lakes by Valle and Silver Star as alleged in Section C, paragraphs 21 and 22. Similarly, Mackey does not dispute the execution of the Hauler Agreement between Valle and Silver Star alleged in paragraph 23. The terms of that agreement speak for themselves and must be read as a whole.

The facts set forth in Section C, paragraphs 12-15, 17, and 19-23 do not establish that plaintiff is entitled to judgment in its favor.

**D.** In Section D, paragraphs 24-30, plaintiff picks and chooses certain provisions of its insurance policy and sometimes offers its own interpretation of those provisions. Mackey disputes these allegations to the extent they are inconsistent with the actual policy language or with a reasonable interpretation of that language. The terms of

4

the policy speak for themselves, and the policy must be read as a whole. The policy provisions referenced in Section D of plaintiff's motion do not establish that it is entitled to judgment in its favor.

**Argument and Authorities**

Both Great Lakes and Progressive primarily rely on their argument that ORD and its driver were independent contractors of Valle Trucking. Each of their motions should fail because neither insurer offered evidence on each of the factors courts consider in making that decision. Moreover, neither insurer attempted to explain how or why Silver Star was undisputedly exercising control over ORD's driver. Silver Star purportedly had no relationship with ORD, only with Vallee. And yet, both Great Lakes and Progressive acknowledge that ORD's driver was subject to the control of Silver Star. The very real inferences that arise from the fact of Silver Star's control over Juarez establish that there was some other form of business relationship such as a joint venture or other joint enterprise that takes the insured parties outside of the "independent contractor" exclusion of the insurance policies. On these facts and the relevant law, the motions for summary judgment if Great Lakes [Doc. No. 93] and Progressive [Doc. No. 94] should be denied.

The Oklahoma Supreme Court recognized the difficulties in determining whether one is an independent contractor a long time ago. See *C & H Transp. Co. v. McLaughlin*, 1967 OK 173, ¶ 16, 434 P.2d 229, 233:

The question of whether one is an independent contractor or employee 'is often very difficult to determine'. [[Citations omitted.]] The line of demarcation between the two is not one easily drawn by the courts. The question must be determined by the factual situation peculiar to each case. [Citing several cases, including *Mistletoe Express Service v. Britt*, 1965 OK 121, 405 P.2d 4.]

*Page v. Hardy,* 1958 OK 283, ¶ 10, 334 P.2d 782, 784-785, sets out 11 factors to be considered in determining whether one is an employee or an independent contractor:

> [A]s a general rule the line of demarcation between an independent contractor and a servant is not clearly drawn, but the question of such relationship must be determined upon the facts peculiar to such case. The various elements to be considered are (a) the nature of the contract between the parties, whether written or oral; (b) the degree of control which, by the agreement, the employer may exercise on the details of the work or the independence enjoyed by the contractor or agent; (c) whether or not the one employed is engaged in a distinct occupation or business and whether he carries on such occupation or business for others; (d) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (e) the skill required in the particular occupation; (f) whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (g) the length of time for which the person is employed; (h) the method of payment, whether by the time or by the job; (i) whether or not the work is a part of the regular business of the employer; (j) whether or not the parties believe they are creating the relationship of master and servant; and (k) the right of either to terminate the relationship without liability.

No one of these factors is controlling, and the relationship must be based on the set of facts peculiar to the case. *Coleman v. J.C. Penney Co.,* 848 P.2d 1158, 1160 (Okla.1993). The issue is to be determined not from the written contract alone but from all the facts and circumstances adduced by the evidence. *Brewer v. Bama Pie, Inc.*, 1964 OK 58, ¶ 7, 390 P.2d 500, 502. And in In *Carbajal v. Precision Builders, Inc.*, 2014 OK 62, ¶ 22, 333 P.3d 258, 264, the court recognized the "modern economic reality that a person may have more than one employer during a period of time, or may be in [an] employer-employee relationship and an independent contractor relationship with someone other than the employer, or that an employer may hire a person *as an employee* for a specific job or a specific time period."

Great Lakes and Progressive have submitted as undisputed that ORD's driver, Israel Juarez, was subject to the control not of ORD or of Valle but of Silver Star. See Great Lakes Motion [Doc. No. 93] at p. 4, paragraphs 16 and 18; Progressive Motion [Doc. No. 94] at p. 4, paragraph 13. So, despite the fact that Silver Star contracted only with Valle and ORD contracted only with Valle, Silver Star was in fact the party in control of ORD's driver, Israel Juarez. No matter how the parties [Silver Star with Valle and Valle with ORD] characterized their respective relationships with each other, Silver Star's control over ORD's driver absolutely refutes any notion that ORD was an independent contractor of Valle.

Neither Great Lakes or Progressive attempt to explain how or why Silver Star had the right to control the conduct of ORD's driver when ORD had contracted only with Valle. Silver Star's undisputed right to control Juarez suggests that the three trucking companies were engaged in a joint venture and were not independent contractors as to each other. There is no other explanation that would give Silver Star the right to control the actions of ORD's driver.

**Zurich's Motion**

As third-party plaintiff, defendant Zurich has filed a motion for summary judgment [Doc. No. 92] regarding its claims against Progressive. Essentially, Zurich asserts that Progressive owes a duty to defend and indemnify Silver Star on a primary basis. To the extent it is not inconsistent with Mackey's position that ORD is not an independent contractor because of Silver Star's control over ORD's driver, Mackey adopts Zurich's arguments regarding Zurich's claims against Progressive.

**Conclusion**

That a written agreement declares the parties to be independent contractors does not make it so. All of the facts and circumstances have to be considered. Where, as here a party like Silver Star exercises control over a party like ORD with whom it has no written agreement, those parties are not independent contractors whose conduct is excluded from insurance coverage. The insurers did not present evidence on all of the factors involved in deciding that a party is an independent contractor, and certainly no evidence or argument to explain Silver Star's exercise of control over ORD's driver. The motions for summary judgment of plaintiff Great Lakes and third-party defendant Progressive should be denied.

    Respectfully submitted,

Andrew E Polchinski, OBA No. 31869
Ryan W Polchinski, OBA No. 33765
Law Offices of Daniel M Davis
300 N Walnut Ave
Oklahoma City, OK 73104
405-235-4000
andrew@dandavislaw.com
ryanp@dandavislaw.com

and

s/James A. Scimeca
James A. Scimeca, OBA No. 10950
BURCH, GEORGE & GERMANY
204 North Robinson Avenue, Suite 1500
Oklahoma City, Oklahoma 73102
Telephone: 405-239-7711
Facsimile: 405-239-7795
jscimeca@burch-george.com

**ATTORNEYS FOR DEFENDANT TYLON MACKEY**

## **CERTIFICATE OF SERVICE**

      I hereby certify on the 12the day of December 2023, the foregoing document was transmitted to the Court Clerk's CM-ECF system for filing and for delivery to all counsel of record.

                                      s/James A. Scimeca_____