Exhibit "2": Valle Trucking's Rsp. to
Mackey's Written Discovery

## IN THE DISTRICT COURT OF PAYNE COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| TYLON MACKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2020-233 |
| | ) |
| ISRAEL JUAREZ, individually, | ) |
| ORD TRUCKING, INC., FREDY N. VALLE, SR., | ) |
| d/b/a VALLE TRUCKING and SILVER STAR | ) |
| CONSTRUCTION COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT FREDY N. VALLE, SR., D/B/A VALLE TRUCKING
### RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUEST

Defendant Fredy N. Valle, Sr., d/b/a Valle Trucking ("Defendant") submits the following

Answers and Responses to Plaintiff Tylon Mackey's ("Plaintiff") Interrogatories, Requests for

Production of Documents and Requests for Admissions.

### GENERAL OBJECTIONS

The following general objections and conditions qualify Defendant's specific answers and

responses to Plaintiff's Discovery Requests below. These general objections are incorporated by

reference into each individual response/answer given below as if fully set forth in each answer:

1.      Defendant objects to any definitions and instructions contained in Plaintiff's

Discovery Requests to the extent those definitions attempt to impose obligations or demands upon

Defendant beyond those required by Oklahoma law and the Oklahoma Discovery Code.

2.      Defendant objects to Plaintiff's Discovery Requests to the extent they call for the

disclosure of information which is protected from discovery and privileged for the reason that it

(a) is subject to the attorney/client privilege; (b) is covered by the work product doctrine; (c) was

generated in anticipation of litigation or for trial or by or for Defendant or his representatives,

1

including its attorneys, consultants, or agents; (d) was prepared for the purposes of settlement negotiations; (e) is protected as a trade secret; (f) is subject to a protective or confidentiality agreement or order; and/or (g) is otherwise privileged, subject to a reasonable interest in privacy, or beyond the scope of permissible discovery under the applicable rules and laws.

3.      By responding to these Discovery Requests, Defendant concedes neither the relevancy nor the admissibility of any information provided. Information provided in response to a specific discovery request is not an admission that such information is probative of any particular issue in this case.

4.      Defendant continues to investigate and research the parties' claims and allegations. Defendant reserves the right to supplement and/or revise these answers and responses as additional information is revealed, analyzed, or made available during discovery in this case.

Subject to these general objections and the specific additional objections made below, Defendant responds to Plaintiff's Discovery Requests as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the name, address, telephone number and relationship to the Defendant of each person who prepared or assisted in the preparation of the responses to these discovery requests.

**ANSWER:**   Fredy Valle, c/o counsel; Jaramit Monge, Assistant to Fredy Valle, c/o counsel; Jeffrey A. Curran, counsel for Defendant.

**INTERROGATORY NO. 2:** For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number;

2

ZAIC_0000374

limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**ANSWER:**   See policy and dec pages provided.

**INTERROGATORY NO. 3:** Please state the name, address, telephone number and provide a brief description of the anticipated testimony for each witness who you intend to call at trial. (NOTE: For the purpose of this Interrogatory, it is not sufficient to merely state you have yet to determine who will be called upon to testify at trial. This Interrogatory is intended to identify all persons with information concerning the incident complained of the petition and who may reasonably be expected to testify).

**ANSWER:**   Defendant does not know which witnesses may be called at this time. Likely Plaintiff, Plaintiff's medical providers, Israel Juarez, investigating officer(s), independent medical witnesses, and those listed by other parties but not objected to by this Defendant.

**INTERROGATORY NO. 4:** For each expert witness whom you have retained or consulted with in regard to the subject incident please state:

a)      The expert's name;

b)      The subject matter on which the expert is expected to testify;

c)      The compensation to be paid to the expert for the testimony and preparation for the testimony; and

**ANSWER:** No experts have been retained at this point.

**INTERROGATORY NO. 5:** In your own words, please provide a brief description of how you believe the Subject Collision occurred.

