Exhibit "4": Mackey's 2d Am. Petition



IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA

IN THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA
FILED

AUG 10 2021

LORI ALLEN, COURT CLERK

BY: _____ DEPUTY

| | | |
|---|---|---|
| Tylon Mackey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CJ-2020-233 |
| | ) | |
| Israel Juarez, individually, | ) | |
| | ) | |
| ORD Trucking, Inc., | ) | |
| | ) | |
| Fredy N Valle Sr. d/b/a Valle Trucking and | ) | |
| | ) | |
| Silver Star Construction Company, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND AMENDED PETITION

**COMES NOW** the Plaintiff, **Tylon Mackey**, and for his cause of action against the Defendants, Israel Juarez, ORD Trucking, Inc., Fredy N Valle Sr. d/b/a Valle Trucking and Silver Star Construction Company, Inc. alleges and states as follows:

1. That Plaintiff, Tylon Mackey (hereinafter "Plaintiff") is a resident of Le Flore County, State of Oklahoma.

2. That Defendant, Israel Juarez (hereinafter "Juarez") is a resident of Oklahoma County, State of Oklahoma.

3. That Defendant, ORD Trucking, Inc., (hereinafter "ORD Trucking") is a domestic for profit corporation doing business in the State of Oklahoma.

4. That Defendant, Fredy N Valle Sr. d/b/a Valle Trucking (hereinafter "Valle Trucking") is a domestic for profit corporation doing business in the State of Oklahoma.

5. That Defendant, Silver Star Construction, Inc. (hereinafter "Silver Star") is a domestic for profit corporation doing business in the State of Oklahoma.

6. That all acts complained herein, giving rise to Plaintiff's cause of action occurred in Payne County, State of Oklahoma. That this Court has jurisdiction of the parties hereto and venue is proper in Payne County.

## OBJECT AND NATURE OF ACTION

7. This is an action by Plaintiff to recover actual and punitive damages for the negligence, gross negligence and reckless disregard for safety of others, including Plaintiff, by all Defendants. Such conduct resulted in Defendants' vehicle striking the Plaintiff. That impact caused severe injuries to Plaintiff at or near the intersection of State Highway 51 and Murphy Street near the City of Stillwater, Payne County, Oklahoma. This violent collision occurred on or about the 4th day of September 2019.

## SAFETY RULES THAT MUST BE FOLLOWED

8. Drivers of motor vehicles must always be aware of what is happening on the roads ahead of them, to protect everyone on and near the road from serious injuries or death.

9. Drivers of motor vehicles must always yield the right away from a stop sign, to protect everyone on and near the roads from serious injuries or death.

10. Drivers must not operate motor vehicles under the influence of alcohol or drugs, to protect everyone on and near the road from serious injuries or death.

11. Drivers must not operate motor vehicles recklessly and carelessly to protect everyone on and near the road from serious injuries or death.

12. Drivers must inspect, maintain, and equip their motor vehicles as required by law, to protect everyone on and near the road from serious injuries or death.

13. Businesses must properly hire, train, and supervise individuals driving their vehicles, to protect everyone on and near the road from serious injuries or death.

14. Businesses must systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control to protect everyone on and near the road from serious injuries or death.

15. Businesses motor vehicles must always be in safe and proper condition at all times, to protect everyone on and near the road from serious injuries or death.

16. Businesses must not entrust their vehicles to negligent, careless, and reckless drivers nor drivers with a history of driving under the influence of drugs and/or alcohol to protect everyone on and near the road from serious injuries or death.

## FACTUAL BACKGROUND

17. Plaintiff hereby repeats and reasserts all of the facts and allegations included within paragraphs 1-16 of this Petition.

18. On or about September 4, 2019, Plaintiff was driving his vehicle eastbound on State Highway 51 near the city of Stillwater.

19. At the same time, Defendant Juarez, who was employed by ORD Trucking, Valle Trucking and Silver Star, was operating a vehicle owned by ORD Trucking, traveling northbound on Murphy Street near the city of Stillwater.

20. Defendant Juarez failed to yield the right of way from a stop sign at the intersection of State Highway 51 / and Murphy St. and violently collided with the vehicle of Plaintiff.

21. Defendant Juarez was driving recklessly and carelessly when he caused this violent collision and severely injured Plaintiff.

22. Defendant Juarez was operating a motor vehicle that was unsafe and improperly inspected, repaired and maintained when he caused this violent collision and severely injured Plaintiff.

23. ORD Trucking, Valle Trucking, and Silver Star knew or should have known the motor vehicle operated by Defendant Juarez was unsafe and improperly inspected, repaired and maintained.

