Exhibit "5": Juarez's Rsp. to Mackey's 2d
Amended Petition





IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA

SEP -7 2021

LORI ALLEN, COURT CLERK

BY:
                                    DEPUTY

TYLON MACKEY,                          )
                                       )
              Plaintiff,               )
                                       )
v.                                     )     Case No.: CJ-2020-233
                                       )
ISRAEL JUAREZ, ORD TRUCKING INC.,      )
FREDY N VALLE SR. d/b/a VALLE          )
TRUCKING, AND SILVER STAR              )
CONSTRCUTION COMPANY, INC.             )
                                       )
                                       )
              Defendants.          .   )

**COMBINED ANSWER OF DEFENDANT ISRAEL JUAREZ**

COMES NOW the Defendant, Israel Juarez, and for his Combined Answer to Plaintiff's Petition, Plaintiff's First Amended Petition, and Plaintiff's Second Amended Petition, would allege and state as follows:

1.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Petitions and therefore denies the same.

2.     This Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Petitions.

3.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraphs 3, 4, 5 and 6 of Plaintiff's Second Amended Petition and therefore denies the same.

4.     Paragraph 7 of Plaintiff's Second Amended Petition contains no allegations against this Defendant and merely asserts and claims certain obligations rules, and/or the existence of certain duties. To the extent this Paragraph requires an answer by this Defendant, it is denied.

1

5.      Paragraphs 8 through 16 of the Plaintiff's Second Amended Petition contain no allegations against this Defendant and merely asserts that certain obligations, rules, and/or duties exist. To the extent these Paragraphs require an answer by this Defendant, they are denied.

6.      This Defendant admits the allegations contained in Paragraph 17 of the Plaintiff's Second Amended Petition.

7.      This Defendant denies the allegations contained in Paragraphs 18 through 30 of the Plaintiff's Second Amended Petition and demands strict proof thereof.

8.      This Defendant admits the allegations contained in Paragraphs 31 and 32 of the Plaintiff's Second Amended Petition.

9.      This Defendant admits in part and denies in part the allegations contained in Paragraph 33 of the Plaintiff's Second Amended Petition. This Defendant admits that he was driving a vehicle in the course and scope of his employment with ORD Trucking but denies the remaining portions of Paragraph 33 of the Plaintiff's Second Amended Petition.

10.     Paragraphs 34 through 39 contain no allegations against this Defendant and therefore no answer is required. To the extent those paragraphs are directed at this Defendant, they are specifically denied and this Defendant demands strict proof thereof.

11.     This Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Second Amended Petition.

12.     Paragraphs 41 through 43 contain no allegations against this Defendant and therefore no answer is necessary. To the extent those paragraphs do contain allegations against this Defendant, they are specifically denied and this Defendant demands strict proof thereof.

13.     This Defendant specifically denies the allegations contained in Paragraphs 44 through 48 of the Plaintiff's Second Amended Petition and demands strict proof thereof.

**ZAIC_0000279**

. 2

## AFFIRMATIVE DEFENSES

1.      Defendant specifically denies that his acts or omissions proximately caused the damages complained of.

2.      Pleading in the alternative, Defendant alleges that Plaintiff was guilty of acts and omissions solely or partly causing the complained of damages.  That said acts or omissions, solely or contributing with acts or omissions of third parties, precludes Plaintiff's recovery herein against this Defendant.

3.      Pleading in the alternative and by way of affirmative defense, the Defendant would allege that punitive damages are not applicable since they violate provisions of the Constitutions of both the United States of America and the State of Oklahoma.

4.      Defendant did not engage in any action or conduct toward Plaintiff which would justify an award of punitive or exemplary damages against Defendant.

5.      Any award of punitive damages against Defendant would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and by the due process and equal protection provisions of the Oklahoma State Constitution, Article 2, Section 7, and would be improper under the common law and public policies of the State of Oklahoma.

6.      Any claim for punitive damages asserted against Defendant is barred by the Due Process, Equal Protection, Double Jeopardy and Excessive Fines Clauses of the United States Constitution, as well as other provisions therein, and the Constitution and laws, including case law, statutes and rules, of Oklahoma.

7.      Medical expenses admissible at trial are limited to paid vs. incurred amounts pursuant to Title 12 O.S. § 3009.1.

3

ZAIC_0000280

8.     Defendant is unable at this time, prior to discovery having been completed, to delineate other possible defenses to Plaintiff's claims other than as contained within this Answer, and therefore, reserves the right to add other defenses which may be discovered prior to pretrial order herein.

## CONCLUSION

WHEREFORE, having fully answered, Israel Juarez respectfully prays that the the Plaintiff takes nothing against him by way of his Second Amended Petition and that this Defendant be granted judgment on all claims together with interest, cost, and attorney fees as allowed by law.

Respectfully submitted,

Mark A. Warman, OBA No. 12920
FRANDEN/PARRIS/QUILLIN
GOODNIGHT + ROBERTS
Two West Second Street, Suite 900
Tulsa, Oklahoma 74103-4514
(918) 583-7129 – telephone
(918) 584-3814 – facsimile

ZAIC_0000281

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was submitted to the following attorney(s) of record on the ___3___ day of __Sept__, 2021 via *USMail* and/or *email*:

Ryan Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104

Mark A. Warman

5

ZAIC_0000282