Exhibit "6": ORD's Rsp. to Mackey's 2d
Amended Petition



**IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA**

TYLON MACKEY,                          )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )    No. CJ-2020-233
                                       )
ISRAEL JUAREZ, and                     )
ORD TRUCKING INC.                      )
                                       )
                                       )
        Defendants.                    )

IN THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA
FILED

SEP -7 2021

LORI ALLEN, COURT CLERK
BY:
                    DEPUTY

### DEFENDANT ORD TRUCKING'S ANSWER
### TO PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW Defendant, ORD Trucking Inc., and for its Answer to Plaintiff's Second
Amended Petition, alleges and states the following:

1.    Defendant is without sufficient information to admit or deny the allegations
      contained in Paragraph 1 of Plaintiff's Second Amended Petition.

2.    Defendant is without sufficient information to admit or deny the allegations
      contained in Paragraph 2 of Plaintiff's Second Amended Petition.

3.    Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Second
      Amended Petition.

4.    Defendant is without sufficient information to admit or deny the allegations
      contained in Paragraph 4 of Plaintiff's Second Amended Petition.

5.    Defendant is without sufficient information to admit or deny the allegations
      contained in Paragraph 5 of Plaintiff's Second Amended Petition.

6.    Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Second
      Amended Petition.

**ZAIC_0000283**

7.    Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Second Amended Petition.

8.    Paragraph 8 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 8 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

9.    Paragraph 9 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 9 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

10.   Paragraph 10 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 10 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

**ZAIC_0000284**

11.   Paragraph 11 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 11 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

12.   Paragraph 12 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 12 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

13.   Paragraph 13 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 13 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

14.   Paragraph 14 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover,

rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 14 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

15. Paragraph 15 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 15 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

16. Paragraph 16 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required. Moreover, rules and duties are established by law not rhetoric in pleadings. To the extent any response is required, Defendant denies Paragraph 16 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such rule.

17. Paragraph 17 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Second Amended Petition.

19. Upon information and belief, this Defendant admits Defendant Juarez was working for it when the accident occurred. Defendant denies the remainder of the allegations contained in Paragraph 19 of Plaintiff's Second Amended Petition.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Second Amended Petition.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Second Amended Petition.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Second Amended Petition.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Second Amended Petition.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Second Amended Petition.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Second Amended Petition.

26. Paragraph 26 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Second Amended Petition.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Second Amended Petition.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Second
**ZAIC_0000287**
Amended Petition.

30.     Paragraph 30 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required.

31.     Upon information and belief, Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Second Amended Petition.

32.     Upon information and belief, Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Second Amended Petition.

33.     Upon information and belief, Defendant admits the allegations contained in Paragraph 33 of Plaintiff's Second Amended Petition.

34.     Defendant denies Paragraph 34 of Plaintiff's Second Amended Petition as stated.

35.     Duties are established by law not pleadings. To the extent any response is required, Defendant denies Paragraph 35 to the extent it does not fully and accurately state duties recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such duty. However, Defendant generally admits it has a duty to reasonably inspect and maintain its truck to keep it safe.

36.     Duties are established by law not pleadings. To the extent any response is required, Defendant denies Paragraph 36 to the extent it does not fully and accurately state a duty recognized by law and further denies any implication contained in said paragraph for which no evidence exists of an alleged failure of such duty. However, Defendant generally admits it has a duty to reasonably employ a safe driver.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Second Amended Petition.

ZAIC_0000288

38.  Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Second Amended Petition.

39.  Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Second Amended Petition.

40.  Paragraph 40 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required.

41.  Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Second Amended Petition.

42.  Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Second Amended Petition.

43.  Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Second Amended Petition.

44.  Paragraph 44 of Plaintiff's Second Amended Petition contains no allegations against this answering Defendant, therefore, no response is required.

45.  Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Second Amended Petition.

46.  Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Second Amended Petition.

47.  Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Second Amended Petition.

48.  Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Second Amended Petition.

## AFFIRMATIVE DEFENSES

1.   That Plaintiff's negligence caused or contributed to the accident.

2.   That said accident was caused or contributed to by the negligence of third persons over whom Defendant had no control.

3.   Plaintiff's claim for exemplary damages is not supported by law or fact and violate the Constitutions of the United States of America and the State of Oklahoma.

4.   Medical expenses admissible at trial are limited to paid amounts. 12 O.S. § 3009.1.

5.   Discovery is still ongoing and Defendant reserves the right to amend this Answer as discovery progresses.

WHEREFORE, having fully answered, Defendant Ord Trucking, Inc., prays that Plaintiff take nothing by way of his Second Amended Petition and that Defendant recover its costs and such other and further relief as the Court deems just and proper.

STEWART LAW FIRM

Rodney D. Stewart, OBA #15105
Brion B. Hitt, OBA #19120
801 NW 63rd Street, Suite 100
Oklahoma City, OK 73116
Telephone: (405) 601-6060
Facsimile: (405) 254-5118
E-Mail: rstewart@rstewartlaw.com
*Attorneys for Defendant*

ZAIC_0000290

## CERTIFICATE OF MAILING

This is to certify that on this 2nd day of September, 2021, a true and correct copy of the above and foregoing was mailed to:

Ryan Polchinski
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Plaintiff*

Mark A. Warman
Two West Second Street, Suite 900
Tulsa, OK 74103
*Attorney for Israel Juarez*

ZAIC_0000291

Rodney D. Stewart