# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GREAT LAKES INSURANCE SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-22-00702-JD |
| vs. | ) Judge Jodi W. Dishman |
| | ) |
| 2. FREDY VALLE d/b/a VALLE TRUCKING; | ) |
| 3. SILVER STAR CONSTRUCTION COMPANY, INC.; | ) |
| 4. TYLON MACKEY; | ) |
| 5. ISRAEL JUAREZ; | ) |
| 6. ORD TRUCKING, INC. | ) |
| 7. ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| | ) |
| 8. ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Defendant/Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 9. PROGRESSIVE NORTHERN INS. CO., | ) |
| | ) |
| Third-Party Defendant. | ) |

**DEFENDANT/THIRD-PARTY PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S REPLY TO PLAINTIFF GREAT LAKES INSURANCE SE'S RESPONSE TO THIRD-PARTY PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

i

Third-Party Plaintiff Zurich American Insurance Company ("**ZAIC**") respectfully submits its

Reply to Plaintiff Great Lakes Insurance, SE's ("**Great Lakes**") Response to ZAIC's Motion for

Summary Judgment ("**MSJ**").

Great Lakes does not object to the relief requested in ZAIC's MSJ, and does not submit any

response to the specific facts alleged as undisputed in ZAIC's MSJ.   Nevertheless, Great Lakes

seeks to reserve the right to later challenge at trial the facts it has chosen not to dispute for purposes

of summary judgment. Plaintiff relies upon *Messler v. Simmons Gun Specialties, Inc.*, 1984 OK

35, 687 P.2d 121, 127-28, and *Barringer v. Baptist Healthcare of Oklahoma*, 2001 OK 29, ¶ 13,

22 P.3d 695, 699.

In *Messler*, the Oklahoma Supreme Court affirmed the trial court's decision not to allow a

party to admit evidence at trial regarding modification of a gun when that same party was silent as

to any dispute of material fact at the summary judgment stage of the case, when the party who

modified the gun was granted summary judgment as to the plaintiff's claims against it.  *See*

*Messler*, 687 P.2d at 124-126. The Court found the doctrine of judicial estoppel to be applicable

in the situation, stating as follows:

> "***Under the doctrine of judicial estoppel a party and his privies who have
> knowingly and deliberately assumed a particular position are estopped from
> assuming an inconsistent position to the prejudice of the adverse party***. This
> rule ordinarily applies to inconsistent positions assumed in the course of the
> same judicial proceedings, or in subsequent proceedings involving identical
> parties and questions. See 31 C.J.S. Estoppel §§ 117, 118 and 119."

*Id*. at 128 (emphasis added) (quoting *In re Johnson*, 518 F.2d 246 (10th Cir. 1975)).  The Supreme

Court found that the trial court was in the better position to determine the prejudice to be suffered

by any party through the introduction of evidence that was contrary to the plaintiff's and gun

1

importer's earlier position  at the summary judgment stage, and thus found that the evidence was

properly excluded.

Similarly, the Oklahoma Supreme Court stated as follows regarding the judicial estoppel

doctrine in the second case cited by Great Lakes, *Barringer*:

> ***Judicial estoppel is an equitable doctrine designed to bar a party who has knowingly and deliberately assumed a particular position from assuming an inconsistent position to the prejudice of the adverse party.*** *Messler v. Simmons Gun Specialties, Inc.,* 1984 OK 35, 687 P.2d 121, 128. The rule applies to inconsistent positions assumed in the course of the same judicial proceeding or in a subsequent proceeding involving identical parties and questions. *Id.* ***It applies to prevent advancement of inconsistent positions only vis-a-vis matters of fact.*** *Parker v. Elam,* 1992 OK 32, 829 P.2d 677, 680. It does not prevent a party from asserting a legal theory contrary to one advanced earlier in litigation.

*See Barringer*, 22 P.3d at 699 (emphasis added).

Here, Great Lakes seeks an advisory, wholesale "pass" to change its factual position as to any

fact alleged by ZAIC in its MSJ, irrespective of its decision not to dispute any such fact at this

stage in the proceedings by providing citation to the page and line of any contrary evidentiary

material.

