**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. GREAT LAKES INSURANCE SE,<br><br>Plaintiff,<br><br>vs.<br><br>2. FREDY VALLE d/b/a VALLE TRUCKING;<br>3. SILVER STAR CONSTRUCTION COMPANY, INC.;<br>4. TYLON MACKEY;<br>5. ISRAEL JUAREZ;<br>6. ORD TRUCKING, INC.<br>7. ZURICH AMERICAN INS. CO.,<br><br>Defendants,<br>_______________<br><br>8. ZURICH AMERICAN INS. CO.,<br><br>Defendant/Third Party Plaintiff,<br><br>vs.<br><br>9. PROGRESSIVE NORTHERN INS. CO.,<br><br>Third-Party Defendant. | Case No. CIV-22-00702-JD<br>Judge Jodi W. Dishman |

**DEFENDANT/THIRD-PARTY PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S REPLY TO THIRD-PARTY DEFENDANT PROGRESSIVE NORTHERN INSURANCE COMPANY'S RESPONSE TO ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Third-Party Plaintiff Zurich American Insurance Company ("**ZAIC**") respectfully submits its Reply to Third-Party Defendant Progressive Northern Insurance Company's ("**Progressive**") Response to ZAIC's Motion for Summary Judgment ("**MSJ**").

**ZAIC's Reply to Progressive's Response to ZAIC's Statement of Material Facts**

ZAIC references herein only the paragraphs of Progressive's Response which are disputed, and refers to Progressive's Paragraph Numbers for ease of reference.

2. Progressive does not dispute the fact alleged by ZAIC, but attempts to recast ZAIC's fact as discussing vicarious liability of Jesus Juarez and the nature of any allegations against Silver Star Construction Company ("**Silver Star**") for vicarious liability for the negligence of Valle Trucking ("**Valle**"). The language of Tylon Mackey's Second Amended Petition in *Tylon Mackey v. Israel Juarez, ORD Trucking, Inc., Fredy N Valle Sr. d/b/a Valle Trucking, and Silver Star Construction Company, Inc.*, Payne County, Oklahoma District Court Case No. CJ-2020-233 ("**Underlying Suit**") cannot be interpreted so narrowly as Progressive suggests. The Second Amended Petition states, *inter alia*, as follows:

> 7. This is an action by Plaintiff to recover actual and punitive damages for the negligence, gross negligence and reckless disregard for the safety of others, including Plaintiff, by all Defendants. Such conduct resulted in Defendants' vehicle striking the Plaintiff. . . .
>
> . . .
>
> 19. At the same time, Defendant Juarez, who was employed by ORD Trucking, Valle Trucking and Silver Star, was operating a vehicle owned by ORD Trucking, traveling northbound on Murphy Street near the city of Stillwater.
>
> . . .
>
> 23. ORD Trucking, Valle Trucking, and Silver Star knew or should have known the motor vehicle operated by Defendant Juarez was unsafe and improperly inspected, repaired and maintained.
>
> 24. ORD Trucking, Valle Trucking, and Silver Star knew or should have known of Defendant Juarez's history of reckless, careless, and intoxicated driving.
>
> . . .

> 29. Defendant Juarez's, ORD Trucking's, Valle Trucking's, and Silver Star's negligence and negligence per se were a direct cause of the collision and Plaintiff's resulting injuries and damages.
>
> . . .
>
> 31. At the time of the collision, the company vehicle being driven by Defendant Juarez was owned by Defendant ORD Trucking.
>
> . . .
>
> 33. At the time of the collision, Defendant Juarez was driving the company vehicle while in the course and scope of his employment with ORD Trucking, Valle Trucking, and Silver Star.
>
> . . .
>
> 41. Defendants ORD Trucking, Valle Trucking, and Silver Star were negligent in its hiring, training, screening and/or supervision of Defendant Juarez.
>
> . . .
>
> 43. That pursuant to the doctrine of Respondeat Superior, ORD Trucking, Valle Trucking, and Silver Star are strictly liable for the negligence of Defendant Juarez. . . .

