# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GREAT LAKES INSURANCES SE )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>2. FREDY VALLE d/b/a VALLE )<br>   TRUCKING, )<br>3. SILVER STAR CONSTRUCTION )<br>   COMPANY, INC., )<br>4. TYLON MACKEY, )<br>5. ISRAEL JUAREZ, )<br>6. ORD TRUCKING, INC., and )<br>7. ZURICH AMERICAM INS. CO., )<br>  )<br>  Defendants. )<br>------------------------------------------------ )<br>8. ZURICH AMERICAN INS. CO. )<br>  )<br>  Third-Party Plaintiff )<br>  )<br>9. BERKSHIRE HATHAWAY )<br>   HOMESTATE INS. CO., and )<br>10. PROGRESSIVE NORTHERN )<br>    INS. CO. )<br>  )<br>  Third-Party Defendants. ) | Case No: 5:22-cv-00702-JD |

**THIRD-PARTY DEFENDANT PROGRESSIVE NORTHERN INS. CO'S REPLY TO THIRD-PARTY PLAINTIFF ZURICH AMERICAN INS. CO.'S RESPONSE TO PROGRESSIVE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Third-Party Defendant Progressive Northern Insurance Company ("Progressive") by and through its attorneys of record of the law firm of Starr, Begin & King, PLLC, Tulsa, Oklahoma, and hereby replies to Third-Party Plaintiff Zurich American Ins. Co.'s response (Dkt. #95) to Progressive's motion for an order of summary judgment in its favor (Dkt. #92). In support, Progressive would state and aver as follows:

**REPLY TO ZURICH'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

1. The Hauling Service Agreement is self-explanatory. *See* Dkt. #94-1.

2. Disputed that Mr. Ordones testified that Valle Trucking "hired" him. The term "hired" is nowhere used in the excerpt cited. Disputed as to whether said testimony establishes that either Juarez or Silver Star were "insured" under the Progressive Policy. *See* Dkt #94, Prog. SOMF 7-13.

3. Undisputed that Mr. Ordones testified as such. Disputed as to whether said testimony establishes that either Juarez or Silver Star were "insured" under the Progressive Policy. *See* Dkt #94, Prog. SOMF 7-13.

4. Disputed as unsupported by evidence. Zurich's exhibit 5 does not appear to contain the pages referenced in support of the MSJ.

5. Disputed as unsupported by evidence. Zurich's exhibit 5 does not appear to contain the pages referenced in support of the MSJ. Undisputed that ORD admitted that Juarez was acting in the course and scope of his employment with ORD.

6. Undisputed.

7. Undisputed.

2

8. Undisputed.

9. Juarez testified he "thought" that ORD was working for Fredy Valle Trucking at the time of the accident. What Juarez thought does not establish any relationship between Valle Trucking and ORD as undisputed fact.

10. Disputed. Valle's response to the deposition question is unintelligible. He was also speaking through an interpreter.

11. Undisputed.

12. Disputed that Valle testified that drivers were to document "important load details". The tickets speak for themselves as to the fields set forth thereon.

13. Disputed. The tickets show inconsistencies and do not necessarily establish that Valle leased the trucks ORD owned. Valle testified that ORD was "subcontracted" to Valle, not that Valle was leasing the trucks. *See* Dkt. #92-3, 33:25 – 34:4.

14. Undisputed that the document cited was filed with Transportation Division of the Oklahoma Corporation Commission on July 20, 2007.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed that the document cited was filed with Transportation Division of the Oklahoma Corporation Commission on December 5, 2019.

21. Undisputed.

## ARGUMENT AND AUTHORITY

I. PROGRESSIVE'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED

Zurich argues that Progressive has a duty to defend and indemnify Silver Star as to the underlying lawsuit. Progressive herein adopts and incorporates its response (Dkt. #100) to Zurich's motion for summary judgment in response to Zurich's argument that Silver Star and Juarez are insureds under the Progressive Policy and that Valle leased the Vehicle Juarez was driving at the time of the collision from ORD.

Zurich argues that the Progressive policy's non-owned auto endorsement ("Endorsement") provides coverage to Silver Star, and that the Court should not follow the 10th Circuit's analysis in *Union Standard Ins. Co. v. Hobbs Rental Corp.*., 566 F.3d 950 (10th Cir., 2009). Zurich urges the Court to follow the federal court decisions in *RPM Freight Systems, LLC v. Wesco Insurance Company*, 656 F. Supp.3d 721 (E.D. Mich. 2023) and *Brazan v. Washington*, 194 So.3d 1274 (La. Ct. App. 2016).

The *Union* Court noted that the Endorsement itself "supplies the most obvious example of coverage in its second sentence: privately-owned vehicles driven by [named insured's] employees (or members of their household) in the course of [named insured-related] business or [named insured-related] personal affairs." *Id*. at 953. The Court explained that:

> "This second sentence indicates that the provision is intended to cover a more narrow and foreseeable set of circumstances involving HRC employees or

4

members of their household.  For example, an employee or family member's vehicle driven to a parts store on company business, or used to haul equipment for HRC, would be covered.  Viewing the "in connection with" language in the context of the entire provision thus suggests that <u>instead of covering all autos somehow related to HRC's business, the policy is intended to apply to HRC-affiliated persons operating privately-owned vehicles while performing company-related work</u>."

*Id*. (underscore added).

A number of courts have cited *Union Standard* with approval, and so should this Court.  In each case, the vehicle was privately-owned or rented by an employee.  In *United Financial Cas. Co. v. Smith*, 2017 WL 1330559, at *2 (N.D. Cal. Apr. 11, 2017), Brenton Smith drove some friends home from a beach party in his personal vehicle.  The Court held that although Smith's car was occasionally used in his father's business, there was no coverage under the endorsement because Smith was engaged solely in a personal social outing.  *See also Alaska National Ins. Co. v. Bryan*, 125 Wash. App. 24, 31–33, 104 P.3d 1 (2004)(finding that an employee's use of his motorcycle to drive a friend to the employer's facility after a night of drinking was not within his employer's business or personal affairs even though the employee-driver was a 24-hour on-call employee and his employer paid to have the motorcycle relocated with him to the remote job site); *Lawrence v. Ace Am. Ins. Co.*, 391 F.Supp.3d 1077 (M.D. Fla. 2019) ("The relevant Non-Owned Autos provision in the instant case is almost identical to the provision in Hobbs Rental. Thus, it is not enough that Wintersteen's rental of the car was connected to Jacob's business; instead, at the time of the accident, Wintersteen had to be using the rental car while performing company-related work. Lawrence has failed to point to any evidence that at the time of the accident,

Wintersteen was using the rental car while performing company-related work.")

Here, it is undisputed that the vehicle Juarez was operating was not his personal vehicle. Per *Union* and its progeny, the Endorsement does not provide coverage to Defendant Silver Star.

**WHEREFORE**, premises considered, Third-Party Defendant Progressive Northern Insurance Company respectfully requests an order of partial summary judgment in its favor, and against Zurich American Insurance Company, as to Zurich's third-party claim against Progressive, with such other and further relief the Court deems just and equitable.

Respectfully submitted,

**STARR, BEGIN, & KING, PLLC**

s/Bradley E. Bowlby_____
Bradley E. Bowlby, OBA #22847
1800 S. Baltimore Ave., Ste 550
Tulsa, OK 74119
Tele:  (918) 872-0374
Fax:   (918) 592-0381
Email: brad.bowlby@tulsalawyer.org
***Attorney for Def. Progressive Northern Ins. Co.***

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                                                s/Bradley E. Bowlby_____