3

ZAIC_0000375

**ANSWER:** Defendant is personally unaware of how the collision occurred, since this Defendant was not present.

**INTERROGATORY NO. 6:** If you believed the Subject Collision was caused in whole or in part by the Plaintiff or other third parties please provide the reason or reason(s) for such contention.

**ANSWER:** Unknown at this time. See Police Report and deposition of Israel Juarez.

**INTERROGATORY NO. 7:** Identify the following people:

(a)     The Safety Director/Chief Safety Officer for Fredy N. Valle, Sr. d/b/a Valle Trucking on the date of the Subject Collision and now;

(b)     The person(s) primarily responsible for compliance with state and federal safety regulations at Fredy N. Valle, Sr. d/b/a Valle Trucking on the date of the Subject Collision and now.

**ANSWER:** Objection, as this question is overly broad and unduly vague. Without waiver, Valle Trucking is essentially two people – Fredy Valle and Jaramit Monge, both of whom ensure compliance with all applicable regulations. Valle hires drivers with experience, and when a diver begins work with Valle, either Fredy Valle or Jaramit Monge will ride with them the first day. There is no one who is designated as a "Safety Director" or Safety Officer".

**INTERROGATORY NO. 8:** With respect to the trip that Israel Juarez was on at the time of the Subject Collision, provide the following information:

(a)     Explain where and when (date and time) Israel Juarez picked up the load he had at the time of the Subject Collision;

(b)     Identify where (name and address of location) and when (date and time) the load was to be delivered.

4

ZAIC_0000376

**ANSWER:** Unknown. Israel Juarez was believed to be employed by ORD tricking, and was not employed by Valle Trucking.

### INTERROGATORY NO. 9:

(a) Explain the relationship between ORD Trucking Inc. and Fredy N. Valle, Sr. d/b/a Valle Trucking at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(a) Explain how ORD Trucking Inc. was paid by Fredy N. Valle, Sr. d/b/a Valle Trucking on the date of the Subject Collision (by hour, by load, by mile, salary or other);

(b) Identify when ORD Trucking Inc.'s relationship (e.g., leased driver, company driver, etc.) with Fredy N. Valle, Sr. d/b/a Valle Trucking began and ended.

**ANSWER:** As to the project in question, Silver Star Construction contracted with Valle Trucking for five trucks to be present at the job site on the day of the incident. Valle Trucking thereafter contracted with ORD and three other contractors to be present at the site with trucks. When all drivers and trucks arrived at the job site, their tasks were then given to them and directed by a supervisor/foreman from Silver Star. Silver Star paid Valle Trucking for the project, and the Valle paid the other contracting companies according to those contracts.

### INTERROGATORY NO. 10:

(a) Explain the relationship between Fredy N. Valle, Sr. d/b/a Valle Trucking and Silver Star Construction Inc. at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(b) Explain how Fredy N. Valle, Sr. d/b/a Valle Trucking was paid by Silver Star Construction Inc. on the date of the Subject Collision (by hour, by load, by mile, salary or other);

(c) Identify when Fredy N. Valle, Sr. d/b/a Valle Trucking's relationship (e.g.,

5

ZAIC_0000377

leased driver, company driver, etc.) with Silver Star Construction Inc.'s began and ended.

**ANSWER:**    See Answer to Interrogatory 9 above.

**INTERROGATORY NO. 11:** Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case. For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

**ANSWER:**    Unknown.

**INTERROGATORY NO. 12:** Identify all person(s) from who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.

The purpose of this Interrogatory is to identify all witnesses whom Fredy N. Valle, Sr. d/b/a Valle Trucking believes may have relevant testimony of any kind in connection with this case.

**ANSWER:**    See above. This Defendant has no idea who might have personal knowledge other than Mr. Juarez, the Silver Star foreman who assigned the task to Mr. Juarez at the site that day, the investigating officer, and Mr. Mackey.

**INTERROGATORY NO. 13:** Identify the Israel Juarez's supervisor from Fredy N. Valle, Sr. d/b/a Valle Trucking on the date of the Subject Collision.