24. ORD Trucking, Valle Trucking, and Silver Star knew or should have known of Defendant Juarez's history of reckless, careless, and intoxicated driving.

25. As a direct result or Defendants' unlawful and malicious conduct, Plaintiff sustained serious and painful injuries. He also incurred significant medical expenses and lost wages.

### FIRST CAUSE OF ACTION: NEGLIGENCE/NEGLIGENCE PER SE

26. Plaintiff hereby incorporates by reference Paragraphs 1-25 of this Petition.

27. Defendant Juarez violated the above-referenced safety rules and was negligent and reckless in his driving on the date in question.

28. Defendant Juarez was also negligent per se given his violation of state and federal statutes, ordinances and regulations.

29. Defendant Juarez's, ORD Trucking's, Valle Trucking's, and Silver Star's negligence and negligence per se were a direct cause of the collision and Plaintiff's resulting injuries and damages.

### SECOND CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT

30. Plaintiff hereby incorporates by reference Paragraphs 1-29 in their entirety.

31. At the time of the collision, the company vehicle being driven by Defendant Juarez was owned by Defendant ORD Trucking.

32. Prior to the collision, Defendant ORD Trucking gave Defendant Juarez permission to drive said company vehicle.

33. At the time of the collision, Defendant Juarez was driving the company vehicle while in the course and scope of his employment with ORD Trucking, Valle Trucking, and Silver Star.

34. Defendant ORD Trucking had the right, ability, and obligation to permit or prohibit the use of the company vehicle driven by Defendant Juarez on public roadways.

35. Defendant ORD Trucking had a duty to ensure the motor vehicle Defendant Juarez was operating was, safe and properly inspected, repaired and maintained before allowing him to drive the company vehicle on public roadways.

36. Defendant ORD Trucking had a duty to ensure that Defendant Juarez was a safe, prudent and sober driver before allowing him to drive the company vehicle on public roadways.

37. Defendant ORD Trucking negligently, carelessly, and recklessly allowed Defendant Juarez to drive the subject vehicle on public roadways in the unlawful and malicious manner referenced above.

38. Defendant ORD Trucking negligently entrusted the company vehicle to Defendant Juarez.

39. Defendant ORD Trucking's negligent entrustment of the company vehicle to Defendant Juarez inflicted serious injuries and damages upon Plaintiff.

## THIRD CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, SCREENING & SUPERVISION

40. Plaintiff hereby incorporates by reference Paragraphs 1-39 in their entirety.

41. Defendants ORD Trucking, Valle Trucking, and Silver Star were negligent in its hiring, training, screening and/or supervision of Defendant Juarez.

42. The actions of Defendants ORD Trucking, Valle Trucking, and Silver Star were willful and wanton, in reckless disregard for the rights of others and/or grossly negligent.

43. That pursuant to the doctrine of Respondeat Superior, ORD Trucking, Valle Trucking, and Silver Star are strictly liable for the negligence of Defendant Juarez.

## **DAMAGES**

44. Plaintiff hereby incorporates by reference Paragraphs 1-43 in their entirety.

45. As a direct and proximate result of the wrongful conduct of all Defendants, Plaintiff sustained serious injuries and damages in excess of $1,000,000.00.

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages for the following:

    a. Temporary and permanent physical injuries;

    b. Past and future medical expenses;

    c. Past and future mental and physical pain and suffering associated with and due to the physical injuries received in the collision;

    d. Permanent and disabling physical injuries and limitations;

    e. Loss of past and future earning capacity; and

    f. Other damages to be set forth after discovery.

47. Because Defendant Juarez, Defendant ORD Trucking, Defendant Valle Trucking and Defendant Silver Star acted with reckless disregard for the rights of Plaintiff and the safety of all Oklahomans, Plaintiff requests that the jury award punitive damages in an amount necessary to punish and deter such Defendants from behaving in the same or similar manner.

48. Accordingly, Plaintiff is entitled to actual and punitive damages for Defendants' negligence and reckless conduct.

**WHEREFORE**, Plaintiff prays for an award of actual and punitive damages in excess of $1,000,000.00 against Defendants, Israel Juarez, ORD Trucking, Valle Trucking, and Silver Star for the acts and omissions referenced above; plus any costs, attorney fees, interest and further relief allowed under governing law.

Respectfully submitted,

*/s/ Ryan Polchinski*

Ryan Polchinski, OBA #31869
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
Telephone:   (405) 235-4000
Fax:             (405) 235-5178
ryanp@dandavislaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**