FED. R. CIV. P. 56 requires a party opposing a motion for summary judgment to provide

evidentiary materials to support its dispute as to any material fact:

> (a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is ***no genuine dispute as to any material fact*** and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
> . . .
> (c) PROCEDURES.
>
> > (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* ***A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence***.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

. . .

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. ***If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by*** <u>***Rule 56(c)***</u>***, the court may:***

(1) give an opportunity to properly support or address the fact;

(2) ***consider the fact undisputed for purposes of the motion***;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

*See* Fed. R. Civ. P. 56 (emphasis added).

ZAIC objects to Great Lakes' attempt essentially to put a placeholder on its position regarding each of the forty (40) paragraphs of ZAIC's Statement of Facts as to Which No Genuine Issue Exists.  *See* Doc. 92, at pages 5-17.[1]  ZAIC respectfully requests that the Court deny Great Lakes'

---

[1] For ease of reference, page number references herein coincide with the Court's page numbers which appear at the top of the referenced filed document.

global request to avoid the application of the doctrine of judicial estoppel as to each and every fact

asserted in ZAIC's MSJ, in the absence of any express factual dispute with reference to supporting

evidentiary materials. In the alternative, ZAIC requests that the Court reserve any determination

as to whether Great Lakes may take a position contrary to any fact asserted by ZAIC in its MSJ

until such time as the Court may review Great Lakes' request in the context of the specific facts at

issue and the potential prejudicial effect upon ZAIC if Great Lakes is permitted to take a contrary

position as to those respective facts.

WHEREFORE, Defendant/Third-Party Plaintiff Zurich American Insurance Company

respectfully requests that the Court enter an Order: (1) granting summary judgment in its favor as

to Progressive's duty to defend and indemnify Silver Star as to the Underlying Suit; (2) denying

Great Lakes' Motion for Summary Judgment; (3) denying Great Lakes' reservation of its position

regarding ZAIC's statements of undisputed material fact set forth in its MSJ, or the alternative,

taking its ruling regarding this issue under advisement until such time as Great Lakes may take a

contrary factual position regarding any facts alleged in ZAIC's MSJ; (4) setting forth the priority

of coverage and proportionate indemnification obligations with regard to the ZAIC, Great Lakes,

and Progressive Policies; and (5) granting any other relief to which ZAIC may be entitled.

Respectfully Submitted,

**ASTON | MATHIS | CAMPBELL PLLC**

By *s/Amy E. Hampton*
    **RACHEL C. MATHIS, OBA #16360**
    **AMY E. HAMPTON, OBA # 20235**
    2642 East 21st Street, Suite 250
    Tulsa, OK  74114
    (918) 949-9966
    FAX: (918) 949-9968
    E-Mail: rmathis@amlawok.com
    ahampton@amlawok.com
    Attorney for Defendant/Third-Party Plaintiff
    Zurich American Insurance Company

## CERTIFICATE OF SERVICE

I, Amy E. Hampton, hereby certify that on this 19th day of December, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system:

Michael S. Linscott
Doerner, Saunders, Daniel & Anderson, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Brian M. Keester
Doerner, Saunders, Daniel & Anderson, L.L.P.
2 West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Emily E. Williams
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
*Attorney for Great Lakes Insurance SE*

5

J. Chris Horton
J. Chris Horton, PC
PO Box 576
El Reno, OK 73036
*Attorney for Silver Star Construction Company, Inc.*

James A. Scimeca
Burch, George & Germany
1500 City Place Bldg.
204 N. Robinson, Ste 1500
Oklahoma City, OK  73102
*Attorney for Tylon Mackey*

Ryan Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

Andrew Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

Bradley E. Bowlby
Starr, Begin & King, PLLC
1800 South Baltimore, Suite 550
Tulsa, OK 74119
*Attorney for Progressive Northern Insurance Company*

Christopher C. King
Starr, Begin & King, PLLC
1800 South Baltimore, Suite 550
Tulsa, OK 74119
*Attorney for Progressive Northern Ins. Co.*

<u>*s/Amy E. Hampton*</u>
**AMY E. HAMPTON**

AEH/aeh