*See* Doc. 94-4, at ¶¶ 7, 19, 23-24, 29, 31, 33, 41 and 43. As set forth above, although the Plaintiff appears to jointly assert claims against all Defendants, Mackey's Second Amended Petition recognizes that the vehicle operated by Juarez at the time of the subject accident was owned by ORD Trucking, Inc. ("**ORD**"). This indicates Mackey is unsure about the relationship between Juarez and each of the Defendants (or if any relationship even exists), and his Second Amended Petition is drafted in such a way as to leave the door open as to his claims against the respective Defendants until such time as he could determine who Juarez was actually working for on the date of the accident and what relationship any of the Defendants may have had with Juarez. Mackey thus makes allegations lumping all Defendants in as a group for purposes of notice pleading, with Mackey to determine which claims may stand as to each Defendant as discovery progresses.[1]

---

[1] As stated in *Jackson v. Oklahoma ex rel. Oklahoma State Bd. of Regents, Agr. and Mechanical Colleges*, 2007 WL 4208723 (W.D. Okla. Nov. 26, 2007),

> [Rule 8(a)(2)] provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply give

Indeed, the discovery in this case and in the underlying action demonstrates that Juarez was working directly for ORD, and that ORD was hired by Valle to perform Valle's obligations to Silver Star under the HSA. *See* Doc. 95, ZAIC's Statement of Additional Material Fact Nos. 2, 3, 6, 9, and 10 and evidentiary materials cited therein. Given these facts discovered since Mackey's filing of his Second Amended Petition, it cannot be said that Mackey's Second Amended Petition excludes any theory of vicarious liability whereby Silver Star may be held liable for Valle's alleged negligence in hiring ORD and Juarez to perform Valle's obligations owed to Silver Star pursuant to the HSA.

9. Progressive disputes that Ordones testified Valle "hired" him. Progressive incorrectly states "The term 'hired' is nowhere used in the excerpt cited." *See* Progressive's Response to ZAIC's SOF, at ¶ 9. The portion of the deposition of Jesus Ordones cited by ZAIC and attached as Doc. 92-5 states in part as follows:

> Q. Okay. So tell me about the conversation you had with Fred Valle to even be ***hired*** for this job.
> A. Well, they just call me and want me to work over there and I did. . . .

*See* Doc. 92-5, at 26:12-15 (emphasis added).

11. Progressive disputes that Jesus Ordones testified he did not enter into a contract with ORD as unsupported by evidence, and that the agreement was between Silver Star and Valle. ZAIC's fact references Ordones' deposition transcript at pages 59:33-60:3 and 60:11-18, but those

---

> the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Id.* at *1-*2 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

particular pages were inadvertently omitted from the filed Exhibit (Doc. 92-5). They are attached hereto as **Exhibit 1**. As the page reference was given and Progressive has failed to cite any contrary authority, ZAIC respectfully submits this fact should be deemed admitted.

12. Progressive disputes it was his decision, as owner of ORD Trucking ("**ORD**"), to put Juarez in one of his trucks to provide to Valle. ZAIC's fact references Ordones' deposition transcript at page 60:22-61:1, but those particular pages were inadvertently omitted from the filed Exhibit (Doc. 92-5). They are attached hereto as part of Exhibit 1. As the page reference was given and as Progressive has failed to cite any contrary evidentiary authority, ZAIC respectfully submits this fact should be deemed admitted.

16. Progressive disputes that Juarez testified it was his understanding at the time of the Accident that ORD was working for Valle by asserting Juarez testified he only "thought" ORD was working for Valle. Progressive further states what Juarez thought does not establish any relationship between Valle and ORD. However, the relationship between ORD and Valle is informed by each parties' understanding of the scope of their relationship. Progressive admits several key facts asserted by ZAIC which evidence the relationship: Fact No. 13 (Juarez testified ORD gave him a job); Fact No. 14 (at the time of the Accident, Juarez was operating a truck owned by ORD); Fact No. 15 (Juarez was acting in the course and scope of his employment with ORD at the time of the Accident). As Progressive has failed to cite any contrary evidentiary authority, ZAIC respectfully submits that the fact should be deemed admitted.