6

**ANSWER:** Object to the form. This Defendant did not "supervise" or employ Israel Juarez.

**INTERROGATORY NO. 14:** Identify who picked up Israel Juarez to take him to the job site on September 4, 2019 from Fredy N. Valle, Sr. d/b/a Valle Trucking.

**ANSWER:** Object to the form. This question assumes anyone did that, and further assumes Mr. Juarez was an employee of Valle Trucking, which he was not. Without waiver, it is this Defendant's understanding that Mr. Juarez drive his own truck to the job site that day.

**INTERROGATORY NO. 15:** Identify whom from Fredy N. Valle, Sr. d/b/a Valle Trucking was working for or on behalf of Silver Star Construction Inc. on the date of the Subject Collision.

**ANSWER:** Object to the form. Valle Trucking was an independent contractor, and has been requested by Silver Star Construction to have five trucks on the job site that morning, after which each driver would receive his specified task given by a Silver Star foreman. So no one from Valle Trucking was "working for" anyone with Silver Star that day. Without waiver, the Valle Trucking employee who was on the job site that day was Ruben Simental, who was not involved in the subject accident.

**INTERROGATORY NO.16:** Identify what job duties or responsibilities Fredy N. Valle, Sr. d/b/a Valle Trucking was to perform for or behalf of Silver Star Construction Inc. on the date of the Subject Collision.

**ANSWER:** See above Answers, including but not limited to Answer to Interrogatory 9.

7

ZAIC_0000379

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** A copy of each document utilized by you in any way in responding to Plaintiffs First Interrogatories to Fredy N. Valle, Sr. d/b/a Valle Trucking.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 2:** A copy of each document retention policy in effect for Fredy N. Valle, Sr. d/b/a Valle Trucking at any time between the time of the Subject Collision and present.

**RESPONSE:** None known.

**REQUEST FOR PRODUCTION NO. 3:** A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**RESPONSE:** Produced.

**REQUEST FOR PRODUCTION NO. 4:** All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

**RESPONSE:** Produced.

**REQUEST FOR PRODUCTION NO. 5:** All documents setting forth the relationship between Fredy N. Valle, Sr. d/b/a Valle Trucking and ORD Trucking Inc. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, payments and the like.

**RESPONSE:** Will be produced to the extent such can be found.

**REQUEST FOR PRODUCTION NO. 6:** The contents of Israel Juarez' s driver qualification file, driver investigation file, driver history file and all documents that

8

ZAIC_0000380

demonstrate compliance with federal and state driver qualification laws and regulations. If any responsive documents have been removed from the driver qualification file, these should be produced, nonetheless.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

**REQUEST FOR PRODUCTION NO. 7:** All documents of any kind that relate to any preemployment background investigation of Israel Juarez, including without limitation any investigation of Israel Juarez' s qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Fredy N. Valle, Sr. d/b/a Valle Trucking This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

**REQUEST FOR PRODUCTION NO. 8:** All documents that relate in any way to you hiring ORD Trucking Inc. for jobs to be performed in Stillwater Oklahoma on September 4, 2019.

**RESPONSE:** None in possession of Defendant.

**REQUEST FOR PRODUCTION NO. 9:** All documents that relate in any way to any orientation provided by Fredy N. Valle, Sr. d/b/a Valle Trucking to Israel Juarez.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

9

**REQUEST FOR PRODUCTION NO. 10:** All documents that relate in any way to the training Fredy N. Valle, Sr. d/b/a Valle Trucking provided to Israel Juarez, concerning driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques. Please include all documents that identify when, where and who provided the training and all materials used for training.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

**REQUEST FOR PRODUCTION NO. 11:** A copy of the front and back of every driver's license issued to Israel Juarez (regardless of name used) in your possession, custody and/or control.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

**REQUEST FOR PRODUCTION NO. 12:** All documents placing you on notice of any violation by Israel Juarez of any law, ordinance or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

**REQUEST FOR PRODUCTION NO. 13:** All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Israel Juarez in your possession, custody and/or control.