17. Progressive disputes Valle testified that any of the trucks providing services for Silver Star through Valle were providing services subject to the Hauling Service Agreement ("**HSA**") between Silver Star and Valle. Progressive states Valle's testimony is unintelligible and he was

speaking through an interpreter. The cited testimony includes a yes or no question: "Did you understand as the owner of Valle Trucking that any of the trucks that were providing services for Silver Star through Valle Trucking were providing services subject to this hauling agreement?", which was answered by Valle with a clear "yes." *See* Doc. 92-3, at 34:16-20. As Progressive has failed to cite any contrary evidentiary authority, ZAIC respectfully submits this fact should be deemed admitted.

20. Progressive disputes that for loads transported by an ORD vehicle and driver, "ORD" appears in the "LEASE" field of the Valle field ticket. *See* Doc. 92-9 at pages 4, 5, and 12. Progressive states "[t]he tickets show inconsistencies and do not necessarily establish that Valle leased the trucks ORD owned," but offers no contrary evidentiary material to support a finding that no lease existed. Progressive merely asserts that Valle testified ORD was "subcontracted" to Valle, citing Valle's deposition testimony. Whether ORD was subcontracted to Valle is not determinative of whether ORD also leased its trucks to Valle when performing work pursuant to the HSA, particularly in light of documentary evidence of a lease, as set forth in the Valle field tickets.

21. Progressive does not dispute that Valle filed a Form E, Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance certifying Progressive's issuance of insurance to Valle but does not respond to the remainder of ZAIC's statement of fact. To the extent Progressive denies that Valle obtained a license as an Oklahoma intrastate motor carrier by making the filing, Progressive has failed to cite any contrary evidentiary authority, ZAIC respectfully submits that the fact should be deemed admitted.

31. Progressive does not dispute that Valle filed a Form E Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance with the Oklahoma Corporation Commission, but fails to respond to the remainder of ZAIC's statement of fact. To the extent Progressive denies that this document certified that Progressive provided Valle with a policy of insurance effective from July 12, 2019 at 12:01 AM standard time, Progressive has failed to cite any contrary evidentiary authority, ZAIC respectfully submits that the fact should be deemed admitted.

**ZAIC's Reply to Progressive's Counterstatement of Material Facts**

As Progressive's Counterstatement of Material Facts is identical to its "Statement of Material Facts" in its Motion for Partial Summary Judgment (Doc. 94), ZAIC refers the Court to the allegations and evidentiary materials set forth in its Response to these facts in its Response to Progressive's MSJ (Doc. 95), at ZAIC's Response to Progressive's Statement of Material Facts, pages 4-13.[2]

**ZAIC's Reply to Progressive's Arguments and Authorities**

The majority of Progressive's Arguments and Authorities are set forth in Progressive's Motion for Partial Summary Judgment (Doc. 94). ZAIC will not herein duplicate its responses to these arguments, as they are set forth fully in ZAIC's Response to Progressive's MSJ (Doc. 95). ZAIC responds to Progressive's limited additional arguments herein, making specific reference to the location in Progressive's brief where the additional arguments appear.

[2] ZAIC's page citation references herein refer to the Court's page numbering at the top of the filed document.

Regarding Progressive's argument that Juarez and Silver Star are not insureds under the Progressive policy, please see ZAIC's Response to Progressive's MSJ (Doc. 95), Section I(B), pages 22-24. At the bottom of page 13 of the Response, Progressive asserts Silver Star does not appear to claim that Mackey's Second Amended Petition alleges that Silver Star is vicariously liable for the negligence of Valle. Progressive seeks to apply an overly-narrow interpretation of Tylon Mackey's Second Amended Petition filed in the Underlying Suit. As set forth in Paragraph 2 of ZAIC's Reply to Progressive's Response to ZAIC's Statement of Material Facts, *supra*, Mackey has alleged multiple claims against Valle, Silver Star, Juarez, and ORD, and in compliance with notice pleading standards, has not attempted to parse his claims amongst the Defendants. There is no evidentiary support for Progressive's assumption that Mackey is not alleging Silver Star is vicariously liable for acts of Valle, as the Second Amended Petition specifically states Silver Star is liable for Juarez's negligence pursuant to the doctrine of respondeat superior. Further, as set forth in Section I(A) of ZAIC's Response to Progressive's MSJ, ORD's truck, which was operated by Juarez, was used in connection with Valle's business. Further, the case Progressive relies upon, *Union Standard Ins. Co. v. Hobbs Rental Corp.,* 566 F.3d 950 (10th Cir. 2009), applies New Mexico law, which is markedly different from Oklahoma law regarding insurance contract interpretation. The parties' rights and obligations herein should be decided under Oklahoma law, not New Mexico law. Mackey has alleged that the acts of Juarez, the driver of ORD's truck, are imputed to Silver Star under the doctrine of respondeat superior. Valle was hired by Silver Star to haul materials. Valle hired ORD to fulfill its obligations to Silver Star. Juarez, ORD's driver, was operating ORD's truck to fulfill Valle's HSA with Silver Star. Valle contracted with ORD to fulfill its contractual hauling obligation to Silver Star. *See* Doc. 95,