10

ZAIC_0000382

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

**REQUEST FOR PRODUCTION NO. 14:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.    A copy of all documents (as that term is defined above) and items of any kind produced to said expert;

b.    A copy of all documents (as that term is defined above) and items of any kind generated or produced said expert;

c.    A copy of the entire file of said expert;

d.    A current resume or curriculum vitae for said expert; and

e.    All billing records and work logs for said expert.

**RESPONSE:** Defendant has not retained any expert witnesses at this time.

**REQUEST FOR PRODUCTION NO. 15:** All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than Fredy N. Valle. Sr. d/b/a Valle Trucking.

**RESPONSE:** Defendant is not in possession of any responsive documents, other than the investigative report. Defendant did not employ Mr. Juarez, and independently knows nothing about the facts of the accident.

**REQUEST FOR PRODUCTION NO. 16:** A copy of any and all documents relating to any contract and/or agreement between Fredy N. Valle, Sr. d/b/a Valle Trucking and any other person(s) and/or entity relating to Israel Juarez's job duties on September 4, 2019.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

11

**REQUEST FOR PRODUCTION NO. 17**: A copy of any and all documents relating to any contract and/or agreement between Silver Star Construction Inc. and Fredy N. Valle, Sr. d/b/a Valle Trucking or any other person(s) and/or entity that required Israel Juarez to be in Stillwater, Oklahoma for work and/or employment before the Subject Collision on September 4, 2019.

**RESPONSE:** Defendant will produce any responsive material found.

**REQUEST FOR PRODUCTION NO. 18:** A copy of any and all documents relating to any contract and/or agreement between Fredy N. Valle, Sr. d/b/a Valle Trucking and any other person(s) and/or entity relating to jobs and/or work to performed by Fredy N. Valle, Sr. d/b/a Valle Trucking on September 4, 2019 in Stillwater, Oklahoma.

**RESPONSE:** Defendant will produce any responsive material found. Further, Defendant believes that if anyone, Silver Star would have such material related to this project, as Silver Star was the entity that contracted with Valle to have trucks present at the jobsite on the day in question.

**REQUEST FOR PRODUCTION NO. 19:** Copies of all documents putting any third party on notice of a claim arising from the Subject Collision.

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 20:** All documents setting forth the relationship between Fredy N. Valle, Sr. d/b/a Valle Trucking and Israel Juarez. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, payments and the like.

**RESPONSE:** Defendant is not in possession of any such material, as it did not employ Mr. Juarez.

12

ZAIC_0000384

factual admission, Defendant denies it or any of its employees were involved in the collision, and therefore denies the Request. Therefore, it must be denied at this time.

**REQUEST FOR ADMISSION NO. 19:** At the time of the Subject Collision, Fredy N. Valle, Sr. d/b/a Valle Trucking was working under the control and authority of Silver Star Construction Inc.

**RESPONSE:** Object to the form. This Request calls for a legal conclusion, and as such, cannot be admitted or denied.

Respectfully submitted,

Jeffrey A. Curran      OBA #12255
GABLEGOTWALS
499 W. Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
T: 405.235.5500
F: 405.235.2875
Email: jcurran@gablelaw.com
*Attorney for Defendant*
*Fredy N. Valle, Sr., d/b/a Valle Trucking*

## VERIFICATION

I hereby verify that the above Interrogatory Answers are true and correct to the best of my knowledge.

Jaramit Monge

18

ZAIC_0000390

**CERTIFICATE OF MAILING**

I certify that on the 17th day of June, 2022, a copy of the foregoing was transmitted, via U.S. mail, to the following counsel of record:

Ryan Polchinski
Law Offices of Dan Davis
300 Walnut Avenue
Oklahoma City, OK  73104

Mark Warman
Franden, Farris, Quillen, Goodnight and Roberts
Two West 2nd Street, Suite 900
Tulsa, OK 74103

Rodney Stewart
Stewart Law Firm
801 N.W. 63rd Street
OKC, OK  73118

J Chris Horton
J. Chris Horton, P.C.
212 N. Rock Island Avenue
P.O. Box 576
El Reno, Oklahoma 73039

Jeffrey A. Curran

19

ZAIC_000039