ZAIC's Statement of Additional Material Fact Nos. 2, 3, 6, 9, and 10. All these facts demonstrate that pursuant to the relationship between ORD and Valle, which was entered specifically to fulfill Valle's obligations to Silver Star under the HSA, may be interpreted by Mackey to support a claim of vicarious liability against Silver Star for the acts of ORD/Juarez, who were performing a mission for Silver Star pursuant to the HSA at the time of the Accident.

Progressive also argues Juarez and Silver Star are not insureds under its policy because ZAIC's claim of a lease between Valle and ORD for the use of ORD's truck is "wholly unsupported by the record." *See* Response, at 14. To the contrary, Valle's field tickets specifically state the essential terms of a lease, and even refer to the use of the ORD vehicles as a "LEASE." *See* Doc. 92, Section I(B) at 21-25. Progressive asserts a lack of "express testimony" from Valle or Ordones regarding this lease and attacks the "haphazard completion" of the field tickets, but offers no express testimony or other evidence refuting the existence of a lease, and fails to respond to ZAIC's statutory and case law authorities supporting the finding of a lease in such circumstances. ZAIC submits that the facts of this case demonstrate a lease existed between Valle and ORD by which Valle leased ORD vehicles to satisfy its obligations owed to Silver Star pursuant to the HSA.

As to Progressive's argument that the vehicle operated by Juarez at the time of the Accident was not an "insured auto" as defined by the Progressive policy, please see ZAIC's Response to Progressive's MSJ (Doc. 95), Section I(A) at pages 18-25, entitled "The Progressive Policy's non-owned autos endorsement provides coverage to Silver Star"; and Section I(D) at pages 31-32, entitled "Progressive's Form F Endorsement (Form MC1632) provides coverage for any auto used in Valle's business." Valle was duty-bound by law and contract to "maintain the exclusive possession, control and use of all…equipment that may be required" to conduct the transportation,

pursuant to p.2 of the HSA, and its Oklahoma motor carrier permit. See OKLA. STAT. tit.47, §230.29(C)(4). ZAIC submits that the truck operated by Juarez at the time of the Accident was an "insured auto" pursuant to the non-owned autos endorsement for which Valle paid a premium.

On page 21 of its Response, Progressive argues the insured contract provisions of its policy do not apply. In support of its argument, Progressive states in conclusory fashion that "Juarez was not an agent for Valle Trucking," and "[f]urthermore, the vehicle Juarez was operating was not an insured auto, as required by the insuring agreement. Accordingly, the insured contract provisions of the Progressive Policy do not apply." *See* Response, at 21. The Progressive Policy defines an "insured contract" as "[t]hat part of any other contract or agreement pertaining to **your** business . . . under which **you** assume the tort liability that is vicariously imposed on another for **your** negligence or that of **your** employees or agents." *See* Doc. 92-11, at General Definitions, Paragraph 6(e) (emphasis in original). Progressive relies generally upon its Statement of Fact Nos. 7-13 of its MSJ (Doc. 94), the majority of which are refuted by the allegations and evidentiary materials cited by ZAIC in its response (see Doc. 95, at ZAIC's Response to Progressive's Statement of Material Facts, ¶¶ 7-13, pages 4-7). The facts clearly demonstrate that Silver Star is not an employer of Juarez and that Juarez was an agent of Valle, not Silver Star. ORD was hired by Valle to full Valle's obligations to Silver Star pursuant to the HSA (see Doc. 92, ZAIC's Statement of Material Fact Nos. 7, 8, 10, 15, 16), and Juarez was hired by ORD to fulfill those same obligations (see Doc. 92, ZAIC's Statement of Material Fact Nos. 15, 16). The facts position the HSA squarely within Progressive's definition of an "insured contract." The HSA clearly pertains to Valle's business, and in the HSA, Valle assumed the tort liability imposed upon Silver Star for Valle's negligence ***or*** the negligence of Valle's employees or agents (ORD and Juarez).

Nor does the Progressive Policy's Contractual Exclusion defeat coverage for this insured contract, since the HSA was entered well in advance of the Accident. *See* Doc. 92-11, at Exclusions (emphasis in original). Progressive makes no attempt to respond to the case law cited by ZAIC, *Nuvell Nat'l Auto Finance, LLC v. Monroe Guaranty Ins. Co.*, 736 S.E.2d 463 (Ga. Ct. App. 2012), which presents a strikingly similar scenario. ZAIC submits that Progressive has failed to present any genuine issue of material fact regarding the HSA constituting an insured contract under the Progressive policy.

Lastly, Progressive argues the Form F Endorsement in its policy does not require Progressive to defend Silver Star because it does not provide coverage for any auto used in Valle's business. *See* Progressive's Response, at 21. Progressive asserts because Juarez was employed by ORD and the truck involved in the Accident was owned by ORD, Valle had no control over Juarez at the time of the accident. ***Yet Progressive admits Juarez was carrying out a "mission for ORD Trucking***." *See id.*, at 22 (emphasis added). This undisputed fact brings the use of ORD's truck within the scope of being used in connection with Valle's business and also brings the HSA, pursuant to which ORD was performing services for Valle to satisfy Valle's obligations to Silver Star, within the Progressive policy's definition of an insured contract. Again, the subject ORD truck would not have been present at the Accident scene but for the fact that ORD had been hired by Valle to perform Valle's obligations to Silver Star under the HSA.

WHEREFORE, Defendant/Third-Party Plaintiff Zurich American Insurance Company respectfully requests that the Court enter an Order: (1) granting summary judgment in its favor as to Progressive's duty to defend and indemnify Silver Star as to the Underlying Suit; (2) setting forth the priority of coverage and proportionate indemnification obligations with regard to the

ZAIC and Progressive Policies as set forth herein; and (3) granting any other relief to which ZAIC may be entitled.

Respectfully Submitted,

**ASTON | MATHIS | CAMPBELL PLLC**

By *s/Amy E. Hampton*
**RACHEL C. MATHIS, OBA #16360**
**AMY E. HAMPTON, OBA # 20235**
2642 East 21st Street, Suite 250
Tulsa, OK 74114
(918) 949-9966
FAX: (918) 949-9968
E-Mail: rmathis@amlawok.com
ahampton@amlawok.com
Attorney for Defendant/Third-Party Plaintiff
Zurich American Insurance Company

**CERTIFICATE OF SERVICE**

I, Amy E. Hampton, hereby certify that on this 19th day of December, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system:

Michael S. Linscott
Doerner, Saunders, Daniel & Anderson, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Brian M. Keester
Doerner, Saunders, Daniel & Anderson, L.L.P.
2 West Second Street, Suite 700
Tulsa, OK 74103-3117
*Attorney for Great Lakes Insurance SE*

Emily E. Williams
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
*Attorney for Great Lakes Insurance SE*

J. Chris Horton
J. Chris Horton, PC
PO Box 576
El Reno, OK 73036
*Attorney for Silver Star Construction Company, Inc.*

James A. Scimeca
Burch, George & Germany
1500 City Place Bldg.
204 N. Robinson, Ste 1500
Oklahoma City, OK 73102
*Attorney for Tylon Mackey*

Ryan Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

Andrew Polchinski
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
*Attorney for Tylon Mackey*

Bradley E. Bowlby
Starr, Begin & King, PLLC
1800 South Baltimore, Suite 550
Tulsa, OK 74119
*Attorney for Progressive Northern Insurance Company*

Christopher C. King
Starr, Begin & King, PLLC
1800 South Baltimore, Suite 550
Tulsa, OK 74119
*Attorney for Progressive Northern Ins. Co.*

*s/Amy E. Hampton*
**AMY E. HAMPTON**

AEH/aeh